1  Thomas W. Stilley, OSB No. 88316
   Howard M. Levine, OSB No. 80073
2  Susan S. Ford, OSB No. 84220
   SUSSMAN SHANK LLP
3  1000 SW Broadway, Suite 1400
   Portland, OR  97205-3089
4  Telephone: (503) 227-1111
   Facsimile: (503) 248-0130
5  E-Mail: tom@sussmanshank.com
           howard@sussmanshank.com
6          susan@sussmanshank.com

7  Attorneys for Debtor and Debtor-In-Possession

8

9

10            IN THE UNITED STATES BANKRUPTCY COURT

11                      DISTRICT OF OREGON

12                                )
   In re:                         )   Case No.  09-30938-elp11
13                                )
   Society Of Jesus, Oregon Province, an   )   DEBTOR'S MOTION FOR AN ORDER
14  Oregon domestic nonprofit religious     )   (1) SETTING A CLAIMS BAR DATE FOR
   corporation,                   )   FILING PROOFS OF CLAIM, AND
15                                )   (2) APPROVING PROOF OF CLAIM
                  Debtor.         )   FORMS, BAR DATE NOTICES, ACTUAL
16                                )   NOTICE PROCEDURE, AND MEDIA
   _____)   NOTICE PROGRAM
17
          Society of Jesus, Oregon Province ("Debtor"), moves pursuant to FRBP 3003
18
   (c)(3), for an order (1) fixing a bar date for filing proofs of claim for all claims against the
19
   estate, including, without limitation, claims arising in tort for child abuse and sexual
20
   misconduct, and (2) approving a non-tort proof of claim form, a tort proof of claim form,
21
   bar date notices, actual notice procedures, and media notice program (the "*Motion*").
22
   This Motion is supported by the Declaration of Fr. Michael Tyrrell (the "*Tyrrell*
23
   *Declaration*") filed herewith.
24

25
   **Page 1 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
26  BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
   CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
   MEDIA NOTICE PROGRAM

1    I.    **Jurisdiction**

2         1.    This Court has jurisdiction to consider this matter pursuant to 28 USC

3    §§ 157 and 1334.  This is a core proceeding pursuant to 28 USC § 157(b).  Venue is

4    proper before this Court pursuant to 28 USC §§ 1408 and 1409.

5    II.    **Overview**

6         2.    On February 17, 2009 (the "Petition Date"), there were approximately 153

7    tort claims pending against the Debtor which were in various stages of litigation and

8    discovery.  The Debtor has been advised by a number of attorneys that they have

9    additional clients with claims that have not been asserted.  The Debtor also believes

10   there may be other claims that are beyond the knowledge of anyone currently involved

11   in this Chapter 11 proceeding.  Tyrrell Declaration, ¶ 2.

12        3.    Because the issue of the Debtor's liability for tort claims dominates this

13   Chapter 11 case, it is critical to define the scope and extent of such liability as the

14   predicate for the formulation and negotiation of a plan of reorganization.  For this

15   reason, the Debtor now seeks to begin the process of defining the scope of its liability

16   for such claims.  The logical first step in that process is to set a bar date for claims and

17   obtain through a special proof of claim form the information needed to begin to

18   undertake the legal and factual analysis of such potential liability.

19        4.    To understand some of the key issues that the Debtor expects to arise in

20   the course of such analysis, the Debtor briefly describes, in Section III of this Motion,

21   the history of its involvement with the prepetition litigation involving the tort claims.

22        5.    In Section IV of this Motion, the Debtor requests that the Court set a

23   deadline for all holders of all claims to file such claims against the Debtor, including,

24   without limitation, claims for child abuse and sexual misconduct.  This recognizes the

25

26   **Page 2 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
     BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
     CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MEDIA NOTICE PROGRAM

1   broad definition of "claim" under § 101(5) of the Bankruptcy Code.   Additionally, the

2   Debtor requests that the Court establish October 15, 2009 as the claims bar date, a

3   date that is at least 90 days after notice of the bar date is mailed to known claimants

4   and the first nationwide media publication of the notice of such bar date has occurred.

5   The Debtor believes this time frame will allow more than adequate time for potential

6   claimants and their attorneys to be notified of such deadline and then to complete and

7   return their claim forms.

8           6.      Section V of this Motion addresses the proposed proof of claim forms that

9   the Debtor is requesting the Court require be used by holders of claims.   It discusses

10  the development of the proposed forms by the Debtor, the Official Committee of

11  Unsecured Creditors (the "Committee"), and their professionals and the purpose for

12  requesting claimants to supply various items of information.

13          7.      In Sections VI and VII of this Motion, the Debtor discusses the extensive

14  mailing and publication procedures the Debtor proposes to use to provide notice of the

15  claims bar date to actual and potential claimants.   As more fully described in

16  Section VII, because the Debtor does not have, and does not have access to, the

17  addresses of the claimants in certain pending litigation matters and concerning yet to be

18  filed claims, the Debtor has developed a process to provide actual notice to the

19  attorneys for such claimants, with safeguards built in to send information about the

20  claims bar date to the claimants if such attorneys request or if they advise the Debtor

21  that they do not, or no longer, represent such claimants.   The Debtor has developed a

22  media notice program to provide notice of the claims bar date to unknown, potential

23  claimants.

24

25

26  **Page 3 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
MEDIA NOTICE PROGRAM

1    8.    As more fully discussed in the following sections of this Motion, the Debtor

2    believes that it has developed a fair and reasonable process that will enable it to obtain

3    the information necessary to determine in a rational fashion the real scope of its liability

4    for the tort claims.    Indeed, the Debtor has taken appropriate steps to develop a

5    balanced process that recognizes the critical nature of the information requested to

6    permit the orderly administration of the Chapter 11 case and, at the same time, does not

7    impose any undue or unreasonable burden upon the holders of tort claims or their

8    attorneys.

9    III.    **History of Prepetition Litigation**

10    9.    Since June 2000, the Debtor has been involved in litigation and claims

11    brought by more than 394 persons alleging sexual abuse, said to have occurred

12    primarily between 1950 and 1980, by clergy and others for which the Debtor was

13    claimed to have some responsibility.  Since June 2000, total payments made directly by

14    the Debtor to claimants and their attorneys on account of these claims have totaled

15    approximately $28.4 million, and payments by the Debtor's insurers have totaled more

16    than $50 million.  In late 2007, the Debtor settled 113 claims for damages arising from

17    sexual abuse alleged to have occurred in Alaska, with the Debtor paying $5 million and

18    its insurers $45 million to settle those claims.  Tyrrell Declaration, ¶ 1.

19    10.    One of the principal reasons for seeking relief under Chapter 11 was to

20    enable the Debtor to use the Chapter 11 process to address in a comprehensive

21    manner, and in one forum, all tort claims asserted against it, determine the extent of the

22    Debtor's liability with respect thereto, and address such claims, and all other claims

23    against the Debtor, in a fair and equitable manner.  Tyrrell Declaration, ¶ 3. The Debtor

24    now seeks to begin this process by (i) establishing a deadline for holders of  claims to

25

26    **Page 4 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
MEDIA NOTICE PROGRAM

1  file proof of such claims against the Debtor, (ii) setting forth the information required to

2  be furnished by such claimants, and (iii) implementing a comprehensive notification

3  program designed to ensure that notice of such deadline reaches the appropriate

4  persons.

5  **IV.    The Bar Date**

6       11.    On February 17, 2009, the Debtor filed with the Court its Schedules of

7  Assets and Liabilities and Statement of Financial Affairs, (collectively, together with any

8  amendments thereto, the "***Schedules***").

9       12.    Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure

10 ("***Bankruptcy Rules***") provides that the Court shall fix the time within which proofs of

11 claim must be filed in a Chapter 11 case pursuant to § 501 of the Bankruptcy Code.

12 Moreover, Bankruptcy Rule 3003(c)(2) provides that a creditor whose claim is not

13 scheduled or whose claim is scheduled as disputed, contingent, or unliquidated must

14 file a proof of claim.  Except for those claims that were settled prior to the Petition Date,

15 the Debtor has scheduled all known tort claims as disputed, contingent, and

16 unliquidated.

17      13.    By this Motion, the Debtor requests, *inter alia*, that the Court establish

18 October 15, 2009, at 5:00 p.m., Prevailing Pacific Time, as the last date and time by

19 which proofs of claim must be filed by the holders thereof (the "***Claims Bar Date***").

20      14.    Setting the proposed Claims Bar Date will enable the Debtor to begin to

21 analyze its liability with respect to the claims in an appropriate, timely, and efficient

22 manner.  Based upon the procedures set forth below, the proposed Claims Bar Date will

23 give all holders of claims ample opportunity to file proofs of claim, and no one will be

24 prejudiced by the setting of such date.

25

26  **Page 5 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
    BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
    CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
    MEDIA NOTICE PROGRAM

1    15.    Pursuant to the proposed order annexed hereto as Exhibit 1 (the "***Claims***

2    ***Bar Date Order***"), the Debtor requests that each holder of a claim be required to file its

3    claim by delivering in person, by courier service, by overnight delivery (e.g. FedEx), by

4    facsimile, or by first-class mail, a written proof of claim with an original signature which

5    shall be in the form of either the Non-Tort Proof of Claim Form or the Tort Proof of Claim

6    Form (as such terms are defined below) so as to be received on or before the Claims

7    Bar Date by BMC Group, Inc. (the "***Claims Agent***").

8    16.    Pursuant to the proposed Claims Bar Date Order, *only* those persons

9    (a) whose claims have been paid in full, or (b) who qualify as a Future Claimant (as

10    defined below), are not required to file a proof of claim on or before the Claims Bar

11    Date.  Any person who settled a claim against the Debtor before the Petition Date, but

12    has not been paid or fully paid on account of such claim, must still file a proof of claim

13    on or before the Claims Bar Date on account of his or her claim.

14    17.    The Debtor anticipates that the Court will enter an order in this case

15    appointing a Future Claimants Representative (the "FCR") as the legal representative

16    for those persons holding claims against the Debtor based on sexual, mental, or

17    physical abuse or misconduct, who meet one or more of the following criteria, and who

18    will neither timely file, nor be deemed to have timely filed (e.g., due to excusable

19    neglect), a proof of claim on or before the Claims Bar Date:

20              a.  Persons who are under 18 years of age as of the 30th day immediately

21                  preceding the Claims Bar Date; and,

22              b.  Persons for whom the applicable state law statute of limitations, as it

23                  existed on the Petition Date, has not expired as of the 30th day

24                  immediately preceding the Claims Bar Date, as determined under

25

26    **Page 6 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
      BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
      CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
      MEDIA NOTICE PROGRAM

1    applicable state or federal law, but without regard to federal bankruptcy

2    law.

3    All such persons meeting these criteria are referred to herein as the "Future Claimants".

4    It is further anticipated that the Court will require the FCR to file a proof of claim on

5    behalf of all Future Claimants on or before the Claims Bar Date.  Such a filing by the

6    FCR, should not, however, relieve any person (except a minor) who knows they have a

7    claim from the obligation to file his or her own proof of claim by the Claims Bar Date,

8    whether or not the applicable state law statute of limitations regarding such claim has

9    expired.

10    18.    It is well settled that a claims bar date is an essential component of the

11    "fresh start" policy underlying Chapter 11 reorganization cases.  The establishment of a

12    claims bar date is necessary to provide some degree of finality in a Chapter 11 case,

13    which, in turn, facilitates the administration of the Chapter 11 case for the benefit of the

14    court and all interested parties.  *See Mercado-Boneta v. Administration Del Fondo De*

15    *Compensacion Al Paciente*, 125 F3d 9, 17 (1st Cir 1997) ("The purpose behind the

16    claims bar date in bankruptcy … is to provide the debtor and its creditors with finality

17    and to insure the swift distribution of the liquidated estate."); *In re Manville Forest Prods.*

18    *Corp.*, 89 BR 358, 374 (Bankr SDNY 1988).  Moreover, the establishment of a claims

19    bar date is essential in order to understand the nature, scope and magnitude of

20    liabilities that must be addressed in a Chapter 11 plan.  *See In re Arrow Air, Inc.*, 75 BR

21    375, 378 (Bankr SD Fla 1987) ("an essential purpose of setting a claims deadline, in this

22    and in other reorganization cases, is to fully inform participants in the reorganization

23    process as to the debtor's liabilities.  Armed with this knowledge, proposals may be

24

25

26    **Page 7 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
      BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
      CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
      MEDIA NOTICE PROGRAM

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1    evaluated with confidence and negotiations may proceed without being hindered by

2    undue caution or skepticism caused by ignorance.").

3       19.    The courts have recognized the necessity for a claims bar date in cases

4    involving clergy sex abuse claims. *See In re Roman Catholic Archbishop of Portland in*

5    *Oregon,* Case No. 04-37154-elp11 (Bankr D Or 2004)*; The Roman Catholic Church of*

6    *the Diocese of Tucson,* Case No. 4-04-bk-04721-JMM (Bankr D Az 2004)*; In re Catholic*

7    *Bishop of Spokane,* Case No. 04-08822-PCW-11 (Bankr ED Wash 2004)*; In re Roman*

8    *Catholic Diocese of Davenport,* Case No. 06-02229 (Bankr D Ia 2006)*; In re The Roman*

9    *Catholic Bishop of San Diego,* Case No. 07-00939-LA11 (Bankr SD Ca 2007)*; and In re*

10    *Catholic Bishop of Northern Alaska,* Case No.08-00110-DMD (Bankr D Ak 2008).

11    Consistent with all prior clergy sex abuse Chapter 11 cases, establishment of a claims

12    bar date in this case will facilitate the administration of this case and allow the parties to

13    move forward with negotiations toward the formulation of a consensual plan of

14    reorganization.

15    **V.**    **Proof of Claim Forms**

16       20.    The Debtor has prepared proposed non-tort and tort proof of claim forms

17    that will elicit specific information needed to begin the analysis of the Debtor's potential

18    liability for the claims, and ultimately to resolve issues in this case that are key to the

19    reorganization plan process and the Debtor's successful emergence from Chapter 11.

20    A copy of the proposed non-tort proof of claim form is annexed hereto as Exhibit 2 (the

21    "**Non-Tort Proof of Claim Form")**. A copy of the proposed Tort Proof of Claim Form is

22    annexed hereto as Exhibit 3 (the "***Tort Proof of Claim Form***").

23       22.    The Non-Tort Proof of Claim form is the Official Proof of Claim Form 10

24    that is generally used in all Chapter 11 cases. Accordingly, the Debtor respectfully

25

26    **Page 8 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
      BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
      CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
      MEDIA NOTICE PROGRAM

1  requests that the Court approve the Non-Tort Proof of Claim form for the filing of all non-

2  tort claims.

3       23.    The Tort Proof of Claim form is patterned after the tort proof of claim form

4  approved in the *Catholic Bishop of Northern Alaska* Chapter 11 case and is designed to

5  solicit key information necessary to appropriately address certain critical issues

6  pertinent to a determination of the Debtor's liability on account of the tort claims. The

7  Tort Proof of Claim Form requests the following types of basic information: (i) identifying

8  information to enable the Debtor and others to locate the claimant,[1] (ii) information

9  about the persons involved, the timing, and the nature of the activities for which the

10  claimant is asserting a claim, (iii) information about the claimant's alleged injuries and

11  when the claimant first realized that he or she had sustained an injury, (iv) information

12  about the extent of the alleged damages sustained, or losses or injuries suffered, by the

13  claimant, and (v) information about professionals and others the claimant consulted with

14  about the alleged injury and the claim.

15       24.    The Debtor requests that the Court approve the proposed Non-Tort Proof

16  of Claim Form and Tort Proof of Claim Form and direct that they be utilized in

17  connection with the filing of claims. The Debtor further requests that the Court order as

18  follows:

19  • The failure of any holder of a tort claim to use the Tort Proof of Claim Form
20    shall result in the claim of such claimant being deemed invalid as improperly
      filed and of no force and effect, pursuant to Bankruptcy Rule 3003(c), subject
21    to the opportunity for the claimant to cure the defect as provided below.

22  • If any claim that is filed on or before the Claims Bar Date is deemed invalid as
      improperly filed because it was not filed on the Tort Proof of Claim Form, the
23

24  _____

[1] NOTE:  Special procedures will be adopted to preserve the confidentiality of the
25  claimant's identity.

    **Page 9 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
26  BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
    CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
    MEDIA NOTICE PROGRAM

Debtor will provide the holder of such claim with written notice that the Debtor will seek an order from the Court disallowing such claim, unless within 30 days of the date of such notice, the claimant files re-files such claim on the approved Tort Proof of Claim Form.  Prior to entry of any order disallowing the claim, the Debtor will provide the claimant with 20 days' notice and an opportunity to object to its motion seeking to have the claim disallowed.

- If any claim is filed on the Tort Proof of Claim Form but fails to provide the information requested therein, the Debtor will provide the holder of such claim with written notice that the Debtor will seek an order from the Court disallowing such claim, unless within 30 days of the date of such notice, the claimant files re-files such claim to include the requested information.  Prior to entry of any order disallowing the claim, the Debtor will provide the claimant with 20 days' notice and an opportunity to object to its motion seeking to have the claim disallowed.

25.    The Debtor respectfully submits that use of the Tort Proof of Claim Form is necessary and appropriate in this case.  It is well recognized that proof of claim forms that deviate from Official Proof of Claim Form 10 may be used when special circumstances exist.  See *In re I.G. Services Ltd.*, 244 BR 377, 384 (Bankr WD Tex 2000) (citing *In re A.H. Robins*, 862 F2d 1092 (4th Cir 1988)).  While Bankruptcy Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the appropriate Official Form," Bankruptcy Rule 9009 authorizes appropriate and necessary alterations in the Official Forms:

The Official Forms prescribed by the Judicial Conference of the United States shall be observed and used *with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use.*  The Director of the Administrative Office of the United States Courts may issue additional forms for use under the Code. The forms shall be construed to be consistent with these rules and the Code.

(Emphasis added).

26.    Special circumstances clearly exist here – the information being requested is critical to any reasonable evaluation and analysis of the Debtor's liability, and this

**Page 10 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

1  issue is the lynchpin of the Debtor's Chapter 11 case.  The proposed form provides an

2  efficient means to obtain some of the basic information that any claimant should provide

3  in order to justify a claim and participate in this case.  Indeed, the Debtor would expect

4  that the requested information would be readily available because it is within the

5  knowledge of the claimant.

6       27.     Moreover, in each of the Catholic diocese Chapter 11 cases referred to in

7  paragraph 19 above, the courts have recognized that substantial alteration to Official

8  Proof of Claim Form 10 is necessary when dealing with tort claims alleging sex abuse.

9  Other courts dealing with tort claims have reached the same conclusion.  In *In re LTV*

10  *Steel Company Inc.*, Case No. 86-B-11273 (BRL) (Bankr SDNY), the court approved

11  the use of a detailed questionnaire, characterizing the inquiries as seeking "appropriate

12  information so that [the claims] meet the minimum requirements of sections 501 and

13  502 of the Bankruptcy Code and Article 3 of the Bankruptcy Rules."  *LTV*, Case No. 86-

14  B-11273 (Bankr SDNY May 2, 1989).  In *In re A.H. Robins*, 862 F2d 1092 (4th Cir

15  1988), the Fourth Circuit held that a detailed questionnaire requesting information

16  relating to the claimant's I.U.D. claims was an indispensable part of the claims process,

17  and not simply part of the discovery process.  *A.H. Robins*, 862 F2d 1096.  Accordingly,

18  the Debtor respectfully requests that the Court approve the Tort Proof of Claim Form for

19  the filing of tort claims.

20  **VI.**    **Notice Procedures**

21       29.     Pursuant to the proposed Claims Bar Date Order and Bankruptcy Rule

22  2002(a)(7), the Debtor proposes to use a two-fold widespread notice program that will

23  provide actual notice of the Claims Bar Date to all known creditors and the attorneys for

24  all known creditors, and publication notice to creditors whose identities and/or

25

26  **Page 11 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND MEDIA NOTICE PROGRAM

1    addresses are not presently known or reasonably ascertainable by the Debtor, as

2    explained more fully below.

3              **A.**    <u>**Actual Notice of the Claims Bar Date Order**</u>.

4              i.    With respect to many of the claims pending as of the Petition

5    Date, the Debtor has the names and addresses of the attorneys for the claimants but

6    does not have the names and addresses of the individual claimants.

7              ii.    Accordingly, for purposes of providing actual notice to all

8    known creditors, including, without limitation, persons or entities that have commenced

9    judicial, administrative, or other actions or proceedings (including settlement

10    proceedings), or otherwise initiated an action against the Debtor asserting a claim that

11    has not been settled or has been settled but not paid or fully paid, the Debtor proposes

12    to mail to all known creditors and to the attorneys for represented creditors at their last

13    known address (i) the Claims Bar Date Order, (ii) the notices of the Claims Bar Date

14    substantially in the forms attached hereto as Exhibit 4 (the "***Non-Tort Claims Bar Date***

15    ***Notice***") and Exhibit 5 (English and Spanish versions) (the "***Tort Claims Bar Date***

16    ***Notice***"), collectively the "***Claims Bar Date Notices***", and (iii) a copy of both the Non-

17    Tort Proof of Claim Form and the Tort Proof of Claim Form (English and Spanish

18    versions).

19              iii.    The proposed Claims Bar Date Notices inform potential

20    claimants of the Claims Bar Date and contain detailed information regarding who must

21    file a proof of claim, the procedures for filing a proof of claim and the consequences of

22    failing to timely file a proof of claim.  The Debtor respectfully requests that the Court

23    approve the form and use of the Claims Bar Date Notices in substantially the forms

24    annexed hereto as Exhibits 4 and 5.

25

26    **Page 12 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
MEDIA NOTICE PROGRAM

1    **VII.    Publication Notice**

2        30.    The Debtor has determined that it would be in the best interest of its

3    estate also to give notice by publication to (a) those creditors who are unknown or not

4    reasonably ascertainable by the Debtor, (b) those creditors who may be known to the

5    Debtor but whose addresses are unknown to the Debtor, and (c) anyone else who may

6    be a creditor of the Debtor.  The Debtor has developed a special "plain English" notice

7    that the Debtor proposes to use in a comprehensive, broad-based media notice

8    program.  Pursuant to Bankruptcy Rule 2002(1), the Debtor requests authority to use

9    such notice which is substantially in the form attached as Exhibit A to the Media Notice

10   Program described below (the "***Claims Publication Notice***") (English and Spanish

11   versions).

12       31.    The Debtor has developed a broad-based direct media notice program

13   designed to provide notice to potential claimants in areas where claims have arisen or

14   where potential claimants may now be located.  The proposed media notice program

15   that the Debtor proposes to use is described in Exhibit 6 (the "***Media Notice Program***").

16   The Media Notice Program is designed to ensure comprehensive notice to individuals

17   who could potentially hold claims against the Debtor.   The Media Notice Program

18   provides for the dissemination of the Claims Publication Notice by using (i) newspapers,

19   (ii) diocesan publications, (iii) church bulletins, (iv) tribal publications, (v) the Debtor's

20   website, (vi) the Claim's Agent's website, (vii) press releases, (viii) public radio

21   announcements, (ix) postings at Jesuit associated schools and universities, and

22   (x) postings at post offices and general merchandise stores in certain Native American

23   and tribal areas.  The primary target of the Media Notice Program will be persons who

24   attended Catholic churches, schools, and universities in Alaska, Idaho, Montana,

25

26   **Page 13 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
     BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
     CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MEDIA NOTICE PROGRAM

1    Oregon, and Washington where Jesuits worked, these being the locations within the

2    Oregon Province Territory where the alleged acts giving rise to the tort claims are most

3    likely to have occurred.

4         32.    The Debtor also intends to provide notice in locations outside the Oregon

5    Province Territory where Oregon Province Jesuits, against whom allegations of child

6    sex abuse have been made, were working or studying.  The Debtor has reviewed its

7    internal catalogues to determine where those Jesuits were located between 1950 and

8    the present.  These locations have all been targeted for notice in a local newspaper of

9    general circulation.  Finally, the Debtor intends to accomplish nationwide notice of the

10   Claims Bar Date by publication in USA Today, and by the media's nationwide

11   dissemination of one or more press releases to be issued by the Debtor.    Tyrrell

12   Declaration, ¶ 4.

13        33.    Of the more than 394 claims asserted against the Debtor since June 2000,

14   approximately 99% of the claimants lived or resided in the five states encompassing the

15   Oregon Province Territory.  The Debtor believes that any presently unknown potential

16   claimants are more likely than not to reside in these same states.  Of the remaining 1%,

17   the claimants lived in California, New York, and Virginia.    Tyrrell Declaration, ¶ 5.

18   Furthermore, the nationwide notice process and general publicity about the case will

19   provide notice of the Claims Bar Date to potential claimants living both inside and

20   outside of the target area described in paragraphs 30 – 32 herein.    Thus, the Debtor

21   believes the Media Notice Program should have substantial success in notifying

22   potential claimants of the Claims Bar Date.

23        34.    It should be noted that the Claims Publication Notice to be published in

24   connection with the Media Notice Program includes a toll-free telephone number that

25

26   **Page 14 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
     BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
     CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
     MEDIA NOTICE PROGRAM

1  potential claimants may call to obtain more information, including a copy of a Tort Proof

2  of Claim Form, notice of the Claims Bar Date, and information concerning the

3  procedures for filing a proof of claim.  The notice also contains BMC Group, Inc.'s

4  website address specific to this case — from which a claimant can review information

5  about this case and can download a copy of the Tort Proof of Claim Form and the Tort

6  Claims Bar Date Notice.

7      35.    The Debtor estimates the total cost of the Media Notice Program to be

8  approximately $577,053.

9  **VIII.    <u>Additional Media Notice</u>**

10     36.    The Court should take notice that the proposed Media Notice Program will

11  be augmented by an independent media campaign that is already underway.  Many of

12  the existing tort claimants' attorneys are already working hard to alert potential

13  claimants that they must act promptly to preserve their rights to make a claim in this

14  case.  The following websites and publications provide three recent examples of these

15  efforts:

16     a.    **www.priestabuselaw.com** (see Exhibit 7 attached) – this website

17  appears to target Native Americans by listing the present and former schools/missions

18  at which the Oregon Province Jesuits worked to serve the native populations of the

19  Pacific Northwest, correctly noting that the accusations of abuse date primarily from the

20  1950's, 1960's, and 1970's.  To draw the interest of Native American claimants, the

21  website features a photograph and short biography of 'Ken Bear Chief,' who is

22  described as a paralegal and his tribal affiliations are listed.  His photograph pictures

23  him in western-style clothing.  This website, which bears a copyright for "Tamaki Law,"

24

25

26  **Page 15 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
MEDIA NOTICE PROGRAM

1  informs the reader that: "Because time is running out for legal action, please contact us

2  immediately."

3          b.    **www.jesuitabuse.com** (see Exhibit 8 attached) – this website

4  begins with a large headline proclaiming: "Bankruptcy Court sets deadline for victims to

5  file claims for compensation." This website is under the copyright of "Northwest

6  Attorneys for Justice" and lists attorneys Michael Pfau and Timothy Kosnoff of Seattle,

7  John Allison of Spokane, Leander James of Coeur d'Alene, Idaho, and Andrew Chason

8  and Timothy Walton of Boise, under the "Contact Us" heading.  It indicates that these

9  lawyers "have handled hundreds of sex-abuse and physical abuse cases" and "have

10  extensive experience with tribal members and non-Natives" and "are skilled in helping

11  victims of Priest abuse seek justice and healing."  This website goes so far as to provide

12  the names of persons who have previously been accused and lists those places where

13  Oregon Province Jesuits have served in the past.

14          c.    **May 11, 2009 Advertisement in Confederated Umatilla Journal** (see

15  Exhibit 9 attached) – This ad under the heading "Victims of Priest Abuse" is another

16  effort of Tamaki Law to notify holders of claims against the Debtor of the impending

17  claims bar date and the need to file their claims.

18          d.    **April 2009 Advertisement in Confederated Umatilla Journal** (see

19  Exhibit 10 attached) – This ad published by the "Northwest Attorneys for Justice" under

20  the heading "Victims of Jesuit Priest Abuse Have Limited Time to Make Claims"

21  provides notice of the bankruptcy filing and invites holders of claims to contact the

22  attorneys listed in the ad.

23          37.    If the Court goes on-line to review the above-described websites, it will

24  find that they are professionally prepared, have emotional impact, and are visually

25

26  **Page 16 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
    BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
    CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
    MEDIA NOTICE PROGRAM

1    appealing.  While the Debtor takes issue with many of the facts asserted, the point to be

2    made is that widespread media notice is already ongoing on a large scale.   It is

3    extremely likely, if not certain, that other activities in addition to those noted are

4    currently underway to solicit additional claimants.  The power of what economist Adam

5    Smith called the "unseen hand" that drives markets to efficient outcomes, is at work to

6    assist the Debtor in its task to provide notice of the Claims Bar Date to all persons

7    holding claims against it.   In many ways, the notice that this Court approves will be

8    "frosting on the cake."  The effective (whether accurate or not) communications devices

9    so far employed by the plaintiffs' attorneys are ample evidence of that.

10        38.    These ongoing activities do not replace the function of the official claims

11    bar date notice.   They do, however, provide evidence that notice is already being

12    spread throughout the Pacific Northwest by persons with a direct financial interest in

13    locating additional clients.   Word that a claims bar date is approaching is already

14    percolating and it can only be presumed that these same attorneys will follow-up with

15    additional public notices once a claims bar date is actually established.   These

16    attorneys' efforts should provide the Court with additional assurance that potential

17    claimants are likely to receive notice of the Claims Bar Date and should help to

18    ameliorate any concern that the the Debtor's proposed Media Notice Program might be

19    inadequate.

20    **IX.    The Proposed Bar Date is Reasonable**

21        39.    The Debtor will be responsible for mailing the Claims Bar Date Notices,

22    the Claims Bar Date Order,  and the Non-Tort and Tort Proof of Claim Forms described

23    above.  The Debtor expects that it will be able to complete the mailing of the Proof of

24    Claim Forms, the Claims Bar Date Order, and the Claims Bar Date Notices to known

25

26    **Page 17 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
      BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
      CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
      MEDIA NOTICE PROGRAM

1   creditors within 20 days after the Court enters the proposed Claims Bar Date Order.  By

2   establishing October 15, 2009 as the Claims Bar Date, all known holders of claims will

3   have approximately four months' notice of the Claims Bar Date for filing proofs of claim.

4   The Debtor intends to begin publication notices no later than June 30, 2009, which will

5   be at least 115 days before an October 15th Claims Bar Date, with the last publication

6   notices to occur on or before September 15, 2009, which would be at least 30 days prior

7   to the Claims Bar Date.   Accordingly, this will give unknown creditors an adequate

8   period of time within which to file claims, particularly in view of the fact that Bankruptcy

9   Rule 2002(a)(7) requires only twenty (20) days' notice.

10  **X.     The Proposed Notice Procedures Are Reasonable And Adequate**

11          40.    Principles of due process require "that a debtor give notice that is

12  reasonably calculated under the circumstances to apprise an interested party of the

13  pendency of the bankruptcy case."  *In re Envirodyne Industries, Inc.*, 206 BR 468, 472

14  (Bankr ND Ill 1997), aff'd, 214 BR 338 (ND Ill 1997) (citing *Mullane v. Central Hanover*

15  *Bank & Trust Co.*, 339 US 306 (1950)).  As set forth above, the Debtor has proposed an

16  extensive, widespread, and multi-dimensional program to provide all holders of claims

17  with adequate notice of the Claims Bar Date and their obligation to file claims.  Further,

18  the notice procedures the Debtor has proposed provide more than adequate time for all

19  such claimants to comply with the obligation to file an appropriate proof of claim.

20  Accordingly, the Debtor submits that the notice and procedures it proposes are more

21  than sufficient under the circumstances and fully comply with due process, and asks the

22  Court to enter findings consistent therewith.

23          **WHEREFORE** the Debtor respectfully requests entry of an order in the form

24  attached hereto as Exhibit 1, *inter alia*: (i) setting October 15, 2009, at 5:00 p.m.,

25

26  **Page 18 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
    BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
    CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
    MEDIA NOTICE PROGRAM

1   Prevailing Pacific Time, as the Claims Bar Date, (ii) approving the proposed Non-Tort

2   Proof of Claim Form, Tort Proof of Claim Form, the Claims Bar Date Notices, and the

3   Claims Publication Notice, (iii) approving the procedures for providing actual notice to all

4   known creditors, (iv) approving the proposed Media Notice Program, (v) finding that the

5   proposed notice program and procedures are adequate and sufficient under the

6   circumstances and satisfy due process, and (vi) granting the Debtor such other and

7   further relief as is just.

8          Dated this 13th day of May, 2009.

9                                  SUSSMAN SHANK LLP

10                                 */s/ Thomas W. Stilley*

11                                 _____
                                   Thomas W. Stilley, OSB No. 88316
                                   Howard M. Levine, OSB No. 80073
12                                 Susan S. Ford, OSB No. 84220
                                   Attorneys for Debtor and Debtor-In-Possession
13

14  **F:\CLIENTS\19620\004\BAR DATE NOTICE PROGRAM\P-MOTION FOR BAR DATE ORDER (FINAL FORM).DOC**

15

16

17

18

19

20

21

22

23

24

25

26  **Page 19 of 19** - DEBTOR'S MOTION FOR AN ORDER (1) SETTING A CLAIMS
    BAR DATE FOR FILING PROOFS OF CLAIM, AND (2) APPROVING PROOF OF
    CLAIM FORMS, BAR DATE NOTICES, ACTUAL NOTICE PROCEDURE, AND
    MEDIA NOTICE PROGRAM