Below is an Order of the Court.

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re: | Case No. 09-30938-elp11 |
|---|---|
| Society Of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation, | ORDER APPOINTING FUTURE CLAIMANTS REPRESENTATIVE |
| | [Docket No. 207, filed 5/13/09] |
| Debtor. | |

This matter comes before the Court on the Debtor's Motion for Appointment of Future Claimants Representative [Docket No. 207, filed 5/13/09] (the "**FCR Motion**"). The Court having considered the FCR Motion, the objection thereto filed by the Official Committee of Unsecured Creditors (the "**Committee**"), the Court's records and files, and the arguments of counsel at hearings conducted on the FCR Motion, the Court finds as follows:

A.  On February 17, 2009 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "**Code**"). The Debtor continues in possession of its property and management of its business and

**Page 1 of 6** – ORDER APPOINTING FUTURE CLAIMANTS REPRESENTATIVE

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

affairs as a debtor-in-possession in accordance with §§ 1107 and 1108 of the Code. No trustee or examiner has been appointed.

B.   The Debtor has provided notice of the FCR Motion to the Committee; the plaintiffs' attorneys in all tort cases pending against the Debtor on the Petition Date; all persons requesting special notice; and the Office of the United States Trustee.

C.   On the Petition Date there were approximately 153 tort claims pending against the Debtor alleging claims of physical, mental, or sexual abuse or misconduct which were in various stages of litigation and discovery. The Debtor has been advised by a number of attorneys that they have additional clients with claims that have not been asserted. The Debtor also believes there may be other claims that are beyond the knowledge of anyone currently involved in this Chapter 11 proceeding. For the purposes hereof, all personal injury tort claims resulting from pre-petition acts of physical, mental, or sexual abuse or misconduct (the "***Abuse***") are referred to as "***Abuse Claims***" and the persons holding such claims are referred to as "***Abuse Claimants***".

D.   The Court has entered an order establishing a deadline of November 30, 2009 for filing proofs of claim in this case (the "***Claims Bar Date***") and approving notice procedures pursuant to which actual notice of the Claims Bar Date will be given to all persons who have advised the Debtor that they have or may have a claim against the Debtor, and publication notice will be given in an effort to provide notice of the Claims Bar Date to all other persons holding claims against the Debtor.

E.   Despite notice of the Claims Bar Date, it is anticipated that certain Abuse Claimants, defined below as "Future Claimants", will neither timely file, nor be deemed to have timely filed (e.g., due to excusable neglect), their own proof of claim on or before the Claims Bar Date. For the purposes hereof, a "***Future Claimant***" is defined as an Abuse Claimant who does not file his or her own proof of claim by the Claims Bar

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

Date, and as of the 30th day immediately preceding the Claims Bar Date meets one of the following three criteria:

    1) The Abuse Claimant is under 18 years of age;

    2) The Abuse Claimant is 18 years of age or older;

        i. is unaware of the occurrence of the physical acts that constituted the Abuse; and,

        ii. his or her Abuse Claim is not time-barred by operation of a state law limitations period[1]; or,

    3) The Abuse Claimant is 18 years of age or older;

        i. is aware of the occurrence of the physical acts that constituted the Abuse;

        ii. his or her Abuse Claim is not time-barred by operation of a state law limitations period; and,

        iii. the state law limitations period applicable to such Abuse Claim has not begun to run[2].

The evaluation of whether a claim is time-barred is made under applicable state law. The impact of state laws that may retroactively affect claims is reserved for future determination.

    F. The appointment of a legal representative for the Future Claimants is necessary to provide Future Claimants with due process; to protect their rights, claims, and interests during the case; and to ensure they are provided with the opportunity to be

---

[1] Use of the words "limitations period" refers to both statutes of limitation and statutes of repose as those terms are commonly used.

[2] As to a particular Abuse Claim, if any, for which there is no state law limitations period, the determination of whether the limitations period has begun to run will be based on the most recent limitations period that was previously in effect for such Abuse Claim in that state.

**Page 3 of 6** – ORDER APPOINTING FUTURE CLAIMANTS REPRESENTATIVE

1   heard and present their position on any and all matters, including, without limitation, the
2   treatment of their claims in any plan of reorganization.
3     G. The Debtor proposed that David A. Foraker, and the Committee proposed
4   that Stephen S. Gray, be appointed by the Court as the legal representative in this case
5   for the Future Claimants.
6     H. The Court having considered both the Debtor's and the Committee's
7   recommendations, and with advice from the United States Trustee that either candidate
8   is acceptable, the Court finds that Stephen S. Gray is fully qualified to represent the
9   interests of the Future Claimants and should be appointed as the legal representative
10  for the Future Claimants in this case, subject to his filing an application for employment
11  and a Rule 2014 disclosure statement, and the Court finding that he is a disinterested
12  person and does not hold or represent any interest adverse to the estate.
13    NOW THEREFORE, based on the FCR Motion, and the Court's records and files
14  in this case, it is:
15    ORDERED:
16    1. Stephen S. Gray is appointed as the legal representative for the Future
17  Claimants in this case (the "Future Claimants Representative" or "FCR") subject to his
18  filing an application for employment and Rule 2014 disclosure statement, and the Court
19  entering an order approving his employment on finding that he is a disinterested person
20  and does not hold or represent any interest adverse to the estate;
21    2. The Future Claimants Representative shall file a Proof of Claim on behalf
22  of all Future Claimants by the Claims Bar Date, or any Court ordered extension thereof.
23  Such Proof of Claim shall be filed stating that it is for an unliquidated amount;[3]
24  
25  [3] The FCR's filing or amendment of its proof of claim will have no effect whatsoever on the amount of any person's claim, or the aggregate amount of all Future Claims, for
26  allowance, estimation, or distribution purposes, and will not accelerate the availability of insurance coverage for, or any insurer's obligation for payment of, any claim or claims.

**Page 4 of 6** – ORDER APPOINTING FUTURE CLAIMANTS REPRESENTATIVE

3. The Future Claimants Representative shall negotiate on behalf of the Future Claimants their treatment in any proposed plan of reorganization and shall vote on behalf of the Future Claimants to accept or reject the plan;

4. The Future Claimants Representative shall advocate the legal position of the Future Claimants in any proceeding before this Court or in any appellate court;

5. The Future Claimants Representative shall file pleadings and present evidence, as necessary, on any issue affecting the Future Claimants;

6. The Future Claimants Representative shall take all other actions as are reasonably necessary and appropriate to represent the interests of the Future Claimants;

7. The Future Claimants Representative shall participate in this case on the same basis as a professional person employed under 11 USC § 327, with compensation to be paid on an hourly basis not to exceed $415 per hour, subject to periodic adjustment, and further subject to 11 USC §§ 327 - 331 and Bankruptcy Rules 2014 -2017;

8. The Future Claimants Representative may, subject to 11 USC §§ 327–331 and FRBP 2014-2017, and on the same basis as a trustee or examiner, employ such experts and other professional persons as may be reasonable and necessary to carry out his duties as the Future Claimants Representative;

9. If at any time during this case, or thereafter, a Future Claimant (except for minors who do not have a court-designated legal guardian) should appear and make himself or herself known to the Court, the Debtor, or the FCR, such person shall cease to be a member of the group of Future Claimants thereafter represented by the FCR. Any prior actions taken by the Future Claimants Representative on behalf of such claimant and with regard to such claimant's claim shall be binding upon such claimant.

**Page 5 of 6** – ORDER APPOINTING FUTURE CLAIMANTS REPRESENTATIVE

Furthermore, the Future Claimants Representative shall thereafter have no further duty or responsibility regarding such claimant or such claimant's claim;

10. Nothing contained in this Order shall constitute a finding that (1) the notice procedures approved by this Court regarding the Claims Bar Date, or any other notices to be provided in this case, do not provide adequate notice to any specific claimant; (2) any claimant's failure to file his or her own proof of claim by the Claims Bar Date is the result of excusable neglect; or, (3) any claim is not barred by an applicable statute of limitation or ultimate repose;

11. The Debtor shall provide a copy of this order to all creditors listed in the Debtor's schedules and any amendments thereto filed on or before the date of service of this order. The creditors shall be notified that unless they file an objection to this order within 20 days after service, this order will become a final order; and

12. The Court retains jurisdiction over any dispute regarding this Order.

**# # #**

PRESENTED BY:

SUSSMAN SHANK LLP

*/s/ Thomas W. Stilley*
_____
Thomas W. Stilley, OSB No. 883167
Howard M. Levine, OSB No. 800730
Susan S. Ford, OSB No. 842203
Attorneys for Debtor and Debtor-In-Possession

c: ECF Participants
   Attached List
   Creditor Matrix

F:\CLIENTS\19620\004\BAR DATE NOTICE PROGRAM\P-ORDER APPOINTING FCR 8.DOC

**Page 6 of 6** – ORDER APPOINTING FUTURE CLAIMANTS REPRESENTATIVE

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

| | | |
|---|---|---|
| Florence Kenney, Co-Chair<br>c/o Christopher R. Cook<br>Cooke Roosa LLC<br>3700 Jewel Lake Road<br>Anchorage, AK  99502 | Anthony Lionel Atkinson, Co-Chair<br>c/o Michael T. Pfau Esq.<br>Pfau, Cochran, Vertetis & Kosnoff PLLC<br>701 Fifth Avenue, Ste. 4750<br>Seattle, WA 98104 | John C. Manly<br>Rebecca L. Rhoades<br>Manly & Stewart<br>4220 Von Karman Avenue, Suite 200<br>Newport Beach, CA 92660 |
| David Henderson, Esq.<br>PO Box 2441<br>135 Ridgecrest<br>Bethel, AK  99559 | William A. Gilbert, Esq.<br>100 E. Broadway<br>PO Box 2149<br>Moses Lake, WA  98837 | Jim Valcarce<br>Valcarce Law Office, LLC<br>900 3rd Avenue<br>PO Box 409<br>Bethel, AK 99559 |
| Michelle Menely, Esq.<br>Gordon Thomas Honeywell<br>600 University Street, Suite 2100<br>Seattle, WA  98101-4185 | H. Douglas Spruance III<br>Feltman, Gebhardt Greer & Zeimantz<br>1400 Paulsen Center<br>421 West Riverside Avenue<br>Spokane, WA  99201 | Raymond F. Clary<br>Etter McMahon Lamberson Clary<br>Bank of Whitman Bldg #210<br>618 West Riverside<br>Spokane, WA 99201 |
| Frederick J. Odsen<br>James M. Gorski<br>Hughes Pfiffner Gorski Seedorf & Odsen, LLC<br>3900 C Street, Suite 1001<br>Anchorage, AK  99503 | Sean E. Brown<br>Power and Brown, LLC<br>PO Box 1809<br>Bethel, AK  99559 | James R. Murray<br>Dickstein Shapiro LLP<br>1825 Eye Street NW<br>Washington, DC  20006-5403 |

And:
ECF Participants
Creditor Matrix