James I. Stang (CA Bar No. 94435)
Hamid R. Rafatjoo (CA Bar No. 181564)
Pamela E. Singer (OR Bar No. 89423)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

Attorneys for Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No.: 09-30938-elp |
| Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation, | Chapter 11 |
| Debtor | **STIPULATION RE:  (1) DEBTOR'S OBJECTION TO LECG, LLC FEE STATEMENTS; (2) INCREASE IN LECG, LLC FEE CAP; (3) INCREASE OF MORGAN LEWIS & BOCKIUS LLP FEE CAP; AND (4) EXTENSION OF PLAN EXCLUSIVITY PERIOD** |

The Official Committee of Unsecured Creditors (the "Committee"), on the one hand, and the Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation, which is the debtor and debtor in possession herein (the "Debtor"), on the other hand, hereby enter into the following stipulation (the "Stipulation").  The Committee and the Debtor are at times referred to herein as the "Parties."

**<u>RECITALS</u>**

A. On February 17, 2009 (the "Petition Date"), the Debtor filed its voluntary Chapter 11 petition for relief, thereby commencing the above captioned case.  The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

46352-002\DOCS_SF:70127.1

B.      The Committee was appointed pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code on or about March 3, 2009. The Office of the United States Trustee filed the notice of appointment of the Committee on March 12, 2009 but Committee members were verbally informed of their appointment on March 3, 2009 and have acted as a committee since that date.

**LECG's Employment and Fees**

C.      On August 7, 2009, the Court entered the *Order Approving Official Committee of Unsecured Creditor's Application for an Order Authorizing and Approving the Employment of LECG, LLC as Financial Advisors to That Committee* (the "LECG Employment Order") [Docket No. 406]. Pursuant to the LECG Employment Order, the Committee retained LECG, LLC ("LECG") as its financial advisors.

D.      With respect to fees and expenses, the LECG Employment Order provides that "LECG's fees and expenses shall not exceed $100,000 [the "LECG Cap"], except upon further order of the Court."

E.      On January 15, 2010, pursuant to the *Order Establishing Procedures for Payment of Interim Professional Fees and Expenses on a Monthly Basis* (the "Payment Procedures Order") [Docket No. 193], the Committee filed filed fee statements (the "LECG Fee Statements") for all of LECG's fees and expenses incurred through November 2009. [Docket Nos. 623 through 630.] Pursuant to the LECG Fee Statements, LECG's total fees and expenses through November 2009 totaled approximately $153,000.

F.      After a voluntary write-off by LECG of fees in the amount of $38,802, LECG's fees through January 31, 2010 are approximately $129,000. LECG's expenses through January 31, 2010 are approximately $6,000, for a total net fees and expenses through January 31, 2010 of approximately $135,000 ("LECG's Fees").

G.      On January 29, 2010, the Debtor filed the *Debtor's Objection to LECG, LLC's Fees Statements for April 1, 2009 Through November 30, 2009* [Docket No. 638]. In the objection, the Debtor objected to the Fee Statements on the ground that LECG's fees exceeded the LECG Cap.

H.      On February 16, 2010, the Committee filed the *Motion of the Official Committee of Unsecured Creditors to Increase Limit of Compensation With Respect to LECG, LLC* (the "LECG

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Cap Motion") [Docket No. 648]. In the Motion, the Committee asked the Court to enter an Order increasing the LECG Cap by $100,000 retroactive to the point at which LECG's fees first reached the initial LECG Cap.

**MLB's Employment and Fees**

I. On October 30, 2009, the Court entered the *Order Approving Official Committee of Unsecured Creditors' Application for an Order Authorizing and Approving the Employment of Morgan, Lewis & Bockius LLP as Special Insurance Counsel to that Committee* (the "MLB Employment Order") [Docket No. 532]. Pursuant to the MLB Employment Order, the Committee retained Morgan, Lewis & Bockius LLP ("MLB") as special insurance counsel.

J. With respect to fees and expenses, the MLB Employment Order provides that, "the allowed fees and costs of MLB incurred in connection with MLB's representation of the Committee regarding insurance matters unrelated to the avoidability of the Safeco Release Agreement shall not exceed $65,000; provided that said limit is subject to further order of this Court" (the "MLB Insurance Cap"). The MLB Employment Order provided a separate $65,000 cap on fees and expenses incurred by MLB in assessing the validity and avoidability of the Safeco Release Agreement (the "MLB Safeco Cap"). That cap is not the subject of this Stipulation and will remain unaltered.

K. MLB has advised the Committee that its fees and expenses through January 31, 2010 incurred in connection with insurance matters unrelated to the avoidability of the Safeco Release Agreement are approximately $65,000.

L. The Committee has indicated to the Debtor an intent to file a Motion (the "MLB Cap Motion") for an Order modifying the MLB Employment Order to provide for (1) an additional $50,000 cap on fees and expenses to allow MLB to participate in the global mediation (the "MLB Mediation Cap") currently being conducted by The Honorable Gregg Zive, and (2) an increase in the MLB Insurance Cap to allow MLB to receive up to $15,000 per month after January 31, 2010 for ongoing insurance analysis.

**Plan Exclusivity**

M. Without further Order of the Court, the time period set forth in section 1121(b) of the Bankruptcy Code during which only the Debtor may file a plan would expire on March 1, 2010 and the time to obtain acceptance of the plan would expire on June 1, 2010. The Debtor has indicated to the Committee an intent to request an Order extending the exclusivity period.

N. The Debtor asserts that if the exclusivity period were allowed to expire during the mediation process currently pending before The Honorable Gregg Zive, and if another party filed a plan during that mediation process, the Court, the Debtor, and all other parties in the case would be distracted from the mediation, by having to deal with competing plans, including disclosure statement hearings, objections to disclosure statements, and contested confirmation hearings, which would not only increase the cost and complexity of the case, but would be counterproductive.

**General**

O. The Parties have discussed (1) the LECG Fee Statements and the Debtor's objection thereto, (2) the Committee's desire to increase and modify the LECG Cap, (3) the Committee's desire to obtain approval of the MLB Mediation Cap and to increase and modify the MLB Insurance Cap, and (4) the Debtor's desire to extend the exclusive periods in which to file and obtain acceptance of a plan. The Parties wish to resolve the issues between them with respect to the foregoing issues on the terms set forth herein and subject to Court approval.

**AGREEMENT**

1. The LECG Cap shall be increased by $100,000 retroactive to the point at which LECG's fees first reached the initial LECG Cap of $100,000.

2. The Debtor's Objection to the LECG Fee Statements shall be deemed withdrawn without the need for further filings or Order of the Court.

3. The Debtor will not object to LECG's fees of $128,947 and expenses of $5,991.48 incurred through January 31, 2010 for interim payment purposes, but reserves the right to object to such fees and expenses upon LECG's filing of its final fee application. However, before being compensated for fees and expenses incurred in December, 2009 and January 2010, LECG shall file

fee statements for the months of December, 2009 and January 2010 pursuant to the Payment Procedures Order.

4.    The MLB Mediation Cap and the increase in the MLB Insurance Cap shall be approved, and may be increased by further Order of this Court.

5.    The time period set forth in section 1121(b) of the Bankruptcy Code during which only the Debtor may file a plan is extended to and including August 16, 2010 and if the Debtor files a plan on or before August 16, 2010, the time period set forth in section 1121(c)(3) of the Bankruptcy Code for the Debtor to obtain acceptance of its plan shall be extended to and including October 16, 2010.

6.    This Stipulation may be executed by counterpart originals, electronic copies, or facsimiles, and each such counterpart shall be deemed an original instrument, but all such counterparts together shall constitute one agreement.

7.    The persons executing this Stipulation represent and warrant that they have the authority and capacity to act on behalf of the party for which each person is signing and to bind that party to the terms of this Stipulation.

**IT IS SO STIPULATED:**

Dated:  February 19, 2010            PACHULSKI STANG ZIEHL & JONES LLP

                                     By   */s/ Pamela E. Singer*
                                          James I. Stang (CA Bar No. 94435)
                                          Hamid R. Rafatjoo (CA Bar No. 181564)
                                          Pamela E. Singer (OR Bar No. 89423)
                                          Attorneys for Official Committee of
                                          Unsecured Creditors

Dated:  February 19, 2010            SUSSMAN SHANK LLP

                                     By   */s/Thomas W. Stilley*
                                          Howard M. Levine (OSB No. 8073)
                                          Thomas W. Stilley (OSB No. 88316)
                                          Attorneys for Society of Jesus, Oregon
                                          Province, the Debtor and Debtor in
                                          Possession

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation,<br><br>Debtor | Case No.: 09-30938-elp<br><br>Chapter 11<br><br>**ORDER APPROVING STIPULATION RE: (1) DEBTOR'S OBJECTION TO LECG, LLC FEE STATEMENTS; (2) INCREASE IN LECG, LLC FEE CAP; (3) INCREASE OF MORGAN LEWIS & BOCKIUS LLP FEE CAP; AND (4) EXTENSION OF PLAN EXCLUSIVITY PERIOD** |

This matter came before the Court upon the *Stipulation re: (1) Debtor's Objection to LECG, LLC Fee Statements; (2) Increase in LECG, LLC Fee Cap; (3) Increase of Morgan Lewis & Bockius LLP Fee Cap; and (4) Extension of Plan Exclusivity Period* (the "Stipulation"), entered into by the above-captioned Debtor and the Official Committee of Unsecured Creditors (the "Committee"). Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Stipulation. The Court having reviewed the Stipulation, and good cause appearing therefore,

IT IS ORDERED as follows:

1. The Stipulation is approved.

2. The LECG Cap Motion is granted.

46352-002\DOCS_SF:70095.1

3.  The LECG Cap shall be increased by $100,000 retroactive to the point at which LECG's fees and expenses first reached the initial LECG Cap of $100,000.

4.  The Debtor's objection to the LECG Fee Statements shall be deemed withdrawn without the need for further filings or Order of the Court.

5.  The Debtor will not object to LECG's fees of $128,947 and expenses of $5,991.48 incurred through January 31, 2010 for interim payment purposes, but reserves the right to object to such fees and expenses upon LECG's filing of its final fee application. However, before being compensated for fees and expenses incurred in December, 2009 and January 2010, LECG shall file fee statements for the months of December, 2009 and January 2010 pursuant to the Payment Procedures Order.

6.  The MLB Mediation Cap and MLB Insurance Cap are hereby approved, and may be increased by further Order of this Court.

7.  The time period set forth in 11 USC § 1121(b) during which only the Debtor may file a plan is extended to and including August 16, 2010 and if the Debtor files a plan on or before August 16, 2010, the time period set forth in 11 USC § 1121(c)(3) for the Debtor to obtain acceptance of its plan is extended to and including October 16, 2010.

####

PRESENTED BY:

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Pamela E. Singer*
James I. Stang (CA Bar No. 94435)
Hamid R. Rafatjoo (CA Bar No. 181564)
Pamela E. Singer (OR Bar No. 89423)
Attorneys for Official Committee of
Unsecured Creditors

cc:    ECF Participants
       Attached List

SERVICE LIST

| | | |
|---|---|---|
| Michel Yves Horton<br>Paul A. Richler<br>David Sean Cox<br>Morgan, Lewis & Bockius LLP<br>300 South Grand Ave, 22nd Fl. | Securities and Exchange Commission<br>SEC Headquarters<br>100 F Street, NE<br>Washington, DC 20549 | Michelle Menely<br>Gordon Thomas Honeywell Malanca Peterson<br>600 University Street, Suite 2100<br>Seattle, WA 98101-4185 |
| <u>Various unsecured tort claimant creditors</u><br>ANDREW M CHASAN<br>Chasan & Walton<br>POB 1069 | Cormac Brissett<br>Loyola Jesuit House<br>6234 North Kenmore Avenue<br>Chicago, IL 60660-2101 | <u>Society of Jesus, Rome</u><br>c/o Robert E. Ganja<br>The Northern Trust Co of Illinois<br>50 S. LaSalle Street<br>Chicago, IL 60675 |
| Jesuit Conference, Inc.<br>Rev. Thomas P. Gaunt, S.J.<br>1016 – 16th St. NW, Suite 400<br>Washington, DC 20036 | Frederick J Odsen<br>James M. Gorski<br>Hughes Pfiffner Gorski Seedorf & Odsen<br>3900 C Street, Suite 1001<br>Anchorage, AK 99503 | Nathan W. Henry<br>114-A Vista Way<br>Kennewick, WA 99336 |
| David Henderson<br>P.O. Box 2441<br>135 Ridgecrest<br>Bethel, AK 99559 | <u>Florence Kenney, Eric Olson</u><br>Ken Roosa<br>Cooke Roosa LLC<br>3700 Jewel Lake Road<br>Anchorage, AK 99502 | John C. Manly<br>Rebecca L. Rhoades<br>Manly & Stewart<br>4220 Von Karman Avenue, Suite 200<br>Newport Beach, CA 92660 |
| <u>Delores Kilongak</u><br>Jim Valcarce<br>Valcarce Law Office, LLC<br>P.O. Box 409<br>900 3rd Avenue | H. Douglas Spruance III<br>Feltman, Gebhardt Greer & Zeimantz<br>1400 Paulsen Center<br>421 West Riverside Avenue<br>Spokane, WA 99201 | Sean E. Brown<br>Power and Brown, LLC<br>PO Box 1809<br>Bethel, AK 99559 |
| <u>Various Unsecured Tort Claimant Creditors</u>, <u>including FV, GV and JV</u><br>JOSEPH A BLUMEL<br>4407 N Division St #900<br>Spokane, WA 99207 | Kasey C. Nye<br>Quarles & Brady LLP<br>One S. Church Street, Suite 1700<br>Tucson, Arizona 85701 | Julio K. Morales<br>Morales Law Office<br>212 W. Spruce Street<br>Missoula, MT 59802 |
| David A. Paige<br>Quarles & Brady LLP<br>One Renaissance Square<br>Two North Central Avenue,<br>Phoenix, AZ 85004-2391 | Counsel for Certain State Court Plaintiffs, Creditors of the Debtors<br>Breck Barton<br>Breck Barton & Associates P.A.<br>P.O. Box 100 | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  James I. Stang (CA Bar No. 94435)
   Hamid R. Rafatjoo (CA Bar No. 181564)
2  Pamela E. Singer (OR Bar No. 89423)
   PACHULSKI STANG ZIEHL & JONES LLP
3  150 California Street, 15th Floor
   San Francisco, California  94111-4500
4  Telephone: 415/263-7000
   Facsimile:  415/263-7010
5
   Attorneys for Official Committee of Unsecured Creditors
6

7
                    UNITED STATES BANKRUPTCY COURT
8
                           DISTRICT OF OREGON
9

10 In re:                                          Case No.: 09-30938-elp

11 Society of Jesus, Oregon Province, an Oregon    Chapter 11
   domestic nonprofit religious corporation,
12                                                 **CERTIFICATE OF SERVICE**
                          Debtor
13

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)
CITY OF SAN FRANCISCO )

I, Katherine Suk, am employed in the city and county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 150 California Street, 15th Floor, San Francisco, California 94111-4500.

On February 19, 2010, I caused to be served the

**STIPULATION RE: (1) DEBTOR'S OBJECTION TO LECG, LLC FEE STATEMENTS; (2) INCREASE IN LECG, LLC FEE CAP; (3) INCREASE OF MORGAN LEWIS & BOCKIUS LLP FEE CAP; AND (4) EXTENSION OF PLAN EXCLUSIVITY PERIOD**

**[PROPOSED] ORDER APPROVING STIPULATION RE: (1) DEBTOR'S OBJECTION TO LECG, LLC FEE STATEMENTS; (2) INCREASE IN LECG, LLC FEE CAP; (3) INCREASE OF MORGAN LEWIS & BOCKIUS LLP FEE CAP; AND (4) EXTENSION OF PLAN EXCLUSIVITY PERIOD**

in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*Please see attached Service List*

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 19, 2010, at San Francisco, California.

*/s/ Katherine Suk*
Katherine Suk, Legal Assistant

46352-002\DOCS_SF:70128.1

CERTIFICATE OF SERVICE

1

## Service List

| | | |
|---|---|---|
| Michel Yves Horton<br>Paul A. Richler<br>David Sean Cox<br>Morgan, Lewis & Bockius LLP<br>300 South Grand Ave, 22nd Fl.<br>Los Angeles, CA 90071-3132<br>Various unsecured tort claimant creditors<br>ANDREW M CHASAN<br>Chasan & Walton<br>POB 1069<br>Boise, ID 83701 | Securities and Exchange Commission<br>SEC Headquarters<br>100 F Street, NE<br>Washington, DC 20549<br><br>Cormac Brissett<br>Loyola Jesuit House<br>6234 North Kenmore Avenue<br>Chicago, IL 60660-2101 | Michelle Menely<br>Gordon Thomas Honeywell Malanca Peterson<br>600 University Street, Suite 2100<br>Seattle, WA 98101-4185<br><br>Society of Jesus, Rome<br>c/o Robert E. Ganja<br>The Northern Trust Co of Illinois<br>50 S. LaSalle Street<br>Chicago, IL 60675 |
| Jesuit Conference, Inc.<br>Rev. Thomas P. Gaunt, S.J.<br>1016 – 16th St. NW, Suite 400<br>Washington, DC 20036 | Frederick J Odsen<br>James M. Gorski<br>Hughes Pfiffner Gorski Seedorf & Odsen<br>3900 C Street, Suite 1001<br>Anchorage, AK  99503 | Nathan W. Henry<br>114-A Vista Way<br>Kennewick, WA 99336 |
| David Henderson<br>P.O. Box 2441<br>135 Ridgecrest<br>Bethel, AK 99559 | Florence Kenney, Eric Olson<br>Ken Roosa<br>Cooke Roosa LLC<br>3700 Jewel Lake Road<br>Anchorage, AK 99502 | John C. Manly<br>Rebecca L. Rhoades<br>Manly & Stewart<br>4220 Von Karman Avenue, Suite 200<br>Newport Beach, CA 92660 |
| Delores Kilongak<br>Jim Valcarce<br>Valcarce Law Office, LLC<br>P.O. Box 409<br>900 3rd Avenue<br>Bethel, AK 99559 | H. Douglas Spruance III<br>Feltman, Gebhardt Greer & Zeimantz<br>1400 Paulsen Center<br>421 West Riverside Avenue<br>Spokane, WA  99201 | Sean E. Brown<br>Power and Brown, LLC<br>PO Box 1809<br>Bethel, AK  99559 |
| Various Unsecured Tort Claimant Creditors, including FV, GV and JV<br>JOSEPH A BLUMEL<br>4407 N Division St #900<br>Spokane, WA 99207 | Kasey C. Nye<br>Quarles & Brady LLP<br>One S. Church Street, Suite 1700<br>Tucson, Arizona 85701 | Julio K. Morales<br>Morales Law Office<br>212 W. Spruce Street<br>Missoula, MT  59802 |
| David A. Paige<br>Quarles & Brady LLP<br>One Renaissance Square<br>Two North Central Avenue,<br>Phoenix, AZ 85004-2391 | Counsel for Certain State Court Plaintiffs, Creditors of the Debtors<br>Breck Barton<br>Breck Barton & Associates P.A.<br>P.O. Box 100<br>Rexburg, ID 83440 | |

46352-002\DOCS_SF:70128.1

2

CERTIFICATE OF SERVICE