Below is an Order of the Court.

ELIZABETH PERRIS
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation,<br><br>Debtor | Case No.: 09-30938-elp<br><br>Chapter 11<br><br>**ORDER DENYING IN PART AND GRANTING IN PART *AMENDED* APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER DIRECTING MANNER OF SERVICE OF RULE 2004 ORDERS AND SUBPOENAS PURSUANT TO RULE 4(F)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

This matter came before the Court upon the *Amended Application of the Official Committee of Unsecured Creditors for Order Directing Manner of Service of Rule 2004 Orders and Subpoenas Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure* (the "Application"),[1] filed by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case.  By the Application, the Committee requested an Order of

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Application.  The Application was assigned docket no. 794.

this Court directing the manner of service of the following Rule 2004 Orders which were previously entered in this case:

1.      The Ex Parte Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for Production of Insurance Policies (the "SOJ Order") entered on April 26, 2010 [Docket No. 735] requiring the Society of Jesus to produce certain documents described in the SOJ Order.

2.      The Order Granting Ex Parte Application of the Official Committee of Unsecured Creditors for Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Requiring Production of SOJ Insurance Policies by Fr. Robert Grimm, SJ (the "Grimm Order") entered on May 5, 2010 [Docket No. 747] requiring Fr. Robert Grimm, SJ, to produce certain documents described in the Grimm Order.  The Grimm Order and its accompanying subpoena (the "Grimm Subpoena") are attached hereto as **Exhibit 1**.

3.      The Order Granting Ex Parte Application of the Official Committee of Unsecured Creditors for Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Requiring Production of SOJ Insurance Policies by Fr. James E. Grummer, SJ (the "Grummer Order") entered on May 7, 2010 [Docket No. 754] requiring Fr. James E. Grummer, SJ, to produce certain documents described in the Grummer Order.  The Grummer Order and its accompanying subpoena (the "Grummer Subpoena") is attached hereto as **Exhibit 2**.

The Court hereby makes the following FINDINGS:

A.      Service of the SOJ Order and an accompanying subpoena abroad is not authorized by applicable statute or rule.

B.      Service of the Grimm Order, the Grimm Subpoena, the Grummer Order, and the Grummer Subpoena (collectively, the "Subpoena Documents") as ordered herein, comports with due process and is reasonably calculated to apprise Fr. Robert Grimm, SJ, and Fr. James E. Grummer, SJ of the contents of the foregoing Orders and Subpoenas and affords them an opportunity to present their objections.

C.      The circumstances of this case justify Court-ordered methods of service of the Subpoena Documents pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, which is applicable to this contested matter by 28 U.S.C. § 1783, also known as the Walsh Act, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, which is applicable to this contested matter by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

D.      Notice of the Application has been provided to (i) the Office of the United States Trustee by ECF, (ii) the Society of Jesus, Oregon Province, which is the debtor and debtor in possession in the above-captioned case, by ECF on counsel for the debtor, (iii) the General Curia of the Society of Jesus, by ECF on counsel appearing specially for the General Curia, (iv) Fr. Robert Grimm, SJ and Fr. James E. Grummer, SJ, by U.S. mail, and (v) those parties who have requested special notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, by U.S. mail, and it appears that no other or further notice need be given.

E.      The Court adopts each of the other findings made in the Court's *Tentative Ruling – Revised*, issued on July 19, 2010, and incorporates each of those findings herein by reference as though set forth fully herein.

After due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Application's request for an Order directing service of the SOJ Order and the SOJ Subpoena is DENIED.

2.      The Application is otherwise DENIED IN PART and GRANTED IN PART, subject to the terms set forth in this Order.

### Service of the Grimm Order and Grimm Subpoena

3.      The Committee may serve the Grimm Order and the Grimm Subpoena on Fr. Robert Grimm, SJ, by registered mail or other delivery service that requires a signature acknowledging receipt, including overnight delivery by DHL or FedEx, addressed to Fr. Robert Grimm, SJ.

4.      If the service set forth in paragraph 3 of this Order cannot be accomplished within a reasonable time upon Father Grimm, then the Committee may so certify, by declaration of counsel for the Committee filed with the Court, and may serve the Grimm Order and Grimm Subpoena by substitute service as follows:  **(a)** leaving a copy of the Grimm Order and the Grimm Subpoena at the house in which Fr. Grimm lives or has his office or exercises his industry or trade, by delivery to a member of his family or a person employed in his office or firm, but not to minors 14 or less or to persons who are manifestly not capable of acting legally; **(b)** in the absence of such persons, by handing a copy of the Grimm Order and the Grimm Subpoena to the warden or caretaker of the house in which Fr. Grimm lives or has his office or place of work; **(c)** if there is no warden or caretaker, to a next door neighbor who accepts it and having the warden or caretaker sign a receipt and informing Fr. Grimm by registered letter that service has thus been effected; or **(d)** by any other manner authorized by Italian law.

### Service of the Grummer Order and Grummer Subpoena

5.      The Committee may serve the Grummer Order and the Grummer Subpoena on Fr. James E. Grummer, SJ, by registered mail or other delivery service that requires a signature, including overnight delivery by DHL or FedEx, addressed to Fr. James E. Grummer, SJ.

6.      If the service set forth in paragraph 5 of this Order cannot be accomplished within a reasonable time upon Father Grummer, then the Committee may so certify, by declaration of counsel for the Committee filed with the Court, and may serve the Grummer Order and Grummer Subpoena by **(a)** leaving a copy of the Grummer Order and the Grummer Subpoena at the house in which Fr. Grummer lives or has his office or exercises his industry or trade, by delivery to a member of his family or a person employed in his office or firm, but not to minors 14 or less or to persons who are manifestly not capable of acting legally; **(b)** in the absence of such persons, by handing a copy of the Grummer Order and Grummer Subpoena to the warden or caretaker of the house in which Fr. Grummer lives or has his office or place of work; **(c)** if there is no warden or caretaker, to a next door neighbor who accepts it and having the warden or

caretaker sign a receipt and informing Fr. Grummer by registered letter that service has thus been effected; or **(d)** any other manner authorized by Italian law.

### Service Via the U.S. Consulate Office in Rome, Italy

7.      The Committee's request to direct service of the Subpoena Documents via the U.S. Consulate Officers of the Consular Section of the U.S. Embassy is DENIED, without prejudice to the Committee renewing its request based upon evidence that the U.S. Department of State will direct the U.S. Consular Officers to serve the Subpoena Documents.

###

cc:  Parties to Receive by Mail
     ECF Participants

# NAMES AND ADDRESSES OF PARTIES
## <u>REQUIRING PAPER SERVICE</u>

Michel Yves Horton
Paul A. Richler
David Sean Cox
Morgan, Lewis & Bockius LLP
300 South Grand Ave, 22nd Fl.
Los Angeles, CA 90071-3132

<u>Various unsecured tort claimant creditors</u>
ANDREW M CHASAN
Chasan & Walton
POB 1069
Boise, ID 83701

Jesuit Conference, Inc.
Rev. Thomas P. Gaunt, S.J.
1016 – 16th St. NW, Suite 400
Washington, DC 20036

David Henderson
P.O. Box 2441
135 Ridgecrest
Bethel, AK 99559

<u>Delores Kilongak</u>
Jim Valcarce
Valcarce Law Office, LLC
P.O. Box 409
900 3rd Avenue
Bethel, AK 99559

<u>Various Unsecured Tort Claimant Creditors, including FV, GV and JV</u>
Joseph A Blumel
4407 N Division St #900
Spokane, WA 99207

Charlene Rae Sam
c/o John D. Allison
Eymann Allison Hunter Jones
2208 West Second Ave.
Spokane, WA 99201

Roger Hotrum
Doc #923581
POB 2049
Airway Heights, WA 99001

Fr. Robert Grimm,, SJ
Society of Jesus
Borgo S. Spirito 4
00193 Roma
ITALY

Securities and Exchange Commission
SEC Headquarters
100 F Street, NE
Washington, DC 20549

Cormac Brissett
Loyola Jesuit House
6234 North Kenmore Avenue
Chicago, IL 60660-2101

Frederick J Odsen
James M. Gorski
Hughes Pfiffner Gorski Seedorf & Odsen
3900 C Street, Suite 1001
Anchorage, AK 99503

<u>Florence Kenney, Eric Olson</u>
Ken Roosa
Cooke Roosa LLC
3700 Jewel Lake Road
Anchorage, AK 99502

H. Douglas Spruance III
Feltman, Gebhardt Greer & Zeimantz
1400 Paulsen Center
421 West Riverside Avenue
Spokane, WA 99201

Kasey C. Nye
Quarles & Brady LLP
One S. Church Street, Suite 1700
Tucson, Arizona 85701

<u>Counsel for Certain State Court Plaintiffs, Creditors of the Debtors</u>
Breck Barton
Breck Barton & Associates P.A.
P.O. Box 100
Rexburg, ID 83440

Jerome Darrell Akles
213 SE 192nd Ave. #104
Portland, OR 97233

Michelle Menely
Gordon Thomas Honeywell Malanca Peterson
600 University Street, Suite 2100
Seattle, WA 98101-4185

<u>Society of Jesus, Rome</u>
c/o Robert E. Ganja
The Northern Trust Co of Illinois
50 S. LaSalle Street
Chicago, IL 60675

Nathan W. Henry
114-A Vista Way
Kennewick, WA 99336

John C. Manly
Rebecca L. Rhoades
Manly & Stewart
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660

Sean E. Brown
Power and Brown, LLC
PO Box 1809
Bethel, AK 99559

Julio K. Morales
Morales Law Office
212 W. Spruce Street
Missoula, MT 59802

SOJ – Wisconsin Province
Ray F. Clary
Etter McMahon Lamberson Clary
Bank of Whitman Bldg. #210
618 West Riverside
Spokane, WA 99201

Fr. James E. Grummer,, SJ
Society of Jesus
Borgo S. Spirito 4
00193 Roma
ITALY

## **ECF PARTICIPANTS**

- JOHN D ALLISON    jdallison@eahjlaw.com, lhansen@eahjlaw.com

- SUSAN G BOSWELL    susan.boswell@quarles.com

- JAMES S BRUCE    james@jordancaplan.com

- JEANNE M CHAMBERLAIN    jeanne.chamberlain@tonkon.com, leslie.hurd@tonkon.com

- LAWRENCE R COCK    lrc@cablelang.com, jschiewe@cablelang.com;joanie@cablelang.com

- THOMAS V DULCICH    tdulcich@schwabe.com, sslattery@schwabe.com;cbryan@schwabe.com;docket@schwabe.com;cgray@schwabe.com

- FORD ELSAESSER    felsaesser@ejame.com, james@ejame.com;brucea@ejame.com;hscott@ejame.com;darla@ejame.com;ford@ejame.com

- DANIEL T FASY    daniel@pcvklaw.com, Linnea@pcvklaw.com

- JOSEPH A FIELD    joe@fieldjerger.com, koren@fieldjerger.com

- SCOTT N GODES    godess@dicksteinshapiro.com

- RICHARD D HALTON    rhalton@earthlink.net

- LEANDER L JAMES    ljames@jvwlaw.net, bonte@jvwlaw.net

- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com

- COLLEEN KINERK    ckinerk@cablelang.com, joanie@cablelang.com

- JAMES B KING    KSchulman@ecl-law.com

- TIMOTHY D KOSNOFF    timothy@pcvklaw.com, bernadette@pcvklaw.com

- HOWARD M LEVINE    howard@sussmanshank.com, janine@sussmanshank.com

- PATRICK C MAXCY

- JOSEPH M MEIER    jmeier@cosholaw.com, jbean@cosholaw.com

- ROBERT B MILLNER    rmillner@sonnenschein.com

- JOHNSTON A MITCHELL    johnstonlaw@comcast.net, coers@comcast.net

- JOHN D MUNDING    munding@crumb-munding.com

- JAMES R MURRAY     murrayj@dicksteinshapiro.com, priceb@dicksteinshapiro.com

- DANIEL J NEPPL     dneppl@sidley.com, efilingnotice@sidley.com

- L MARTIN NUSSBAUM     mnussbaum@rothgerber.com, klutterschmidt@rothgerber.com

- DOUGLAS R PAHL     dpahl@perkinscoie.com, etherrien@perkinscoie.com;docketpor@perkinscoie.com

- TERESA H PEARSON     teresa.pearson@millernash.com, teri.cochran@millernash.com;lisa.conrad@millernash.com

- MICHAEL T PFAU     michael@pcvklaw.com, Bernadette@pcvklaw.com

- ALEX I POUST     apoust@schwabe.com, dsalt@schwabe.com;docket@schwabe.com

- HAMID R RAFATJOO     hrafatjoo@pszjlaw.com, sploussard@pszjlaw.com

- KENNETH P ROOSA     info@cookeroosa.com

- TARA J SCHLEICHER     tschleicher@fwwlaw.com, dfallon@fwwlaw.com;ldemeter@fwwlaw.com

- DALE H SCHOFIELD     hschofield@msn.com

- F MIKE SHAFFER     fshaffer@gth-law.com, klarkin@gth-law.com;ksnyder@gth-law.com

- PAUL J SIEVERS     psievers@manlystewart.com, djohnson@manlystewart.com

- PAMELA EGAN SINGER     psinger@pszjlaw.com, pjeffries@pszjlaw.com;ksuk@pszjlaw.com

- BRYAN G SMITH     bsmith@tamakilaw.com, btamaki@tamakilaw.com;bonnilee@tamakilaw.com;dward@tamakilaw.com;tschleicher@fwwlaw.com

- JAN D SOKOL     jdsokol@lawssg.com

- JAMES I STANG     jstang@pszjlaw.com, dhinojosa@pszjlaw.com

- LISA Y STEVENS     stevensl@dicksteinshapiro.com, proulxj@dicksteinshapiro.com

- THOMAS W STILLEY     tom@sussmanshank.com, janine@sussmanshank.com

- SUSAN A STONE     sstone@sidley.com, efilingnotice@sidley.com

- BRAD T SUMMERS     tsummers@balljanik.com, akimmel@balljanik.com

- BLAINE L TAMAKI     btamaki@tamakilaw.com, dward@tamakilaw.com

- US Trustee, Portland     USTPRegion18.PL.ECF@usdoj.gov

- TIMOTHY C WALTON    timwalton2000@hotmail.com

- JOHN W WEIL    bmail@hooplaw.com, csayles@hooplaw.com

# EXHIBIT 1

# To Rule 4(f) Order

Rule 2004 Order (Grimm)

Below is an Order of the Court.

*Elizabeth L Perris*
ELIZABETH PERRIS
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 09-30938-elp |
| Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation, | Chapter 11 |
| Debtor | **ORDER GRANTING EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUIRING PRODUCTION OF SOJ INSURANCE POLICIES BY FR. ROBERT GRIMM, SJ** |

Upon consideration of the *Ex Parte Application of Official Committee for Unsecured Creditors for Order Pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure Requiring Production of SOJ Insurance Policies by Fr. Robert Grimm, SJ* (the "2004 Application"),[1] filed by the Committee, which 2004 Application seeks an order of this Court instructing Fr. Robert Grimm, SJ to produce the documents identified in **Exhibit A** attached hereto and to the 2004 Application, and it appearing that the relief requested in the 2004 Application may be authorized pursuant to Bankruptcy Rule 2004, and notice of the 2004 Application having been provided to the Office of the United States Trustee, Debtor, Fr. Robert Grimm, SJ, the Society of Jesus, and those parties who

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the 2004 Application.

1    have requested special notice pursuant to Bankruptcy Rule 2002; and it appearing that no other or

2    further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is

3    hereby:

4         ORDERED that the 2004 Application is granted; and it is further;

5         ORDERED that Fr. Robert Grimm, SJ shall produce the documents identified in **Exhibit A**

6    attached hereto pursuant to the terms set forth therein and any authorized subpoena; and it is further;

7         ORDERED that this Court retains jurisdiction with respect to all matters arising from or

8    related to the implementation of this Order.

9               ###

10

11   Presented by:

12   PACHULSKI STANG ZIEHL & JONES LLP

13

14   By    */s/ Pamela E. Singer*
      James I. Stang (CA Bar No. 94435)

15         Hamid R. Rafatjoo (CA Bar No. 181564)
      Pamela E. Singer (OR Bar No. 89423)

16         10100 Santa Monica Blvd., 11th Floor
      Los Angeles, CA 90067-4100

17         Telephone: 310/277-6910
      Facsimile: 310/201-0760

18         Attorneys for Official Committee of
      Unsecured Creditors

19   cc:  Parties to Receive by Mail
     ECF Participants

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

### Request for Production of Documents
### Pursuant to Rule 2004 Subpoena

The following definitions and instructions apply to the *Order Pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure for Production of Insurance Policies* (the "Order") and to this *Request for Production of Documents* (the "Request").

## DEFINITIONS

The following defined terms shall have the meaning ascribed below (any term in the singular shall include the plural and vice versa):

"COMMUNICATIONS" means and includes all oral and written communications of any nature, type or kind including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

"CONCERNING" means and includes REGARDING, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to.

"DEBTOR" means, and refers to, The Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation, the debtor in the above-captioned bankruptcy case; and includes all entities operating under it, including but not limited to the Society of Jesus, Oregon Province, a juridic person, institution, or religious order under the Canon law of the Roman Catholic Church, and any PERSON acting on DEBTOR'S behalf or otherwise subject to DEBTOR'S control, including, but not limited to, THE PROVINCIAL, major and local superiors, directors, socii, helpers, priests, members, consultors, financial administrators, treasurers, reviosor arcarum, and/or other officials of the Society of Jesus, Oregon Province.

The term "DOCUMENT" is used herein in the broadest possible sense as specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, graphic or otherwise recorded matter, however produced, reproduced, or stored, and all "writings" as defined in Rule 1001 of the Federal Rules of Evidence, and all other tangible things by which human communication is transmitted or stored, meaning any kind of printed, electronic, recorded, graphic, or photographic matter, however printed, produced, reproduced, copies, reproductions, facsimiles, drafts and both sides thereof, including without limitation any kind of written, typewritten, graphic, photographic, printed, taped or recorded material whatsoever, regardless whether the same is an original, a copy, a reproduction, a facsimile, telex or telefax, and regardless of the source or author thereof, including without limitation, any writing filed for reporting or other purposes with any state, federal or local agency; notes; memoranda, including

but not limited to memoranda of telephone conversations; letters; audited financial statements; unaudited financial statements; financial ledgers; intra-office or inter-office communications; circulars; bulletins; manuals; results of investigations; progress reports; study made by or for business or personal use; financial reports and data of any kind; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; transcriptions of conversations or tape recordings; desk calendars; bank checks; purchase orders; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer data; job or transaction files; appointment books; books, records, and copies; electronic mail messages; extracts and summaries of other Documents; drafts of any of the above, whether used or not; and any other writing or recording; computer and other business machine printouts, programs, listings, projections, as well as any carbon or photographic or copies, reproductions or facsimiles thereof and all copies which differ in any way from the original, including without limitation, all forms of electronic media, data, data storage and other forms of electronic or computer-stored or computer-generated communications, data, or representations. This includes, but is not limited to, such material in the form of ELECTRONICALLY STORED INFORMATION: that is, any data present in memory or on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), saved in an archive, present as "deleted" but recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material. Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document. Any DOCUMENT that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another DOCUMENT, is to be considered a separate DOCUMENT.

"ELECTRONICALLY STORED INFORMATION" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by YOU, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of YOU and YOUR employees, or on associated external storage media, backup tapes, and other archival copies of same. Unless otherwise specified, Documents, reports, and other ELECTRONICALLY STORED INFORMATION created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides. The document should not be locked, resaved, restructures, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in YOUR systems. Unless otherwise specified, electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by YOUR mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags,

message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

"PERSON" means and includes individuals and entities, civil or canonical, including, but not limited to, communities, houses, ministries, regions, funds, missions, or apostolic institutions, as those terms are used under the laws of the Roman Catholic Church, for profit and not for profit corporations, partnerships, unincorporated associations, limited liability companies, trusts, firms, cooperatives, fictitious business names, educational institutions, governmental agencies whether local, state, or federal, and any and all of their agents, representatives, employees, predecessors, and/or any other person acting on its/their behalf or subject to its/their control.

"PROPERTY" shall mean any thing which may be owned whether such thing is tangible, intangible, incorporeal, and/or real, including but not limited to real and personal property.

"THE PROVINCIAL" shall mean the Provincial of the Society of Jesus, Oregon Province, currently Father Patrick J. Lee.

"REFLECTING" shall mean describing, discussing, EVIDENCING, referring to, REGARDING, CONCERNING, constituting, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

"REGARDING" shall mean describing, discussing, evidencing, REFLECTING, referring to, CONCERNING, constituting, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

"SOCIETY OF JESUS" means and refers to the religious order of the Roman Catholic Church of the same name, headquartered in Rome, Italy, led by a Superior General, currently Adolfo Nicolás, whose members are commonly referred to as Jesuits, and includes, but it not limited to, the Society of Jesus Curia General and/or the entity referred to as the "SJ Curia General," in the letter of Teresa Pearson to Pamela Singer, dated March 24, 2010 and which is attached hereto as Exhibit 1.

"YOU" or "YOUR" means and refers to Fr. Robert Grimm, SJ, Associate General Treasurer of the SOCIETY OF JESUS.

# INSTRUCTIONS

At 12:00 p.m., prevailing local time, on the first business day that is thirty days after service of the Order upon YOU, YOU shall make the documents subject to this Request available for inspection and copying at the following address:

> Borgo S. Spirito 4
> 00193 Roma
> ITALY

In lieu of producing the documents subject to this Request at the date, time, and place indicated above, legible copies of those documents may be sent, for receipt on or before the first business day that is thirty days after service of the Order upon You, to:

> Pachulski Stang Ziehl & Jones, LLP,
> 10100 Santa Monica Blvd., 11th Floor,
> Los Angeles, California 90067;
> ATTN: James I. Stang, Esq.

YOU are required to conduct a thorough investigation and produce all DOCUMENTS (as defined below) in YOUR possession, custody, or control, including all DOCUMENTS in the possession, custody or control of any PERSON acting on YOUR behalf or otherwise subject to YOUR control.

YOU are required to serve a written response to the Request, which would comply with the *Federal Rules of Bankruptcy Procedure 7034*, incorporating the provisions of *Federal Rules of Civil Procedure 34* (the "Response"). The Response shall be served ***no later than twenty days after service of the Order upon YOU***, and shall state, with respect to each category below, that the inspection will be permitted as requested unless YOU object to the specific request and state the reasons for the objection. If an objection is made to a part of an item or category, that part shall be specified and inspection permitted of the remaining parts.

The use of either the singular or plural shall not be deemed a limitation. The use of the singular should be considered to include the plural and vice versa.

The words "and," "or," and "and/or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly as necessary to bring within the scope of the Request those DOCUMENTS that might otherwise be construed to be outside the scope.

If YOU are unable to comply with a particular category(ies) of the Requests below and DOCUMENTS responsive to the category are in existence, state the following information:

> The date of the DOCUMENT;

The type of DOCUMENT (*e.g.*, letter, memorandum, report, *etc.*);

The name, address, telephone number and title of the author(s) of the DOCUMENT;

The name, address, telephone number and title of each recipient of the DOCUMENT;

The number of pages in the DOCUMENT;

The document control number, if any;

The present location(s) of the DOCUMENT, and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

A specific description of the subject matter of the DOCUMENT;

The reason why the DOCUMENT cannot be produced or why YOU are unable to comply with the particular category of request.

YOU are required to produce the full and complete *originals,* or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and YOU or YOUR authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s).

YOU are required to produce the DOCUMENTS as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

DOCUMENTS may be produced in paper format or electronically.  If DOCUMENTS are produced electronically, or if any ESI is produced, the following formatting is requested:

Use .tiff format for all DOCUMENTS;

If possible, without creating undue delay, please produce DOCUMENTS in Summation-ready CDs or DVDs with .tiff and text format, and with a Summation load file;

Transmit electronic DOCUMENTS or ESI on a CD or DVD or use an ftp site upload.

If YOU withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, each such DOCUMENT must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged DOCUMENTS responsive to this Request, and which privilege log shall state the following information:

The date of the DOCUMENT;

The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

The name, address, telephone number and title of the author(s) of the DOCUMENT;

The name, address, telephone number and title of each recipient of the DOCUMENT;

The number of pages in the DOCUMENT;

The document control number, if any;

The present location(s) of the DOCUMENT, and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected communication;

The specific privilege(s) or protection(s) that YOU contend applies.

## REQUESTS FOR PRODUCTION AND EXAMINATION

From 1940 forward, copies of all liability insurance policies pursuant to which the SOCIETY OF JESUS is a named insured.

From 1940 forward, copies of all liability insurance policies pursuant to which the SOCIETY OF JESUS is an unnamed insured or co-insured.

From 1940 forward, copies of all certificates of insurance indicating that the SOCIETY OF JESUS is insured under any liability insurance policy.

All insurance policies that the SOCIETY OF JESUS reviewed and/or relied upon in making the statement in its letter dated March 24, 2010, attached hereto as Exhibit 1, that "the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP."

All DOCUMENTS (other than insurance policies produced pursuant to request number 4) that the SOCIETY OF JESUS reviewed and/or relied upon in making the statement in its letter dated March 24, 2010, attached hereto as Exhibit 1, that "the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP."

From 1940 forward, all DOCUMENTS CONCERNING any claims submitted to an insurer with respect to any claim asserted against the DEBTOR or against PROPERTY in which the DEBTOR has, had or claimed any interest (legal, beneficial, equitable, tenancy, supervisory, administrative, possessory, residual, contingent, or otherwise).

From 1940 forward, all DOCUMENTS REFLECTING COMMUNICATIONS regarding insurance coverage for any claim against the DEBTOR.

From 1940 forward, all DOCUMENTS REFLECTING COMMUNICATIONS regarding the purchase of insurance coverage of the DEBTOR (including all applications for such insurance).

# **<u>Exhibit 1</u>**



PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
OFFICE 503.224.5858
FAX 503.224.0155

Teresa H. Pearson, P.C.
Admitted in Oregon and Washington
teresa.pearson@millernash.com
(503) 205-2646 direct line

March 24, 2010

BY FIRST-CLASS MAIL AND
ELECTRONIC MAIL

Ms. Pamela E. Singer
Attorney at Law
Pachulski Stang Ziehl & Jones
150 California Street, 15th Floor
San Francisco, California 94111-4500

Mr. Thomas W. Stilley
Sussman Shank LLP
Suite 1400
1000 S.W. Broadway Street
Portland, Oregon 97205

Subject:    Your Request for Information about Insurance

Dear Pamela and Tom:

The Society of Jesus General Curia (the "SJ General Curia") is an arm of
the Holy See which, as the central government of the Roman Catholic Church, is an
internationally recognized sovereign entity. We are specially appearing to contest
jurisdiction in the adversary proceeding entitled <u>James Doe, 59, et al. v. Society of Jesus,
Oregon Province, et al.</u>, adversary proceeding case no. 09-03318-elp, on behalf of the
defendant identified as "The Society of Jesus, Father General Adolfo Nicolas, SJ and His
Predecessors." The plaintiffs in that case have apparently attempted to bring suit
against the SJ General Curia. The SJ General Curia has not otherwise appeared or
participated in the bankruptcy case of the Society of Jesus, Oregon Province.

You have asked whether the SJ General Curia has any "liability insurance
policies for the years 1945 to the present that may cover claims of sex abuse against
SJOP" (copy attached). The SJ General Curia has and continues to preserve its
objections to the bankruptcy court's exercise of subject matter jurisdiction and personal
jurisdiction for any purpose. The SJ General Curia also asserts that it is entitled to
sovereign immunity. The SJ General Curia objects to any discovery until issues related



MILLER NASH LLP

ATTORNEYS AT LAW

PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

Ms. Pamela E. Singer
Mr. Thomas W. Stilley
March 24, 2010
Page 2

to personal jurisdiction, subject matter jurisdiction, and sovereign immunity are fully and finally resolved.

Notwithstanding the foregoing and without waiving any objections, the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP.

Thank you for your inquiry.

Very truly yours,

MILLER NASH LLP

Teresa H. Pearson

Teresa H. Pearson, P.C.

## NAMES AND ADDRESSES OF PARTIES
## REQUIRING PAPER SERVICE

Michel Yves Horton
Paul A. Richler
David Sean Cox
Morgan, Lewis & Bockius LLP
300 South Grand Ave, 22nd Fl.
Los Angeles, CA 90071-3132

Various unsecured tort claimant
creditors
ANDREW M CHASAN
Chasan & Walton
POB 1069
Boise, ID 83701

Jesuit Conference, Inc.
Rev. Thomas P. Gaunt, S.J.
1016 – 16th St. NW, Suite 400
Washington, DC 20036

David Henderson
P.O. Box 2441
135 Ridgecrest
Bethel, AK 99559

Delores Kilongak
Jim Valcarce
Valcarce Law Office, LLC
P.O. Box 409
900 3rd Avenue
Bethel, AK 99559

Various Unsecured Tort Claimant
Creditors, including FV, GV and JV
Joseph A Blumel
4407 N Division St #900
Spokane, WA 99207

Charlene Rae Sam
c/o John D. Allison
Eymann Allison Hunter Jones
2208 West Second Ave.
Spokane, WA 99201

Roger Hotrum
Doc #923581
POB 2049
Airway Heights, WA 99001

Securities and Exchange Commission
SEC Headquarters
100 F Street, NE
Washington, DC 20549

Cormac Brissett
Loyola Jesuit House
6234 North Kenmore Avenue
Chicago, IL 60660-2101

Frederick J Odsen
James M. Gorski
Hughes Pfiffner Gorski Seedorf &
Odsen
3900 C Street, Suite 1001
Anchorage, AK  99503

Florence Kenney, Eric Olson
Ken Roosa
Cooke Roosa LLC
3700 Jewel Lake Road
Anchorage, AK 99502

H. Douglas Spruance III
Feltman, Gebhardt Greer & Zeimantz
1400 Paulsen Center
421 West Riverside Avenue
Spokane, WA  99201

Kasey C. Nye
Quarles & Brady LLP
One S. Church Street, Suite 1700
Tucson, Arizona 85701

Counsel for Certain State Court
Plaintiffs, Creditors of the Debtors
Breck Barton
Breck Barton & Associates P.A.
P.O. Box 100
Rexburg, ID 83440

Jerome Darrell Akles
213 SE 192nd Ave. #104
Portland, OR 97233

Michelle Menely
Gordon Thomas Honeywell Malanca
Peterson
600 University Street, Suite 2100
Seattle, WA 98101-4185

Society of Jesus, Rome
c/o Robert E. Ganja
The Northern Trust Co of Illinois
50 S. LaSalle Street
Chicago, IL 60675

Nathan W. Henry
114-A Vista Way
Kennewick, WA 99336

John C. Manly
Rebecca L. Rhoades
Manly & Stewart
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660

Sean E. Brown
Power and Brown, LLC
PO Box 1809
Bethel, AK  99559

Julio K. Morales
Morales Law Office
212 W. Spruce Street
Missoula, MT  59802

SOJ – Wisconsin Province
Ray F. Clary
Etter McMahon Lamberson Clary
Bank of Whitman Bldg. #210
618 West Riverside
Spokane, WA 99201

## ECF PARTICIPANTS

- JOHN D ALLISON    jdallison@eahjlaw.com, lhansen@eahjlaw.com
- SUSAN G BOSWELL   susan.boswell@quarles.com
- JAMES S BRUCE    james@jordancaplan.com
- JEANNE M CHAMBERLAIN    jeanne.chamberlain@tonkon.com, leslie.hurd@tonkon.com
- LAWRENCE R COCK    lrc@cablelang.com, jschiewe@cablelang.com;joanie@cablelang.com

- THOMAS V DULCICH    tdulcich@schwabe.com,
  sslattery@schwabe.com;cbryan@schwabe.com;docket@schwabe.com;cgray@schwabe.com
- FORD ELSAESSER    felsaesser@ejame.com,
  james@ejame.com;brucea@ejame.com;hscott@ejame.com;darla@ejame.com;ford@ejame.com
- DANIEL T FASY    daniel@pcvklaw.com, Linnea@pcvklaw.com
- JOSEPH A FIELD    joe@fieldjerger.com, koren@fieldjerger.com
- SCOTT N GODES    godess@dicksteinshapiro.com
- RICHARD D HALTON    rhalton@earthlink.net
- LEANDER L JAMES    ljames@jvwlaw.net, bonte@jvwlaw.net
- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com
- COLLEEN KINERK    ckinerk@cablelang.com, joanie@cablelang.com
- JAMES B KING    KSchulman@ecl-law.com
- TIMOTHY D KOSNOFF    timothy@pcvklaw.com, bernadette@pcvklaw.com
- HOWARD M LEVINE    howard@sussmanshank.com, janine@sussmanshank.com
- JOSEPH M MEIER    jmeier@cosholaw.com, jbean@cosholaw.com
- ROBERT B MILLNER    rmillner@sonnenschein.com
- JOHNSTON A MITCHELL    johnstonlaw@comcast.net, coers@comcast.net
- JOHN D MUNDING    munding@crumb-munding.com
- JAMES R MURRAY    murrayj@dicksteinshapiro.com, priceb@dicksteinshapiro.com
- DANIEL J NEPPL    dneppl@sidley.com, efilingnotice@sidley.com
- L MARTIN NUSSBAUM    mnussbaum@rothgerber.com, klutterschmidt@rothgerber.com
- DOUGLAS R PAHL    dpahl@perkinscoie.com, etherrien@perkinscoie.com;docketpor@perkinscoie.com
- TERESA H PEARSON    teresa.pearson@millernash.com,
  teri.cochran@millernash.com;lisa.conrad@millernash.com
- MICHAEL T PFAU    michael@pcvklaw.com, Bernadette@pcvklaw.com
- ALEX I POUST    apoust@schwabe.com, dsalt@schwabe.com;docket@schwabe.com
- HAMID R RAFATJOO    hrafatjoo@pszjlaw.com, sploussard@pszjlaw.com
- KENNETH P ROOSA    info@cookeroosa.com
- TARA J SCHLEICHER    tschleicher@fwwlaw.com, dfallon@fwwlaw.com;ldemeter@fwwlaw.com
- DALE H SCHOFIELD    hschofield@msn.com
- F MIKE SHAFFER    fshaffer@gth-law.com, klarkin@gth-law.com;ksnyder@gth-law.com
- PAUL J SIEVERS    psievers@manlystewart.com, djohnson@manlystewart.com
- PAMELA EGAN SINGER    psinger@pszjlaw.com, pjeffries@pszjlaw.com;ksuk@pszjlaw.com
- BRYAN G SMITH    bsmith@tamakilaw.com,
  btamaki@tamakilaw.com;bonnilee@tamakilaw.com;dward@tamakilaw.com;tschleicher@fwwlaw.com
- JAN D SOKOL    jdsokol@lawssg.com
- JAMES I STANG    jstang@pszjlaw.com, dhinojosa@pszjlaw.com
- LISA Y STEVENS    stevensl@dicksteinshapiro.com, proulxj@dicksteinshapiro.com
- THOMAS W STILLEY    tom@sussmanshank.com, janine@sussmanshank.com
- SUSAN A STONE    sstone@sidley.com, efilingnotice@sidley.com
- BRAD T SUMMERS    tsummers@balljanik.com, akimmel@balljanik.com
- BLAINE L TAMAKI    btamaki@tamakilaw.com, dward@tamakilaw.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov
- TIMOTHY C WALTON    timwalton2000@hotmail.com
- JOHN W WEIL    bmail@hooplaw.com, csayles@hooplaw.com

# Rule 2004 Subpoena (Grimm)

# UNITED STATES BANKRUPTCY COURT

### District of Oregon

In re
Society of Jesus, Oregon Province, an Oregon
domestic nonprofit religious corporation

**SUBPOENA FOR RULE 2004 EXAMINATION**

Debtor

Case No.* <u>09-30938-elp</u>

To:

    Fr. Robert Grimm, SJ
    Society of Jesus
    Borgo S. Spirito 4
    00193 Roma
    Italy

Chapter <u>11</u>

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See **Exhibit A** attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Borgo S. Spirito 4, 00193 Roma, ITALY, or, in the alternative, Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067; ATTN: James I. Stang, Esq. | 12:00 p.m., prevailing local time, on the first business day that is thirty days after service of the Order upon YOU |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ *Pamela Egan Singer*, attorneys for the Official Committee of Unsecured Creditors |  |

| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER |
|---|
| Pamela Egan Singer, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor San Francisco, CA 94111, Tel: (415) 263-7000 |

\* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                  DATE

                  SIGNATURE OF SERVER

                  ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT A

## Request for Production of Documents
## Pursuant to Rule 2004 Subpoena

The following definitions and instructions apply to the *Order Pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure for Production of Insurance Policies* (the "Order") and to this *Request for Production of Documents* (the "Request").

## DEFINITIONS

The following defined terms shall have the meaning ascribed below (any term in the singular shall include the plural and vice versa):

"COMMUNICATIONS" means and includes all oral and written communications of any nature, type or kind including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

"CONCERNING" means and includes REGARDING, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to.

"DEBTOR" means, and refers to, The Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation, the debtor in the above-captioned bankruptcy case; and includes all entities operating under it, including but not limited to the Society of Jesus, Oregon Province, a juridic person, institution, or religious order under the Canon law of the Roman Catholic Church, and any PERSON acting on DEBTOR'S behalf or otherwise subject to DEBTOR'S control, including, but not limited to, THE PROVINCIAL, major and local superiors, directors, socii, helpers, priests, members, consultors, financial administrators, treasurers, reviosor arcarum, and/or other officials of the Society of Jesus, Oregon Province.

The term "DOCUMENT" is used herein in the broadest possible sense as specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, graphic or otherwise recorded matter, however produced, reproduced, or stored, and all "writings" as defined in Rule 1001 of the Federal Rules of Evidence, and all other tangible things by which human communication is transmitted or stored, meaning any kind of printed, electronic, recorded, graphic, or photographic matter, however printed, produced, reproduced, copies, reproductions, facsimiles, drafts and both sides thereof, including without limitation any kind of written, typewritten, graphic, photographic, printed, taped or recorded material whatsoever, regardless whether the same is an original, a copy, a reproduction, a facsimile, telex or telefax, and regardless of the source or author thereof, including without limitation, any writing filed for reporting or other purposes with any state, federal or local agency; notes; memoranda, including

but not limited to memoranda of telephone conversations; letters; audited financial statements; unaudited financial statements; financial ledgers; intra-office or inter-office communications; circulars; bulletins; manuals; results of investigations; progress reports; study made by or for business or personal use; financial reports and data of any kind; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; transcriptions of conversations or tape recordings; desk calendars; bank checks; purchase orders; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer data; job or transaction files; appointment books; books, records, and copies; electronic mail messages; extracts and summaries of other Documents; drafts of any of the above, whether used or not; and any other writing or recording; computer and other business machine printouts, programs, listings, projections, as well as any carbon or photographic or copies, reproductions or facsimiles thereof and all copies which differ in any way from the original, including without limitation, all forms of electronic media, data, data storage and other forms of electronic or computer-stored or computer-generated communications, data, or representations. This includes, but is not limited to, such material in the form of ELECTRONICALLY STORED INFORMATION: that is, any data present in memory or on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), saved in an archive, present as "deleted" but recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material. Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document. Any DOCUMENT that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another DOCUMENT, is to be considered a separate DOCUMENT.

"ELECTRONICALLY STORED INFORMATION" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by YOU, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of YOU and YOUR employees, or on associated external storage media, backup tapes, and other archival copies of same. Unless otherwise specified, Documents, reports, and other ELECTRONICALLY STORED INFORMATION created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides. The document should not be locked, resaved, restructures, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in YOUR systems. Unless otherwise specified, electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by YOUR mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags,

message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

"PERSON" means and includes individuals and entities, civil or canonical, including, but not limited to, communities, houses, ministries, regions, funds, missions, or apostolic institutions, as those terms are used under the laws of the Roman Catholic Church, for profit and not for profit corporations, partnerships, unincorporated associations, limited liability companies, trusts, firms, cooperatives, fictitious business names, educational institutions, governmental agencies whether local, state, or federal, and any and all of their agents, representatives, employees, predecessors, and/or any other person acting on its/their behalf or subject to its/their control.

"PROPERTY" shall mean any thing which may be owned whether such thing is tangible, intangible, incorporeal, and/or real, including but not limited to real and personal property.

"THE PROVINCIAL" shall mean the Provincial of the Society of Jesus, Oregon Province, currently Father Patrick J. Lee.

"REFLECTING" shall mean describing, discussing, EVIDENCING, referring to, REGARDING, CONCERNING, constituting, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

"REGARDING" shall mean describing, discussing, evidencing, REFLECTING, referring to, CONCERNING, constituting, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

"SOCIETY OF JESUS" means and refers to the religious order of the Roman Catholic Church of the same name, headquartered in Rome, Italy, led by a Superior General, currently Adolfo Nicolás, whose members are commonly referred to as Jesuits, and includes, but it not limited to, the Society of Jesus Curia General and/or the entity referred to as the "SJ Curia General," in the letter of Teresa Pearson to Pamela Singer, dated March 24, 2010 and which is attached hereto as Exhibit 1.

"YOU" or "YOUR" means and refers to Fr. Robert Grimm, SJ, Associate General Treasurer of the SOCIETY OF JESUS.

# INSTRUCTIONS

At 12:00 p.m., prevailing local time, on the first business day that is thirty days after service of the Order upon YOU, YOU shall make the documents subject to this Request available for inspection and copying at the following address:

> Borgo S. Spirito 4
> 00193 Roma
> ITALY

In lieu of producing the documents subject to this Request at the date, time, and place indicated above, legible copies of those documents may be sent, for receipt on or before the first business day that is thirty days after service of the Order upon You, to:

> Pachulski Stang Ziehl & Jones, LLP,
> 10100 Santa Monica Blvd., 11th Floor,
> Los Angeles, California 90067;
> ATTN: James I. Stang, Esq.

YOU are required to conduct a thorough investigation and produce all DOCUMENTS (as defined below) in YOUR possession, custody, or control, including all DOCUMENTS in the possession, custody or control of any PERSON acting on YOUR behalf or otherwise subject to YOUR control.

YOU are required to serve a written response to the Request, which would comply with the *Federal Rules of Bankruptcy Procedure 7034*, incorporating the provisions of *Federal Rules of Civil Procedure 34* (the "Response"). The Response shall be served ***no later than twenty days after service of the Order upon YOU***, and shall state, with respect to each category below, that the inspection will be permitted as requested unless YOU object to the specific request and state the reasons for the objection. If an objection is made to a part of an item or category, that part shall be specified and inspection permitted of the remaining parts.

The use of either the singular or plural shall not be deemed a limitation. The use of the singular should be considered to include the plural and vice versa.

The words "and," "or," and "and/or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly as necessary to bring within the scope of the Request those DOCUMENTS that might otherwise be construed to be outside the scope.

If YOU are unable to comply with a particular category(ies) of the Requests below and DOCUMENTS responsive to the category are in existence, state the following information:

The date of the DOCUMENT;

The type of DOCUMENT (*e.g.*, letter, memorandum, report, *etc.*);

The name, address, telephone number and title of the author(s) of the DOCUMENT;

The name, address, telephone number and title of each recipient of the DOCUMENT;

The number of pages in the DOCUMENT;

The document control number, if any;

The present location(s) of the DOCUMENT, and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

A specific description of the subject matter of the DOCUMENT;

The reason why the DOCUMENT cannot be produced or why YOU are unable to comply with the particular category of request.

YOU are required to produce the full and complete *originals,* or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and YOU or YOUR authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s).

YOU are required to produce the DOCUMENTS as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

DOCUMENTS may be produced in paper format or electronically. If DOCUMENTS are produced electronically, or if any ESI is produced, the following formatting is requested:

Use .tiff format for all DOCUMENTS;

If possible, without creating undue delay, please produce DOCUMENTS in Summation-ready CDs or DVDs with .tiff and text format, and with a Summation load file;

Transmit electronic DOCUMENTS or ESI on a CD or DVD or use an ftp site upload.

If YOU withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, each such DOCUMENT must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged DOCUMENTS responsive to this Request, and which privilege log shall state the following information:

The date of the DOCUMENT;

The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

The name, address, telephone number and title of the author(s) of the DOCUMENT;

The name, address, telephone number and title of each recipient of the DOCUMENT;

The number of pages in the DOCUMENT;

The document control number, if any;

The present location(s) of the DOCUMENT, and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected communication;

The specific privilege(s) or protection(s) that YOU contend applies.

## REQUESTS FOR PRODUCTION AND EXAMINATION

From 1940 forward, copies of all liability insurance policies pursuant to which the SOCIETY OF JESUS is a named insured.

From 1940 forward, copies of all liability insurance policies pursuant to which the SOCIETY OF JESUS is an unnamed insured or co-insured.

From 1940 forward, copies of all certificates of insurance indicating that the SOCIETY OF JESUS is insured under any liability insurance policy.

All insurance policies that the SOCIETY OF JESUS reviewed and/or relied upon in making the statement in its letter dated March 24, 2010, attached hereto as Exhibit 1, that "the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP."

All DOCUMENTS (other than insurance policies produced pursuant to request number 4) that the SOCIETY OF JESUS reviewed and/or relied upon in making the statement in its letter dated March 24, 2010, attached hereto as Exhibit 1, that "the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP."

From 1940 forward, all DOCUMENTS CONCERNING any claims submitted to an insurer with respect to any claim asserted against the DEBTOR or against PROPERTY in which the DEBTOR has, had or claimed any interest (legal, beneficial, equitable, tenancy, supervisory, administrative, possessory, residual, contingent, or otherwise).

From 1940 forward, all DOCUMENTS REFLECTING COMMUNICATIONS regarding insurance coverage for any claim against the DEBTOR.

From 1940 forward, all DOCUMENTS REFLECTING COMMUNICATIONS regarding the purchase of insurance coverage of the DEBTOR (including all applications for such insurance).

# Exhibit 1 to Rule 2004 Subpoena (Grimm)



PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
OFFICE 503.224.5858
FAX 503.224.0155

Teresa H. Pearson, P.C.
Admitted in Oregon and Washington
teresa.pearson@millernash.com
(503) 205-2646 direct line

March 24, 2010

**BY FIRST-CLASS MAIL AND
ELECTRONIC MAIL**

Ms. Pamela E. Singer
Attorney at Law
Pachulski Stang Ziehl & Jones
150 California Street, 15th Floor
San Francisco, California 94111-4500

Mr. Thomas W. Stilley
Sussman Shank LLP
Suite 1400
1000 S.W. Broadway Street
Portland, Oregon 97205

Subject:      Your Request for Information about Insurance

Dear Pamela and Tom:

        The Society of Jesus General Curia (the "SJ General Curia") is an arm of
the Holy See which, as the central government of the Roman Catholic Church, is an
internationally recognized sovereign entity. We are specially appearing to contest
jurisdiction in the adversary proceeding entitled <u>James Doe, 59, et al. v. Society of Jesus,
Oregon Province, et al.</u>, adversary proceeding case no. 09-03318-elp, on behalf of the
defendant identified as "The Society of Jesus, Father General Adolfo Nicolas, SJ and His
Predecessors." The plaintiffs in that case have apparently attempted to bring suit
against the SJ General Curia. The SJ General Curia has not otherwise appeared or
participated in the bankruptcy case of the Society of Jesus, Oregon Province.

        You have asked whether the SJ General Curia has any "liability insurance
policies for the years 1945 to the present that may cover claims of sex abuse against
SJOP" (copy attached). The SJ General Curia has and continues to preserve its
objections to the bankruptcy court's exercise of subject matter jurisdiction and personal
jurisdiction for any purpose. The SJ General Curia also asserts that it is entitled to
sovereign immunity. The SJ General Curia objects to any discovery until issues related



PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

Ms. Pamela E. Singer
Mr. Thomas W. Stilley
March 24, 2010
Page 2

to personal jurisdiction, subject matter jurisdiction, and sovereign immunity are fully and finally resolved.

Notwithstanding the foregoing and without waiving any objections, the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP.

Thank you for your inquiry.

Very truly yours,

MILLER NASH LLP

*Teresa H. Pearson*

Teresa H. Pearson, P.C.

# EXHIBIT 2

# To Rule 4(f) Order

# Rule 2004 Order (Grummer)

Below is an Order of the Court.

*Elizabeth L Perris*
ELIZABETH PERRIS
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No.: 09-30938-elp |
| Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation, | Chapter 11 |
| Debtor | **ORDER GRANTING EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUIRING PRODUCTION OF SOJ INSURANCE POLICIES BY FR. JAMES E. GRUMMER, SJ** |

Upon consideration of the *Ex Parte Application of Official Committee for Unsecured Creditors for Order Pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure Requiring Production of SOJ Insurance Policies by Fr. James E. Grummer, SJ* (the "2004 Application"),[1] filed by the Committee, which 2004 Application seeks an order of this Court instructing Fr. James E. Grummer, SJ to produce the documents identified in **Exhibit A** attached hereto and to the 2004 Application, and it appearing that the relief requested in the 2004 Application may be authorized pursuant to Bankruptcy Rule 2004, and notice of the 2004 Application having been provided to the Office of the United States Trustee, Debtor, Fr. James E. Grummer, SJ, the Society of Jesus, and

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the 2004 Application.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

those parties who have requested special notice pursuant to Bankruptcy Rule 2002; and it appearing

that no other or further notice need be given; and after due deliberation and sufficient cause

appearing therefor, it is hereby:

ORDERED that the 2004 Application is granted; and it is further;

ORDERED that Fr. James E. Grummer, SJ shall produce the documents identified in **Exhibit**

**A** attached hereto pursuant to the terms set forth therein and any authorized subpoena; and it is

further;

ORDERED that this Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

###

Presented by:

PACHULSKI STANG ZIEHL & JONES LLP

By     */s/ Pamela E. Singer*
       James I. Stang (CA Bar No. 94435)
       Hamid R. Rafatjoo (CA Bar No. 181564)
       Pamela E. Singer (OR Bar No. 89423)
       10100 Santa Monica Blvd., 11th Floor
       Los Angeles, CA 90067-4100
       Telephone: 310/277-6910
       Facsimile: 310/201-0760
       Attorneys for Official Committee of
       Unsecured Creditors

cc:  Parties to Receive by Mail
     ECF Participants

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

### Request for Production of Documents
### Pursuant to Rule 2004 Subpoena

The following definitions and instructions apply to the *Order Pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure for Production of Insurance Policies* (the "Order") and to this *Request for Production of Documents* (the "Request").

## DEFINITIONS

The following defined terms shall have the meaning ascribed below (any term in the singular shall include the plural and vice versa):

"COMMUNICATIONS" means and includes all oral and written communications of any nature, type or kind including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

"CONCERNING" means and includes REGARDING, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to.

"DEBTOR" means, and refers to, The Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation, the debtor in the above-captioned bankruptcy case; and includes all entities operating under it, including but not limited to the Society of Jesus, Oregon Province, a juridic person, institution, or religious order under the Canon law of the Roman Catholic Church, and any PERSON acting on DEBTOR'S behalf or otherwise subject to DEBTOR'S control, including, but not limited to, THE PROVINCIAL, major and local superiors, directors, socii, helpers, priests, members, consultors, financial administrators, treasurers, reviosor arcarum, and/or other officials of the Society of Jesus, Oregon Province.

The term "DOCUMENT" is used herein in the broadest possible sense as specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, graphic or otherwise recorded matter, however produced, reproduced, or stored, and all "writings" as defined in Rule 1001 of the Federal Rules of Evidence, and all other tangible things by which human communication is transmitted or stored, meaning any kind of printed, electronic, recorded, graphic, or photographic matter, however printed, produced, reproduced, copies, reproductions, facsimiles, drafts and both sides thereof, including without limitation any kind of written, typewritten, graphic, photographic, printed, taped or recorded material whatsoever, regardless whether the same is an original, a copy, a reproduction, a facsimile, telex or telefax, and regardless of the source or author thereof, including without limitation, any writing filed for reporting or other purposes with any state, federal or local agency; notes; memoranda, including

but not limited to memoranda of telephone conversations; letters; audited financial statements; unaudited financial statements; financial ledgers; intra-office or inter-office communications; circulars; bulletins; manuals; results of investigations; progress reports; study made by or for business or personal use; financial reports and data of any kind; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; transcriptions of conversations or tape recordings; desk calendars; bank checks; purchase orders; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer data; job or transaction files; appointment books; books, records, and copies; electronic mail messages; extracts and summaries of other Documents; drafts of any of the above, whether used or not; and any other writing or recording; computer and other business machine printouts, programs, listings, projections, as well as any carbon or photographic or copies, reproductions or facsimiles thereof and all copies which differ in any way from the original, including without limitation, all forms of electronic media, data, data storage and other forms of electronic or computer-stored or computer-generated communications, data, or representations. This includes, but is not limited to, such material in the form of ELECTRONICALLY STORED INFORMATION: that is, any data present in memory or on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), saved in an archive, present as "deleted" but recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material. Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document. Any DOCUMENT that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another DOCUMENT, is to be considered a separate DOCUMENT.

"ELECTRONICALLY STORED INFORMATION" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by YOU, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of YOU and YOUR employees, or on associated external storage media, backup tapes, and other archival copies of same. Unless otherwise specified, Documents, reports, and other ELECTRONICALLY STORED INFORMATION created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides. The document should not be locked, resaved, restructures, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in YOUR systems. Unless otherwise specified, electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by YOUR mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags,

message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

"PERSON" means and includes individuals and entities, civil or canonical, including, but not limited to, communities, houses, ministries, regions, funds, missions, or apostolic institutions, as those terms are used under the laws of the Roman Catholic Church, for profit and not for profit corporations, partnerships, unincorporated associations, limited liability companies, trusts, firms, cooperatives, fictitious business names, educational institutions, governmental agencies whether local, state, or federal, and any and all of their agents, representatives, employees, predecessors, and/or any other person acting on its/their behalf or subject to its/their control.

"PROPERTY" shall mean any thing which may be owned whether such thing is tangible, intangible, incorporeal, and/or real, including but not limited to real and personal property.

"THE PROVINCIAL" shall mean the Provincial of the Society of Jesus, Oregon Province, currently Father Patrick J. Lee.

"REFLECTING" shall mean describing, discussing, EVIDENCING, referring to, REGARDING, CONCERNING, constituting, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

"REGARDING" shall mean describing, discussing, evidencing, REFLECTING, referring to, CONCERNING, constituting, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

"SOCIETY OF JESUS" means and refers to the religious order of the Roman Catholic Church of the same name, headquartered in Rome, Italy, led by a Superior General, currently Adolfo Nicolás, whose members are commonly referred to as Jesuits, and includes, but it not limited to, the Society of Jesus Curia General and/or the entity referred to as the "SJ Curia General," in the letter of Teresa Pearson to Pamela Singer, dated March 24, 2010 and which is attached hereto as Exhibit 1.

"YOU" or "YOUR" means and refers to Fr. James E. Grummer, SJ, Associate General Treasurer of the SOCIETY OF JESUS.

# INSTRUCTIONS

At 12:00 p.m., prevailing local time, on the first business day that is thirty days after service of the Order upon YOU, YOU shall make the documents subject to this Request available for inspection and copying at the following address:

>Borgo S. Spirito 4
>00193 Roma
>ITALY

In lieu of producing the documents subject to this Request at the date, time, and place indicated above, legible copies of those documents may be sent, for receipt on or before the first business day that is thirty days after service of the Order upon You, to:

>Pachulski Stang Ziehl & Jones, LLP,
>10100 Santa Monica Blvd., 11th Floor,
>Los Angeles, California 90067;
>ATTN: James I. Stang, Esq.

YOU are required to conduct a thorough investigation and produce all DOCUMENTS (as defined below) in YOUR possession, custody, or control, including all DOCUMENTS in the possession, custody or control of any PERSON acting on YOUR behalf or otherwise subject to YOUR control.

YOU are required to serve a written response to the Request, which would comply with the *Federal Rules of Bankruptcy Procedure 7034*, incorporating the provisions of *Federal Rules of Civil Procedure 34* (the "Response"). The Response shall be served ***no later than twenty days after service of the Order upon YOU***, and shall state, with respect to each category below, that the inspection will be permitted as requested unless YOU object to the specific request and state the reasons for the objection. If an objection is made to a part of an item or category, that part shall be specified and inspection permitted of the remaining parts.

The use of either the singular or plural shall not be deemed a limitation. The use of the singular should be considered to include the plural and vice versa.

The words "and," "or," and "and/or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly as necessary to bring within the scope of the Request those DOCUMENTS that might otherwise be construed to be outside the scope.

If YOU are unable to comply with a particular category(ies) of the Requests below and DOCUMENTS responsive to the category are in existence, state the following information:

The date of the DOCUMENT;

The type of DOCUMENT (*e.g.*, letter, memorandum, report, *etc.*);

The name, address, telephone number and title of the author(s) of the DOCUMENT;

The name, address, telephone number and title of each recipient of the DOCUMENT;

The number of pages in the DOCUMENT;

The document control number, if any;

The present location(s) of the DOCUMENT, and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

A specific description of the subject matter of the DOCUMENT;

The reason why the DOCUMENT cannot be produced or why YOU are unable to comply with the particular category of request.

YOU are required to produce the full and complete *originals,* or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and YOU or YOUR authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s).

YOU are required to produce the DOCUMENTS as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

DOCUMENTS may be produced in paper format or electronically. If DOCUMENTS are produced electronically, or if any ESI is produced, the following formatting is requested:

Use .tiff format for all DOCUMENTS;

If possible, without creating undue delay, please produce DOCUMENTS in Summation-ready CDs or DVDs with .tiff and text format, and with a Summation load file;

Transmit electronic DOCUMENTS or ESI on a CD or DVD or use an ftp site upload.

If YOU withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, each such DOCUMENT must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged DOCUMENTS responsive to this Request, and which privilege log shall state the following information:

The date of the DOCUMENT;

The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

The name, address, telephone number and title of the author(s) of the DOCUMENT;

The name, address, telephone number and title of each recipient of the DOCUMENT;

The number of pages in the DOCUMENT;

The document control number, if any;

The present location(s) of the DOCUMENT, and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected communication;

The specific privilege(s) or protection(s) that YOU contend applies.

## REQUESTS FOR PRODUCTION AND EXAMINATION

From 1940 forward, copies of all liability insurance policies pursuant to which the SOCIETY OF JESUS is a named insured.

From 1940 forward, copies of all liability insurance policies pursuant to which the SOCIETY OF JESUS is an unnamed insured or co-insured.

From 1940 forward, copies of all certificates of insurance indicating that the SOCIETY OF JESUS is insured under any liability insurance policy.

All insurance policies that the SOCIETY OF JESUS reviewed and/or relied upon in making the statement in its letter dated March 24, 2010, attached hereto as Exhibit 1, that "the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP."

All DOCUMENTS (other than insurance policies produced pursuant to request number 4) that the SOCIETY OF JESUS reviewed and/or relied upon in making the statement in its letter dated March 24, 2010, attached hereto as Exhibit 1, that "the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP."

From 1940 forward, all DOCUMENTS CONCERNING any claims submitted to an insurer with respect to any claim asserted against the DEBTOR or against PROPERTY in which the DEBTOR has, had or claimed any interest (legal, beneficial, equitable, tenancy, supervisory, administrative, possessory, residual, contingent, or otherwise).

From 1940 forward, all DOCUMENTS REFLECTING COMMUNICATIONS regarding insurance coverage for any claim against the DEBTOR.

From 1940 forward, all DOCUMENTS REFLECTING COMMUNICATIONS regarding the purchase of insurance coverage of the DEBTOR (including all applications for such insurance).

# Exhibit 1



**MILLER NASH** LLP
ATTORNEYS AT LAW

PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
OFFICE 503.224.5858
FAX 503.224.0155

Teresa H. Pearson, P.C.
Admitted in Oregon and Washington
teresa.pearson@millernash.com
(503) 205-2646 direct line

March 24, 2010

**BY FIRST-CLASS MAIL AND
ELECTRONIC MAIL**

Ms. Pamela E. Singer
Attorney at Law
Pachulski Stang Ziehl & Jones
150 California Street, 15th Floor
San Francisco, California 94111-4500

Mr. Thomas W. Stilley
Sussman Shank LLP
Suite 1400
1000 S.W. Broadway Street
Portland, Oregon 97205

Subject:   Your Request for Information about Insurance

Dear Pamela and Tom:

The Society of Jesus General Curia (the "SJ General Curia") is an arm of the Holy See which, as the central government of the Roman Catholic Church, is an internationally recognized sovereign entity. We are specially appearing to contest jurisdiction in the adversary proceeding entitled <u>James Doe, 59, et al. v. Society of Jesus, Oregon Province, et al.</u>, adversary proceeding case no. 09-03318-elp, on behalf of the defendant identified as "The Society of Jesus, Father General Adolfo Nicolas, SJ and His Predecessors." The plaintiffs in that case have apparently attempted to bring suit against the SJ General Curia. The SJ General Curia has not otherwise appeared or participated in the bankruptcy case of the Society of Jesus, Oregon Province.

You have asked whether the SJ General Curia has any "liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP" (copy attached). The SJ General Curia has and continues to preserve its objections to the bankruptcy court's exercise of subject matter jurisdiction and personal jurisdiction for any purpose. The SJ General Curia also asserts that it is entitled to sovereign immunity. The SJ General Curia objects to any discovery until issues related

PDXDOCS:1884910.2



# MILLER NASH LLP
### ATTORNEYS AT LAW

PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

Ms. Pamela E. Singer
Mr. Thomas W. Stilley
March 24, 2010
Page 2

to personal jurisdiction, subject matter jurisdiction, and sovereign immunity are fully and finally resolved.

Notwithstanding the foregoing and without waiving any objections, the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP.

Thank you for your inquiry.

Very truly yours,

MILLER NASH LLP

Teresa H. Pearson

Teresa H. Pearson, P.C.

## NAMES AND ADDRESSES OF PARTIES
## REQUIRING PAPER SERVICE

Michel Yves Horton
Paul A. Richler
David Sean Cox
Morgan, Lewis & Bockius LLP
300 South Grand Ave, 22nd Fl.
Los Angeles, CA 90071-3132

Various unsecured tort claimant
creditors
ANDREW M CHASAN
Chasan & Walton
POB 1069
Boise, ID 83701

Jesuit Conference, Inc.
Rev. Thomas P. Gaunt, S.J.
1016 – 16th St. NW, Suite 400
Washington, DC 20036

David Henderson
P.O. Box 2441
135 Ridgecrest
Bethel, AK 99559

Delores Kilongak
Jim Valcarce
Valcarce Law Office, LLC
P.O. Box 409
900 3rd Avenue
Bethel, AK 99559

Various Unsecured Tort Claimant
Creditors, including FV, GV and JV
Joseph A Blumel
4407 N Division St #900
Spokane, WA 99207

Charlene Rae Sam
c/o John D. Allison
Eymann Allison Hunter Jones
2208 West Second Ave.
Spokane, WA 99201

Roger Hotrum
Doc #923581
POB 2049
Airway Heights, WA 99001

Securities and Exchange Commission
SEC Headquarters
100 F Street, NE
Washington, DC 20549

Cormac Brissett
Loyola Jesuit House
6234 North Kenmore Avenue
Chicago, IL 60660-2101

Frederick J Odsen
James M. Gorski
Hughes Pfiffner Gorski Seedorf &
Odsen
3900 C Street, Suite 1001
Anchorage, AK 99503

Florence Kenney, Eric Olson
Ken Roosa
Cooke Roosa LLC
3700 Jewel Lake Road
Anchorage, AK 99502

H. Douglas Spruance III
Feltman, Gebhardt Greer & Zeimantz
1400 Paulsen Center
421 West Riverside Avenue
Spokane, WA 99201

Kasey C. Nye
Quarles & Brady LLP
One S. Church Street, Suite 1700
Tucson, Arizona 85701

Counsel for Certain State Court
Plaintiffs, Creditors of the Debtors
Breck Barton
Breck Barton & Associates P.A.
P.O. Box 100
Rexburg, ID 83440

Jerome Darrell Akles
213 SE 192nd Ave. #104
Portland, OR 97233

Michelle Menely
Gordon Thomas Honeywell Malanca
Peterson
600 University Street, Suite 2100
Seattle, WA 98101-4185

Society of Jesus, Rome
c/o Robert E. Ganja
The Northern Trust Co of Illinois
50 S. LaSalle Street
Chicago, IL 60675

Nathan W. Henry
114-A Vista Way
Kennewick, WA 99336

John C. Manly
Rebecca L. Rhoades
Manly & Stewart
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660

Sean E. Brown
Power and Brown, LLC
PO Box 1809
Bethel, AK 99559

Julio K. Morales
Morales Law Office
212 W. Spruce Street
Missoula, MT 59802

SOJ – Wisconsin Province
Ray F. Clary
Etter McMahon Lamberson Clary
Bank of Whitman Bldg. #210
618 West Riverside
Spokane, WA 99201

Fr. James E. Grummer,, SJ
Society of Jesus
Borgo S. Spirito 4
00193 Roma
ITALY

## ECF PARTICIPANTS

- JOHN D ALLISON    jdallison@eahjlaw.com, lhansen@eahjlaw.com
- SUSAN G BOSWELL    susan.boswell@quarles.com
- JAMES S BRUCE    james@jordancaplan.com
- JEANNE M CHAMBERLAIN    jeanne.chamberlain@tonkon.com, leslie.hurd@tonkon.com

- LAWRENCE R COCK    lrc@cablelang.com, jschiewe@cablelang.com;joanie@cablelang.com
- THOMAS V DULCICH    tdulcich@schwabe.com,
  sslattery@schwabe.com;cbryan@schwabe.com;docket@schwabe.com;cgray@schwabe.com
- FORD ELSAESSER    felsaesser@ejame.com,
  james@ejame.com;brucea@ejame.com;hscott@ejame.com;darla@ejame.com;ford@ejame.com
- DANIEL T FASY    daniel@pcvklaw.com, Linnea@pcvklaw.com
- JOSEPH A FIELD    joe@fieldjerger.com, koren@fieldjerger.com
- SCOTT N GODES    godess@dicksteinshapiro.com
- RICHARD D HALTON    rhalton@earthlink.net
- LEANDER L JAMES    ljames@jvwlaw.net, bonte@jvwlaw.net
- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com
- COLLEEN KINERK    ckinerk@cablelang.com, joanie@cablelang.com
- JAMES B KING    KSchulman@ecl-law.com
- TIMOTHY D KOSNOFF    timothy@pcvklaw.com, bernadette@pcvklaw.com
- HOWARD M LEVINE    howard@sussmanshank.com, janine@sussmanshank.com
- JOSEPH M MEIER    jmeier@cosholaw.com, jbean@cosholaw.com
- ROBERT B MILLNER    rmillner@sonnenschein.com
- JOHNSTON A MITCHELL    johnstonlaw@comcast.net, coers@comcast.net
- JOHN D MUNDING    munding@crumb-munding.com
- JAMES R MURRAY    murrayj@dicksteinshapiro.com, priceb@dicksteinshapiro.com
- DANIEL J NEPPL    dneppl@sidley.com, efilingnotice@sidley.com
- L MARTIN NUSSBAUM    mnussbaum@rothgerber.com, klutterschmidt@rothgerber.com
- DOUGLAS R PAHL    dpahl@perkinscoie.com, etherrien@perkinscoie.com;docketpor@perkinscoie.com
- TERESA H PEARSON    teresa.pearson@millernash.com,
  teri.cochran@millernash.com;lisa.conrad@millernash.com
- MICHAEL T PFAU    michael@pcvklaw.com, Bernadette@pcvklaw.com
- ALEX I POUST    apoust@schwabe.com, dsalt@schwabe.com;docket@schwabe.com
- HAMID R RAFATJOO    hrafatjoo@pszjlaw.com, sploussard@pszjlaw.com
- KENNETH P ROOSA    info@cookeroosa.com
- TARA J SCHLEICHER    tschleicher@fwwlaw.com, dfallon@fwwlaw.com;ldemeter@fwwlaw.com
- DALE H SCHOFIELD    hschofield@msn.com
- F MIKE SHAFFER    fshaffer@gth-law.com, klarkin@gth-law.com;ksnyder@gth-law.com
- PAUL I SIEVERS    psievers@manlystewart.com, djohnson@manlystewart.com
- PAMELA EGAN SINGER    psinger@pszjlaw.com, pjeffries@pszjlaw.com;ksuk@pszjlaw.com
- BRYAN G SMITH    bsmith@tamakilaw.com,
  btamaki@tamakilaw.com;bonnilee@tamakilaw.com;dward@tamakilaw.com;tschleicher@fwwlaw.com
- JAN D SOKOL    jdsokol@lawssg.com
- JAMES I STANG    jstang@pszjlaw.com, dhinojosa@pszjlaw.com
- LISA Y STEVENS    stevensl@dicksteinshapiro.com, proulxj@dicksteinshapiro.com
- THOMAS W STILLEY    tom@sussmanshank.com, janine@sussmanshank.com
- SUSAN A STONE    sstone@sidley.com, efilingnotice@sidley.com
- BRAD T SUMMERS    tsummers@balljanik.com, akimmel@balljanik.com
- BLAINE L TAMAKI    btamaki@tamakilaw.com, dward@tamakilaw.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov
- TIMOTHY C WALTON    timwalton2000@hotmail.com
- JOHN W WEIL    bmail@hooplaw.com, csayles@hooplaw.com

# Rule 2004 Subpoena (Grummer)

# UNITED STATES BANKRUPTCY COURT

### District of Oregon

In re
Society of Jesus, Oregon Province, an Oregon
domestic nonprofit religious corporation

Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.* <u>09-30938-elp</u>

To:

Fr. James E. Grummer, SJ
Society of Jesus
Borgo S. Spirito 4
00193 Roma
Italy

Chapter <u>11</u>

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See **Exhibit A** attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Borgo S. Spirito 4, 00193 Roma, ITALY, or, in the alternative, Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067; ATTN: James I. Stang, Esq. | 12:00 p.m., prevailing local time, on the first business day that is thirty days after service of the Order upon YOU |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| */s/ Pamela Egan Singer*, attorneys for the Official Committee of Unsecured Creditors | |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Pamela Egan Singer, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor
San Francisco, CA 94111, Tel: (415) 263-7000

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                                    SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT A

## Request for Production of Documents
## Pursuant to Rule 2004 Subpoena

The following definitions and instructions apply to the *Order Pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure for Production of Insurance Policies* (the "Order") and to this *Request for Production of Documents* (the "Request").

## DEFINITIONS

The following defined terms shall have the meaning ascribed below (any term in the singular shall include the plural and vice versa):

"COMMUNICATIONS" means and includes all oral and written communications of any nature, type or kind including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

"CONCERNING" means and includes REGARDING, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to.

"DEBTOR" means, and refers to, The Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious corporation, the debtor in the above-captioned bankruptcy case; and includes all entities operating under it, including but not limited to the Society of Jesus, Oregon Province, a juridic person, institution, or religious order under the Canon law of the Roman Catholic Church, and any PERSON acting on DEBTOR'S behalf or otherwise subject to DEBTOR'S control, including, but not limited to, THE PROVINCIAL, major and local superiors, directors, socii, helpers, priests, members, consultors, financial administrators, treasurers, reviosor arcarum, and/or other officials of the Society of Jesus, Oregon Province.

The term "DOCUMENT" is used herein in the broadest possible sense as specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, graphic or otherwise recorded matter, however produced, reproduced, or stored, and all "writings" as defined in Rule 1001 of the Federal Rules of Evidence, and all other tangible things by which human communication is transmitted or stored, meaning any kind of printed, electronic, recorded, graphic, or photographic matter, however printed, produced, reproduced, copies, reproductions, facsimiles, drafts and both sides thereof, including without limitation any kind of written, typewritten, graphic, photographic, printed, taped or recorded material whatsoever, regardless whether the same is an original, a copy, a reproduction, a facsimile, telex or telefax, and regardless of the source or author thereof, including without limitation, any writing filed for reporting or other purposes with any state, federal or local agency; notes; memoranda, including

but not limited to memoranda of telephone conversations; letters; audited financial statements; unaudited financial statements; financial ledgers; intra-office or inter-office communications; circulars; bulletins; manuals; results of investigations; progress reports; study made by or for business or personal use; financial reports and data of any kind; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; transcriptions of conversations or tape recordings; desk calendars; bank checks; purchase orders; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer data; job or transaction files; appointment books; books, records, and copies; electronic mail messages; extracts and summaries of other Documents; drafts of any of the above, whether used or not; and any other writing or recording; computer and other business machine printouts, programs, listings, projections, as well as any carbon or photographic or copies, reproductions or facsimiles thereof and all copies which differ in any way from the original, including without limitation, all forms of electronic media, data, data storage and other forms of electronic or computer-stored or computer-generated communications, data, or representations. This includes, but is not limited to, such material in the form of ELECTRONICALLY STORED INFORMATION: that is, any data present in memory or on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), saved in an archive, present as "deleted" but recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material. Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document. Any DOCUMENT that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another DOCUMENT, is to be considered a separate DOCUMENT.

"ELECTRONICALLY STORED INFORMATION" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by YOU, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of YOU and YOUR employees, or on associated external storage media, backup tapes, and other archival copies of same. Unless otherwise specified, Documents, reports, and other ELECTRONICALLY STORED INFORMATION created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides. The document should not be locked, resaved, restructures, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in YOUR systems. Unless otherwise specified, electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by YOUR mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags,

message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

"PERSON" means and includes individuals and entities, civil or canonical, including, but not limited to, communities, houses, ministries, regions, funds, missions, or apostolic institutions, as those terms are used under the laws of the Roman Catholic Church, for profit and not for profit corporations, partnerships, unincorporated associations, limited liability companies, trusts, firms, cooperatives, fictitious business names, educational institutions, governmental agencies whether local, state, or federal, and any and all of their agents, representatives, employees, predecessors, and/or any other person acting on its/their behalf or subject to its/their control.

"PROPERTY" shall mean any thing which may be owned whether such thing is tangible, intangible, incorporeal, and/or real, including but not limited to real and personal property.

"THE PROVINCIAL" shall mean the Provincial of the Society of Jesus, Oregon Province, currently Father Patrick J. Lee.

"REFLECTING" shall mean describing, discussing, EVIDENCING, referring to, REGARDING, CONCERNING, constituting, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

"REGARDING" shall mean describing, discussing, evidencing, REFLECTING, referring to, CONCERNING, constituting, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

"SOCIETY OF JESUS" means and refers to the religious order of the Roman Catholic Church of the same name, headquartered in Rome, Italy, led by a Superior General, currently Adolfo Nicolás, whose members are commonly referred to as Jesuits, and includes, but it not limited to, the Society of Jesus Curia General and/or the entity referred to as the "SJ Curia General," in the letter of Teresa Pearson to Pamela Singer, dated March 24, 2010 and which is attached hereto as Exhibit 1.

"YOU" or "YOUR" means and refers to Fr. James E. Grummer, SJ, Associate General Treasurer of the SOCIETY OF JESUS.

# INSTRUCTIONS

At 12:00 p.m., prevailing local time, on the first business day that is thirty days after service of the Order upon YOU, YOU shall make the documents subject to this Request available for inspection and copying at the following address:

> Borgo S. Spirito 4
> 00193 Roma
> ITALY

In lieu of producing the documents subject to this Request at the date, time, and place indicated above, legible copies of those documents may be sent, for receipt on or before the first business day that is thirty days after service of the Order upon You, to:

> Pachulski Stang Ziehl & Jones, LLP,
> 10100 Santa Monica Blvd., 11th Floor,
> Los Angeles, California 90067;
> ATTN: James I. Stang, Esq.

YOU are required to conduct a thorough investigation and produce all DOCUMENTS (as defined below) in YOUR possession, custody, or control, including all DOCUMENTS in the possession, custody or control of any PERSON acting on YOUR behalf or otherwise subject to YOUR control.

YOU are required to serve a written response to the Request, which would comply with the *Federal Rules of Bankruptcy Procedure 7034*, incorporating the provisions of *Federal Rules of Civil Procedure 34* (the "Response"). The Response shall be served ***no later than twenty days after service of the Order upon YOU,*** and shall state, with respect to each category below, that the inspection will be permitted as requested unless YOU object to the specific request and state the reasons for the objection. If an objection is made to a part of an item or category, that part shall be specified and inspection permitted of the remaining parts.

The use of either the singular or plural shall not be deemed a limitation. The use of the singular should be considered to include the plural and vice versa.

The words "and," "or," and "and/or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly as necessary to bring within the scope of the Request those DOCUMENTS that might otherwise be construed to be outside the scope.

If YOU are unable to comply with a particular category(ies) of the Requests below and DOCUMENTS responsive to the category are in existence, state the following information:

The date of the DOCUMENT;

The type of DOCUMENT (*e.g.*, letter, memorandum, report, *etc.*);

The name, address, telephone number and title of the author(s) of the DOCUMENT;

The name, address, telephone number and title of each recipient of the DOCUMENT;

The number of pages in the DOCUMENT;

The document control number, if any;

The present location(s) of the DOCUMENT, and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

A specific description of the subject matter of the DOCUMENT;

The reason why the DOCUMENT cannot be produced or why YOU are unable to comply with the particular category of request.

YOU are required to produce the full and complete *originals,* or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and YOU or YOUR authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s).

YOU are required to produce the DOCUMENTS as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

DOCUMENTS may be produced in paper format or electronically. If DOCUMENTS are produced electronically, or if any ESI is produced, the following formatting is requested:

Use .tiff format for all DOCUMENTS;

If possible, without creating undue delay, please produce DOCUMENTS in Summation-ready CDs or DVDs with .tiff and text format, and with a Summation load file;

Transmit electronic DOCUMENTS or ESI on a CD or DVD or use an ftp site upload.

If YOU withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, each such DOCUMENT must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged DOCUMENTS responsive to this Request, and which privilege log shall state the following information:

The date of the DOCUMENT;

The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

The name, address, telephone number and title of the author(s) of the DOCUMENT;

The name, address, telephone number and title of each recipient of the DOCUMENT;

The number of pages in the DOCUMENT;

The document control number, if any;

The present location(s) of the DOCUMENT, and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected communication;

The specific privilege(s) or protection(s) that YOU contend applies.

## REQUESTS FOR PRODUCTION AND EXAMINATION

From 1940 forward, copies of all liability insurance policies pursuant to which the SOCIETY OF JESUS is a named insured.

From 1940 forward, copies of all liability insurance policies pursuant to which the SOCIETY OF JESUS is an unnamed insured or co-insured.

From 1940 forward, copies of all certificates of insurance indicating that the SOCIETY OF JESUS is insured under any liability insurance policy.

All insurance policies that the SOCIETY OF JESUS reviewed and/or relied upon in making the statement in its letter dated March 24, 2010, attached hereto as Exhibit 1, that "the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP."

All DOCUMENTS (other than insurance policies produced pursuant to request number 4) that the SOCIETY OF JESUS reviewed and/or relied upon in making the statement in its letter dated March 24, 2010, attached hereto as Exhibit 1, that "the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP."

From 1940 forward, all DOCUMENTS CONCERNING any claims submitted to an insurer with respect to any claim asserted against the DEBTOR or against PROPERTY in which the DEBTOR has, had or claimed any interest (legal, beneficial, equitable, tenancy, supervisory, administrative, possessory, residual, contingent, or otherwise).

From 1940 forward, all DOCUMENTS REFLECTING COMMUNICATIONS regarding insurance coverage for any claim against the DEBTOR.

From 1940 forward, all DOCUMENTS REFLECTING COMMUNICATIONS regarding the purchase of insurance coverage of the DEBTOR (including all applications for such insurance)

# Exhibit 1 to Rule 2004 Subpoena (Grummer)



PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
OFFICE 503.224.5858
FAX 503.224.0155

Teresa H. Pearson, P.C.
Admitted in Oregon and Washington
teresa.pearson@millernash.com
(503) 205-2646 direct line

March 24, 2010

**BY FIRST-CLASS MAIL AND
ELECTRONIC MAIL**

Ms. Pamela E. Singer
Attorney at Law
Pachulski Stang Ziehl & Jones
150 California Street, 15th Floor
San Francisco, California 94111-4500

Mr. Thomas W. Stilley
Sussman Shank LLP
Suite 1400
1000 S.W. Broadway Street
Portland, Oregon 97205

Subject:    Your Request for Information about Insurance

Dear Pamela and Tom:

The Society of Jesus General Curia (the "SJ General Curia") is an arm of the Holy See which, as the central government of the Roman Catholic Church, is an internationally recognized sovereign entity. We are specially appearing to contest jurisdiction in the adversary proceeding entitled James Doe, 59, et al. v. Society of Jesus, Oregon Province, et al., adversary proceeding case no. 09-03318-elp, on behalf of the defendant identified as "The Society of Jesus, Father General Adolfo Nicolas, SJ and His Predecessors." The plaintiffs in that case have apparently attempted to bring suit against the SJ General Curia. The SJ General Curia has not otherwise appeared or participated in the bankruptcy case of the Society of Jesus, Oregon Province.

You have asked whether the SJ General Curia has any "liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP" (copy attached). The SJ General Curia has and continues to preserve its objections to the bankruptcy court's exercise of subject matter jurisdiction and personal jurisdiction for any purpose. The SJ General Curia also asserts that it is entitled to sovereign immunity. The SJ General Curia objects to any discovery until issues related



PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

Ms. Pamela E. Singer
Mr. Thomas W. Stilley
March 24, 2010
Page 2

to personal jurisdiction, subject matter jurisdiction, and sovereign immunity are fully and finally resolved.

Notwithstanding the foregoing and without waiving any objections, the SJ General Curia does not have any liability insurance policies for the years 1945 to the present that may cover claims of sex abuse against SJOP.

Thank you for your inquiry.

Very truly yours,

MILLER NASH LLP

Teresa H. Pearson, P.C.