1
2
3
4
5
6
7

Thomas W. Stilley, OSB No. 883167
Howard M. Levine, OSB No. 800730
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, Oregon 97205-3089
Telephone: (503)227-1111
Facsimile: (503) 248-0130
Email: tom@sussmanshank.com
        hlevine@sussmanshank.com

Attorneys for Debtor and Debtor-in-Possession

8
9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

10
11
12
13
14

In re:

SOCIETY OF JESUS OREGON PROVINCE,
an Oregon domestic nonprofit
religious corporation,

        Debtor.

Case No. 09-30938-elp 11

MOTION FOR APPROVAL OF FORM AND
MANNER OF NOTICE (INCLUDING
PUBLICATION NOTICE) REGARDING
INSURANCE SETTLEMENT WITH
SAFECO INSURANCE COMPANY OF
AMERICA

15
16
17
18
19
20
21
22
23
24
25
26

        The Society of Jesus, Oregon Province, an Oregon domestic nonprofit religious

corporation (the "Debtor") hereby moves the Court for an order in the form attached

hereto Exhibit A, approving the **form and manner** of notice, including publication notice,

of a settlement agreement dated March 23, 2011 (the "Settlement Agreement") between

the Debtor and Other Releasing Parties (as defined in the Settlement Agreement) on

the one hand, and American States Insurance Company, General Insurance Company

of America, and Safeco Insurance Company of America (collectively, "Safeco" as

defined in the Settlement Agreement) and the Safeco Released Parties (as defined in

the Settlement Agreement), on the other hand, (the "Procedures Motion").   Copies of

Page 1 of 11 - MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE
(INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT
WITH SAFECO INSURANCE COMPANY OF AMERICA

the forms of publication and mail notice are attached as Exhibits 1 and 2 to the Declaration of Richard K. Hansen filed herewith.

The Debtor will be seeking approval of the Settlement Agreement itself by separate motion entitled "Debtor's Motion to Approve Settlement Agreement, Release and Policy Buyback with Safeco, Including the Sale of Insurance Policies Free and Clear of all Liens, Claims, Encumbrances and Other Interests" (the "Safeco Settlement Approval Motion"), a copy of which is attached hereto as Exhibit B.

## I.    BACKGROUND

To resolve disputes between the Debtor and the Other Releasing Parties on the one hand, and Safeco and the Safeco Released Parties, on the other hand, the parties have entered into the Settlement Agreement.[1]   Among other things, the Settlement Agreement contemplates a sale, pursuant to Sections 363(b) and (f) of the Bankruptcy Code, of certain insurance policies issued or allegedly issued by Safeco, free and clear of all Interests, and a payment by Safeco of $118 million.

One of the conditions precedent to Safeco's payment of the Settlement Payment under the Settlement Agreement is that the Debtor file and obtain approval of this Procedures Motion, which seeks approval of procedures for notice, service, and publication of the Safeco Settlement Approval Motion.

---

[1]   The Settlement Agreement is attached to the Declaration of Richard K. Hansen filed herewith.   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement, which is incorporated herein by reference.

Page 2 of 11 - MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE (INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT WITH SAFECO INSURANCE COMPANY OF AMERICA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## II.    RELIEF REQUESTED

By this Motion, the Debtor requests approval of the form and manner of notice, service, and publication of the Safeco Settlement Approval Motion, so that it may comply with the requirements of § 3.2.1 of the Settlement Agreement.  The specifics as to service and publication are as follows:

**A.    Written Notice to Tort Claimants, All Other Claimants and Insurance Companies.**[2]  Under Section 3.2.3 of the Settlement Agreement, written notice of the Safeco Settlement Approval Motion shall be provided to all known claimants (including all Tort Claimants and other claimants who have filed proofs of claim, all Tort Claimants scheduled by the Debtor, counsel for the Official Committee of Unsecured Creditors, the Future Claimants Representative appointed pursuant to the Order entered August 10, 2009 [Docket No. 412]), all Persons who have filed notices of appearance in the

---

[2]    Under Section 1.1.31 of the Settlement Agreement, "Tort Claimant" is defined as any Person, including any Person whose Interests are, have been, or may be represented by the Future Claimants Representative appointed pursuant to Order entered August 10, 2009 [Doc 412], asserting a Tort Claim."  "Tort Claim" is defined as:

any Claim against the Debtor and/or Other Releasing Parties resulting, in whole or in part, from alleged sexual molestation or abuse or conduct of a sexual nature or corporal abuse and seeking monetary damages or other relief, and any Claims against Safeco for contribution, indemnity, defense, subrogation, or similar relief, including any Claim of any Person whose Interests are, have been, or may be represented by the Future Claimants Representative appointed pursuant to Order entered August 10, 2009 [Doc 412], arising directly or indirectly from such Claims against the Debtor and/or Other Releasing Parties.

(Settlement Agreement Section 1.1.30).  As of November 30, 2009, (the  Claims Bar Date [Dkt No. 276] Proofs of Claim for approximately 530 Tort Claimants had been filed in the case.  Of those, only 49 were originally filed as pro se.

Page 3 of 11 - MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE (INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT WITH SAFECO INSURANCE COMPANY OF AMERICA

1  Reorganization Case, all entities known to have provided general liability insurance to

2  the Debtor, and the Other Releasing Parties by first-class U.S. mail, or email if counsel

3  has agreed to accept service by email (with a single notice to any counsel of record who

4  represents multiple Tort Claimants constituting notice to all that counsel's clients who

5  are Tort Claimants).  All claimants, including Tort Claimants, shall be served at the

6  address shown on their proofs of claim or to their counsel of record (with a single notice

7  to any counsel of record who represents multiple Tort Claimants constituting notice to all

8  that counsel's clients who are Tort Claimants) or, if no proof of claim was filed, then by

9  first-class U.S. mail at the address on Debtor's schedules.  Counsel for each Tort

10 Claimant shall also be served by first-class U.S. mail, or email if such counsel has

11 agreed to accept service by email.  Any other Known Tort Claimants, to the extent of

12 record, shall be served by first-class U.S. mail even if not scheduled or the subject of a

13 proof of claim, to the extent known to Debtor.  All entities known to have provided

14 general liability insurance will also be served by first-class U.S. mail.   The General

15 Curia of the Society of Jesus shall be given notice by international mail c/o Fr. Adolfo

16 Nicholás at his official address in Rome, Italy, with a copy to its Portland-based counsel

17 in the Reorganization Case.  Each mailing shall include the written notice of the Safeco

18 Settlement Approval Motion, together with the Safeco Settlement Approval Motion,

19 supporting memorandum and exhibits (which shall include the Settlement Agreement) .

20 **B.**     **Written Notice to Co-Defendants.**  Any and all co-defendants and their

21 counsel (to the extent of record) in any prepetition litigation brought by Tort Claimants

22 shall also be given notice by first-class U.S. mail at the last address shown on any filed

Page 4 of 11 - MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE
(INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT
WITH SAFECO INSURANCE COMPANY OF AMERICA

1  appearance or, if such co-defendant is proceeding *pro se*, then to the last address of

2  record for such *pro se* co-defendant.

3      **C.    Written Notice for the General Curia of the Society of Jesus.**  Under

4  Section 3.2.3 of the Settlement Agreement, the General Curia of the Society of Jesus

5  shall be given notice by international registered mail c/o Fr. Adolfo Nicholás at his

6  official address in Rome, Italy, with a copy to its Portland-based counsel in the Debtor's

7  Chapter 11 case.  Safeco has informed the Debtor that notice to the General Curia is

8  required by Safeco to assure that the General Curia will be bound by the sale of the

9  Policies and cannot later claim it holds an Interest in those Policies.

10

11      Ninth Circuit law makes it clear that such notice is appropriate here.  The object

12  of the notice here is **not** to compel appearance of a witness, take evidence, or require

13  document production.  Rather, it is to give notice of the Safeco Settlement Approval

14  Motion.  Under Bankruptcy Rule 9014(b), service of a motion should be "in the manner

15  provided for service of a summons and complaint by Rule 7004."  Bankruptcy Rule 7004

16  incorporates Rule 4(f) of the Federal Rules of Civil Procedure, which -- as applied to

17  corporations or associations through Rule 4(h) -- provides alternative methods for

18  service of a foreign entity.

19

20      In particular, Fed R Civ P 4(f)(3) permits service "by other means not prohibited

21  by international agreement, as the court orders."  The General Curia is located in Italy,

22  which is a signatory to the Convention on the Service Abroad of Judicial and

23  Extrajudicial Documents (the "Hague Convention").  *See* Hague Conference on Private

24  International Law, Status Table: Members of the Organisation, *available at*

25

26

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1  http://www.hcch.net/index__en.php?act=conventions.status&cid=17 (last visited Mar.

2  15, 2011); *Zelasko v. Comerio*, 2008 WL 2755463 at *2 (S.D. Ill. July 14, 2008) ("[I]taly

3  is a signatory to the Hague Convention and has not opted out of Article 10(a)")

4  (permitting service by mail); *Griggs v. Filanto SPA*, 920 F Supp 1100 (D Nev 1996)

5  (mailing summons and complaint to president of an Italian corporation at the

6  corporation's offices in Italy via private courier service was proper service under Hague

7  Convention); *G.A. Modefine, S.A. v. Burlington Coat Factory Warehouse Corp.*, 164

8  FRD 24 (SDNY 1995) (upholding service of complaint and summons on Italian

9  defendant in Italy by international registered mail).

10

11      The Ninth Circuit squarely holds that Article 10(a) of the Hague Convention

12  permits service abroad by mail, provided that the receiving country does not object.

13  *Brockmeyer v. May*, 383 F3d 798, 803 (9th Cir 2004) ("We therefore hold that the

14  Convention permits - or, in the words of the Convention, does not 'interfere with' -

15  service of process by international mail, so long as the receiving country does not

16  object").  Italy does not object, as confirmed, by the *Zelasko, G.A. Modefine,* and *Griggs*

17  decisions *supra*, and the U.S. State Department website at http://travel-

18  state.gov/law/judicial/judicial_653.html.

19

20      Under *Brockmeyer*, "[f]or service by international mail to be effective in federal

21  court, it must also be affirmatively authorized by some provision in federal law."  383

22  F3d at 800.   Specifically, if service by international mail is to be effected under

23  Rule 4(f)(3), the serving party "must obtain prior court approval."  *Id.* at 805-06.

24

25

26
      Page 6 of 11 - MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE
      (INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT
      WITH SAFECO INSURANCE COMPANY OF AMERICA

1    *Brockmeyer*, relying on the Ninth Circuit's prior decision in *Rio Props., Inc. v. Rio*

2    *Int'l Interlink*, 284 F3d 1007 (9th Cir 2002), makes clear that the court has broad

3    discretion to authorize services under Rule 4(f)(3):

4

5    > The decision whether to allow alternative methods of serving process
   > under Rule 4(f)(3) is committed to the "sound discretion of the district court."
   > *Rio Props., Inc. v. Rio Intl Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)

6    > (permitting service on a foreign corporation by regular mail and by email,
   > when authorized by the district court). The classic case is *Levin v. Ruby*

7    > *Trading Co.,* 248 F.Supp. 537 (S.D.N.Y. 1965), in which the court authorized
   > service abroad by ordinary mail under previous Rule 4(i)(1)(E), which was

8    > identical to current Rule 4(f)(3). . . .

9

10   > Courts have authorized a variety of alternative methods of service abroad
   > under current Rule 4(f)(3) and former Rule 4(i)(1)(E), including not only

11   > ordinary mail and email but also publication and telex. *Rio Props.,* 284
   > F.3d at 1016 (citing *SEC v. Tome,* 833 F.2d 1086, 1094 (2d Cir.1987)

12   > (affirming district court's authorization of service of process by publication);
   > *Intl Controls Corp.,* 593 F.2d at 176 (affirming district court's authorization

13   > of service of process by ordinary mail to last known address); *Forum Fin.*
   > *Group v. President, Harvard Coll.,* 199 F.R.D. 22, 23-24

14   > (D.Me.2001) (authorizing service by certified mail to defendant's attorney);
   > 383 F.3d at 805-06. *Smith v. Islamic Emirate,* 2001 WL 1658211, at *2-*3

15   > (S.D.N.Y. Dec.26, 2001) (authorizing service of process by publication on
   > Osama bin Laden and al-Qaeda); *Broadfoot v. Diaz ( In re Int'l*

16   > *Telemedia Assoc.),* 245 B.R. 713, 719-20 (Bankr.N.D.Ga. 2000)

17   > (authorizing service via facsimile, ordinary mail and email; *Levin,* 248
   > F.Supp. at 541 44 (S.D.N.Y. 1965)….

18

19   *Brockmeyer*, 383 F3d at 805-06. *Rio Properties*, moreover, expressly rejects the

20   argument that a party must attempt other methods before seeking an order under Rule

21   4(f)(3). "By all indications, court-directed service under Rule 4(f)(3) is as favored as

22   service available under Rule 4(f)(1) or Rule 4(f)(2)." 284 F3d at 1015. Service under

23   Rule 4(f)(3) is not "extraordinary relief," *id.*, and a party seeking an order permitting such

24   service "need[] only to demonstrate that the facts and circumstances . . . necessitate[]

25   the district court's intervention." 284 F3d at 1016.

26   Page 7 of 11 - MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE
   (INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT
   WITH SAFECO INSURANCE COMPANY OF AMERICA

1
2
3
4
5
6
7

In the present case, the Debtor seeks timely confirmation of a plan of reorganization. Notice of the Safeco Settlement Approval Motion to the General Curia is not only required by the Settlement Agreement but, as a practical matter, is a prerequisite to confirmation, since Safeco's Settlement Payment constitutes the bulk of the funding for the plan. An order under Rule 4(f)(3) will assure timely notice to the General Curia and therefore timely confirmation of a plan.

8
9
10
11
12
13
14
15
16
17
18

Moreover, the manner of service is reasonably calculated to inform the General Curia. In addition to the mailing to Rome, the Curia's Portland-based counsel, Teresa H. Pearson at Miller Nash, LLP, will receive notice. The General Curia's Portland counsel has appeared specially to contest service of Rule 2004 orders and subpoenas. (*See* Doc 827, 6/30/10; Doc 830, 7/7/10; Doc 968, 11/09/10.) The Debtor has no reason to believe that the General Curia will not communicate with its Portland counsel regarding notice of the Approval Order. In *Rio Properties*, the Ninth Circuit deemed service on a U.S.-based lawyer (Carpenter) to be appropriate, in addition to email to the foreign entity, because the U.S. lawyer "had been specifically consulted by RII [the foreign entity] regarding this lawsuit." 284 F3d at 1017.

19
20
21
22
23
24
25
26

**D.  Publication Notice.**  In order to ensure that interested parties are given every opportunity for notice of the Safeco Settlement Approval Motion, the Debtor proposes to publish notice of the Safeco Settlement Approval Motion, at Safeco's expense, twice in a one-eighth page advertisement in the following newspapers:  the *USA Today* (a national publication), and the *Oregonian, Anchorage Daily News, Fairbanks Daily News-Miner, Seattle Times, Spokesman-Review, Missoulian,* and *Idaho*

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1
2
3
4
5

*Statesman* (collectively "Regional Papers") of general circulation.  The publication notice will be published the first time no less than (30) days before the rescheduled hearing on the Safeco Settlement Approval Motion, and for a second time no later than twenty (20) days before the hearing.

6
7
8
9
10
11
12
13
14
15

     **E.**    **Form of Notice.**  The forms of publication and written notice clearly identify the settling insurers (Safeco), and the Settlement amount ($118 million), and state that the policy buyback will be free and clear of all liens, claims, and Interests, and that a finding is sought as to Safeco's entitlement to injunctive protection as part of a plan of reorganization.  Moreover, the notices give express directions as to how and when to object, and where and when the hearing on the Safeco Settlement Approval Motion will take place.  Website and contact information are given, so that any recipient of the notice can obtain a copy of the Safeco Settlement Approval Motion, to which a copy of the Settlement Agreement is attached.

16
17
18
19
20
21
22
23
24
25
26

     **F.**    **Waiver of Local Rules.**  It should be noted that the notices do not contain certain information ordinarily required for a § 363(f) sale of property "free and clear" under the Rule 2002-1(b)(3) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Oregon and Local Bankruptcy Form (LBF) # 760.5 referenced therein -- *e.g.*, the location where property may be previewed, time for submission of competing bids, and summary of all available information regarding valuation, including independent appraisals.  Such items are not suited for the instant transaction, and should be excused under LBR 9029-1(c).  The Memorandum in

Page 9 of 11 - MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE (INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT WITH SAFECO INSURANCE COMPANY OF AMERICA

1    support of the Safeco Settlement Approval Motion will, of course, set forth the basis for

2    approval of the Settlement Agreement under Bankruptcy Rule 9019 and 11 USC § 363.

3    **III.**    **ADDITIONAL ARGUMENT**

4
5       The Debtor's proposed form and manner of notice of the Safeco Settlement

   Approval Motion are reasonable and should be authorized.
6

7       The proposed service on all known claimants, liability insurance carrier, co-

8    defendants and the General Curia are designed to provide not only notice of the Safeco

9    Settlement Approval Motion, but also a copy of the Safeco Settlement Approval Motion

10    itself, to which the Settlement Agreement is attached.  The proposed form and manner

11    of notice via publication notice to persons whose addresses or counsel of record are not
12
   known is reasonable and adequate because the information contained therein provide
13
14    adequate information regarding the Settlement Agreement.  The publication will take

15    place twice in a major national publication, USA Today, and twice in principal Regional

16    Papers in states within the Debtor's principal geographic area of activity.

17       "[D]ue process requires, at a minimum . . . that persons forced to settle their

18    claims of right and duty through the judicial process must be given a meaningful
19
   opportunity to be heard . . . granted at a meaningful time and in a meaningful manner.
20
21    *Boddie v. Connecticut*, 401 US 371, 377-78 (1971).  Thus, due process requires that the

22    notice provided to such persons be "reasonably calculated, under all circumstances, to

23    apprise [them] of the pendency of the action and afford them the opportunity to present

24    their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314

25    (1950).  By publishing the publication notice in the geographic areas where the Debtor

26
   Page 10 of 11 - MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE
   (INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT
   WITH SAFECO INSURANCE COMPANY OF AMERICA

1    conducted its activities, and where the Tort Claimants' cases were filed, and in a

2    national newspaper, the manner of notice is adequate and appropriate under the

3    circumstances.

4    IV.    **CONCLUSION**

5
6        Based upon the foregoing, the Debtor respectfully requests that the Court

7    approve the form and manner of the notices of the Safeco Settlement Approval Motion

8    substantially in the forms of Exhibits 1 and 2 to the Declaration of Richard K. Hansen,

9    and enter the form of approval order attached hereto as Exhibit A.

10        Dated March 28, 2011

11                                SUSSMAN SHANK LLP

12                                */s/ Howard M. Levine*

13                                _____
                                 Thomas W. Stilley, OSB No. 883167
14                                Howard M. Levine, OSB No. 800730
                                 Attorneys for Debtor and Debtor-in-Possession
15

16

17    F:\CLIENTS\19620\004\PLAN & DISCLOSURE STATEMENT\P-SAFECO MOTION FOR APPROVAL OF PROCEDURES (FINAL).DOC

18

19

20

21

22

23

24

25

26
        Page 11 of 11 - MOTION FOR APPROVAL OF FORM AND MANNER OF NOTICE
        (INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT
        WITH SAFECO INSURANCE COMPANY OF AMERICA

1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

11

12

In re:

Case No. 09-30938-elp11

13

SOCIETY OF JESUS OREGON PROVINCE, an
Oregon domestic nonprofit
religious corporation,

ORDER APPROVING FORM AND
MANNER OF NOTICE (INCLUDING
PUBLICATION NOTICE) REGARDING
INSURANCE SETTLEMENT WITH
SAFECO INSURANCE COMPANY OF
AMERICA

14

15

Debtor.

16

17

The Society of Jesus, Oregon Province's (the "Debtor") Motion for Approval of

18

Form and Manner of Notice (Including Publication Notice) Regarding Insurance

19

Settlement With Safeco Insurance Company of America (Docket No. [_____]) (the

20

"Procedures Motion") came before the Court for hearing. Based upon the Court's

21

review of the Procedures Motion and the representations contained therein, the

22

Declaration of Richard K. Hansen, and the Court having found due and adequate notice

23

having been given; and good cause appearing to grant the relief requested in the

24

Procedures Motion, it is hereby

25

ORDERED:

26

1.      The Procedures Motion is GRANTED.

Page 1 of 3 - ORDER APPROVING FORM AND MANNER OF NOTICE
(INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT
WITH SAFECO INSURANCE COMPANY OF AMERICA

Exhibit A

1    2.    The form of the notices attached hereto as Exhibits 1 and 2, and manner

2    of the notice of the Safeco Settlement Approval Motion as described in the Procedures

3    Motion, are hereby approved.

4    3.    The publication of the publication notice, substantially in the form attached

5    to the Procedures Motion as Exhibit 2 is approved.

6    4.    Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, made

7    applicable by Bankruptcy Rules 9014(b) and 7004(a), the Debtor shall serve the

8    General Curia of the Society of Jesus by international registered mail, c/o Fr. Adolfo

9    Nicholás, at his official address in Rome, Italy with a copy to its Portland, Oregon based

10   counsel in this case.

11   5.    The Debtor shall publish the publication notice twice in an eighth of a page

12   advertisement in the following newspapers, as follows:  twice in (a) USA Today (national

13   edition), (b) The Oregonian, (c) Seattle Times, (d) Anchorage Daily News; (e) Fairbanks

14   Daily News-Miner; (f) Spokesman Review, (g) Missoulian; and (h) Idaho Statesmen.

15   The publication notice shall be published for the first time no less than thirty (30) days

16   before the hearing on the Safeco Settlement Approval Motion, and for a second time no

17   later than twenty (20) days before the hearing on the Safeco Settlement Approval

18   Motion.

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26

Page 2 of 3 - ORDER APPROVING FORM AND MANNER OF NOTICE
(INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT
WITH SAFECO INSURANCE COMPANY OF AMERICA

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Exhibit A

6.     Pursuant to the Settlement Agreement Motion attached to the Declaration of Richard K. Hansen, Safeco shall bear all costs of the publication notice and shall either pay the publishers directly or promptly reimburse the Debtor for all such publication expenses.

### # # #

PRESENTED BY:

SUSSMAN SHANK LLP

*/s/ Howard M. Levine*
_____
Thomas W. Stilley, 883167
Howard M. Levine, OSB No. 800730
  Attorneys for Debtor and Debtor-In-Possession

c: ECF Participants and Attached List

F:\CLIENTS\19620\004\PLAN & DISCLOSURE STATEMENT\P-SAFECO PROCEDURES ORDER (FINAL).DOC

Page 3 of 3 - ORDER APPROVING FORM AND MANNER OF NOTICE (INCLUDING PUBLICATION NOTICE) REGARDING INSURANCE SETTLEMENT WITH SAFECO INSURANCE COMPANY OF AMERICA

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Exhibit A

1  Thomas W. Stilley, OSB No. 883167
   Howard M. Levine, OSB No. 800730
2  SUSSMAN SHANK LLP
3  1000 SW Broadway, Suite 1400
   Portland, Oregon 97205-3089
4  Telephone: (503)227-1111
   Facsimile: (503) 248-0130
5  E-mail: tom@sussmanshank.com
            hlevine@sussmanshank.com
6
   Attorneys for Debtor and Debtor-in-Possession
7

8           IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF OREGON
9

10  In re:                              Case No. 09-30938-elp 11

11  SOCIETY OF JESUS OREGON PROVINCE,   NOTICE OF DEBTOR'S MOTION FOR
    an Oregon domestic nonprofit        APPROVAL OF SETTLEMENT
    religious corporation,              AGREEMENT WITH SAFECO
12                                      INSURANCE COMPANY OF AMERICA
                                        AND RELATED ENTITIES, INCLUDING
13        Debtor.                       THE SALE OF INSURANCE POLICIES
                                        FREE AND CLEAR OF LIENS, CLAIMS,
14                                      ENCUMBRANCES AND OTHER
                                        INTERESTS, AND INJUNCTIVE RELIEF;
15
                                        AND
16
                                        NOTICE OF HEARING
17

18

19      NOTICE IS GIVEN that the debtor Society of Jesus, Oregon Province, an

20  Oregon domestic nonprofit religious corporation ("Debtor") has filed in the United States

21  Bankruptcy Court for the District of Oregon, a motion for approval of a Settlement

22  Agreement, Release and Policy Buyback ("Settlement Agreement"), including the sale

23  of insurance policies free and clear of liens, claims, encumbrances, and other interests,

24  and related injunctive relief, with respect to Safeco Insurance Company of America,

25  American States Insurance Company and General Insurance Company of America

26  **Page 1 of 4** - NOTICE OF DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT
    AGREEMENT WITH SAFECO INSURANCE COMPANY OF AMERICA AND
    RELATED ENTITIES, INCLUDING THE SALE OF INSURANCE POLICIES FREE
    AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS,

1    (collectively "Safeco," as more specifically defined in the Settlement Agreement) (the

2    "Approval Motion").

3        A hearing on the Approval Motion and any objections to the settlement and

4    proposed sale of insurance policies and entitlement to injunctive relief will take place on

5    _____, 2011, at _____ m. in Courtroom 1, 1001 S.W. Fifth Avenue, Suite 700,

6    Portland, Oregon 97204.

7        The Approval Motion seeks, among other things, an order of the Court, pursuant

8    to 11 USC §§ 105(a) and 363 and FRBP 9019, approving a settlement, release, and

9    compromise of claims as more fully described in the Settlement Agreement.  If the

10   Approval Motion is approved, the Debtor will sell, and Safeco will purchase, the

11   insurance policies described more particularly in the Settlement Agreement, free and

12   clear of all liens, claims, encumbrances, and other Interests, for a total purchase price of

13   $118 million to be paid to a trust to be established under a plan of reorganization as to

14   the Debtor into which all tort claims resulting in whole or in part from sexual or corporal

15   abuse will be channeled as the sole and exclusive source of payment of any claims

16   against the Debtor or Safeco.

17       The specific subsections of 11 USC § 363(f) that the Debtor relies upon for

18   authority to sell the insurance policies free and clear of liens, claims, encumbrances and

19   other interests are 11 USC § 105, 11 USC § 363(f)(2), 11 USC § 363(f)(4), and 11 USC

20   § 363(f)(5).  The Debtor also relies upon FRBP 9019.  Safeco is not related to the

21   Debtor.

22       The proposed sale of the insurance policies is not the sale of substantially all of

23   the Debtor's assets.  The reason for proposing the sale in advance of approval of a plan

24   of reorganization is to assure funding for a plan of reorganization to allow for prompt

25

26   **Page 2 of 4** - NOTICE OF DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT
     AGREEMENT WITH SAFECO INSURANCE COMPANY OF AMERICA AND
     RELATED ENTITIES, INCLUDING THE SALE OF INSURANCE POLICIES FREE
     AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS,

1    settlement of the insurance coverage litigation with Safeco (the "Adversary Coverage

2    Proceeding", as specifically defined in the Settlement Agreement.).

3         Pursuant to the Approval Motion, the Debtor seeks findings, among others, that

4    (a) **Safeco is entitled to the benefit of an injunction, as part of the Debtor's**

5    **contemplated plan of reorganization, permanently barring all claims by any**

6    **person or entity against Safeco and certain related persons (the "Safeco**

7    **Released Parties," as defined in the Settlement Agreement) relating to (i) policies**

8    **issued or allegedly issued to the Debtor or (ii) Tort Claims (as defined in the**

9    **Settlement Agreement)**; (b) future claimants hold "claims" within the meaning of 11

10   USC §101(5); (c) Safeco is a good faith purchaser entitled to the protections of 11 USC

11   § 363(m); and (d) the Settlement Agreement and proposed sales of insurance policies

12   to Safeco comply with the Bankruptcy Code and other applicable law.

13        If you object to any aspect of the Approval Motion or the sale of the insurance

14   policies, you must both: (1) file with the Clerk of the Court at 1001 S.W. Fifth Avenue,

15   Suite 700, Portland, Oregon 97204 a written response stating the specific facts upon

16   which the objection is based, and (2) (a) serve a copy thereof on Howard M. Levine,

17   counsel to the Debtor, at Sussman Shank LLP, 1000 S.W. Broadway, Suite 1400,

18   Portland, Oregon 97205; (b) Robert B. Millner, counsel to Safeco, at SNR Denton US

19   LLP, 233 South Wacker Drive, Suite 7800, Chicago, Illinois 60606; (c) James I. Stang,

20   counsel to the Creditors Committee, at Pachulski Stang Ziehl & Jones LLP, 10100

21   Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067; and (d) the Office of

22   the US Trustee, 620 SW Main Street, Room 312, Portland, Oregon 97205 no later than

23   _____, 2011, and (2) attend the hearing on _____, 2011 at _____.m.  If

24

25

26   **Page 3 of 4** - NOTICE OF DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT
     AGREEMENT WITH SAFECO INSURANCE COMPANY OF AMERICA AND
     RELATED ENTITIES, INCLUDING THE SALE OF INSURANCE POLICIES FREE
     AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS,

1  no objections are filed the Debtor may seek entry of an order approving the Approval

2  Motion without further notice or hearing.

3      A copy of the Approval Motion can be obtained through the PACER system on

4  the Court's website at www.orb.uscourts.gov, on Bankruptcy Management

5  Corporation's website at www.bmcgroup.com/sjop, or by contacting Howard M. Levine,

6  Sussman Shank LLP, 1000 S.W. Broadway, Suite 1400, Portland, Oregon 97205, (503)

7  227-1111.

8      This notice shall constitute the notice required by LBR 2002-1.b.

9

10      SUSSMAN SHANK LLP

11

12  _____
    Thomas W. Stilley, OSB No. 883167
13  Howard M. Levine, OSB No. 800730
    Attorneys for Debtor and Debtor-in-possession

14

15  F:\CLIENTS\19620\004\PLAN & DISCLOSURE STATEMENT\P- SAFECO WRITTEN NOTICE-(FINAL).DOC

16

17

18

19

20

21

22

23

24

25

26  **Page 4 of 4** - NOTICE OF DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT
    AGREEMENT WITH SAFECO INSURANCE COMPANY OF AMERICA AND
    RELATED ENTITIES, INCLUDING THE SALE OF INSURANCE POLICIES FREE
    AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS,
    AND INJUNCTIVE RELIEF; AND NOTICE OF HEARING

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Exhibit A                            Exhibit 1

PAID ADVERTISING

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

In re

**SOCIETY OF JESUS, OREGON PROVINCE,
AN OREGON DOMESTIC NON-PROFIT CORPORATION,**

  Debtor. • Case  No. 09-30938-elp11

**NOTICE OF DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, RELEASE, AND POLICY BUYBACK ("SETTLEMENT AGREEMENT") WITH SAFECO INSURANCE COMPANY OF AMERICA, GENERAL INSURANCE COMPANY OF AMERICA, AND AMERICAN STATES INSURANCE COMPANY (COLLECTIVELY "SAFECO" AS SPECIFICALLY DEFINED IN THE SETTLEMENT AGREEMENT) INCLUDING (I) THE SALE BY THE DEBTOR TO SAFECO OF INSURANCE POLICIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (II) AN INJUNCTION PERMANENTLY BARRING ALL CLAIMS BY ANY PERSON OR ENTITY AGAINST SAFECO AND CERTAIN RELATED ENTITIES RELATING TO (A) POLICIES SAFECO ISSUED TO THE DEBTOR OR (B) TORT CLAIMS (AS DEFINED IN THE SETTLEMENT AGREEMENT); AND (III) NOTICE OF HEARING.**

NOTICE IS GIVEN that the debtor Society of Jesus Oregon Province, an Oregon domestic non-profit corporation (the "Debtor"), has filed in the United States Bankruptcy Court for the District of Oregon, a motion for approval of a Settlement Agreement with Safeco which includes the sale by the Debtor to Safeco of insurance policies issued by Safeco free and clear of liens, claims, encumbrances, and other interests (the "Motion").

The Motion seeks, among other things, an order of the Court, pursuant to 11 U.S.C. §§ 105(a) and 363 and FRBP 9019, approving a settlement, release, and compromise of claims as more fully described in the Settlement Agreement.  If the Motion is approved, the Debtor will sell, and Safeco will purchase, the insurance policies described more particularly in the Settlement Agreement, free and clear of all liens, claims, encumbrances, and other interests, for a total purchase price of $118 million to be paid to a trust to be established under a plan of reorganization as to the Debtor into which all Tort Claims (as specifically defined in the Settlement Agreement) will be channeled as the sole and exclusive source of payment of any such claims against the Debtor or Safeco.

**IN ADDITION, THE MOTION SEEKS A RULING THAT SAFECO IS ENTITLED TO THE BENEFIT OF AN INJUNCTION, AS PART OF THE DEBTOR'S CONTEMPLATED PLAN OF REORGANIZATION, PERMANENTLY BARRING ALL CLAIMS BY ANY PERSON OR ENTITY AGAINST SAFECO AND CERTAIN RELATED ENTITIES (THE "SAFECO RELEASED PARTIES," AS SPECIFICALLY DEFINED IN THE SETTLEMENT AGREEMENT) RELATING TO (A) POLICIES ISSUED TO THE DEBTOR OR (B) TORT CLAIMS RESULTING IN WHOLE OR IN PART FROM SEXUAL OR CORPORAL ABUSE.**

**If you have a claim against the Debtor as to which insurance coverage is or may be available, your rights may be affected.**

If you object to any aspect of the Motion or the sale of the insurance policies, you must both: (1) file with the Clerk of the Court at 1001 S.W. Fifth Avenue, Suite 700, Portland, Oregon 97204 a written response stating the specific facts upon which the objection is based, and (2) serve a copy thereof on (a) Howard M. Levine, counsel to the Debtor, at Sussman Shank LLP, 1000 S.W. Broadway, Suite 1400, Portland, Oregon 97205; (b) Robert B. Millner, counsel to Safeco at SNR Denton US LLP, 233 South Wacker Drive, Suite 7800, Chicago, Illinois 60606; (c) James I. Stang, counsel to the Creditors Committee, at Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067; and (d) the Office of the US Trustee, 620 SW Main Street, Room 312, Portland, Oregon 97205, no later than _____, 2011, and (2) attend the hearing on _____, 2011 at _____.m.  If no objections are filed the Debtor may seek entry of an order approving the Motion without further notice or hearing.

A copy of the Motion can be obtained through the PACER system on the Court's website at www.orb.uscourts.gov, on Bankruptcy Management Corporation's website at www.bmcgroup.com/sjop or by contacting Howard M. Levine, Sussman Shank LLP, 1000 S.W. Broadway, Suite 1400, Portland, Oregon 97205, (503) 227-1111.

Dated this ___ day of _____, 2011.

F:\CLIENTS\19620\004\PLAN & DISCLOSURE STATEMENT\SAFECO NOTICE OF PUBLISHING (FINAL).DOC

Exhibit A                                    Exhibit 2

1  Thomas W. Stilley, OSB No. 883167
   Howard M. Levine, OSB No. 800730
2  SUSSMAN SHANK LLP
3  1000 SW Broadway, Suite 1400
   Portland, Oregon 97205-3089
4  Telephone: (503)227-1111
   Facsimile: (503) 248-0130
5  Email: tom@sussmanshank.com
          hlevine@sussmanshank.com
6
   Attorneys for Debtor and Debtor-in-Possession
7

8              IN THE UNITED STATES BANKRUPTCY COURT
9                  FOR THE DISTRICT OF OREGON

10 In re:                              Case No.: 09-30938-elp 11

11 SOCIETY OF JESUS OREGON PROVINCE,   MOTION TO APPROVE SETTLEMENT
   an Oregon domestic nonprofit religious   AGREEMENT RELEASE AND POLICY
12 corporation,                        BUYBACK WITH SAFECO
                                       INSURANCE COMPANY OF
13       Debtor.                       AMERICA, INCLUDING THE SALE OF
                                       INSURANCE POLICY FREE AND
14                                     CLEAR OF LIENS, CLAIMS,
                                       ENCUMBRANCES, AND OTHER
15                                     INTERESTS

16
          Pursuant to 11 USC § 363 and § 105(a), and pursuant to FRBP 2002, 6004,
17
18 9014 and 9019(a), the Society of Jesus Oregon Province, an Oregon domestic nonprofit

19 religious corporation, (the "Debtor") hereby moves for the entry of an order: (i) approving

20 the Settlement Agreement, Release and Policy Buyback (the "Settlement Agreement")

21 that has been entered into by the Debtor and Other Releasing Parties[1] on the one hand,

22 and American States Insurance Company, General Insurance Company of America,

23
─────────────────
24
   [1]  Capitalized terms used and not defined herein shall have the same meaning as in the
25 Settlement Agreement.
        **Page 1 of 3** - MOTION TO APPROVE SETTLEMENT AGREEMENT RELEASE AND
26      POLICY BUYBACK WITH SAFECO INSURANCE COMPANY OF AMERICA,
        INCLUDING THE SALE OF INSURANCE POLICY FREE AND CLEAR OF LIENS,
        CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS

Exhibit B

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    and Safeco Insurance Company of America (collectively, "Safeco" as defined in the

2    Settlement Agreement), on the other, a copy of which is attached hereto as Exhibit A;

3    (ii) authorizing the Debtor to sell back to Safeco the Policies pursuant to the Settlement

4    Agreement, free and clear of all liens, encumbrances, and other Interests; (iii) and

5    finding that all Claims of any Person whose Interests are, have been, or may be

6    represented by the Future Claimants Representative appointed pursuant to the Order

7    entered August 10, 2009 [Doc 412] are "claims" as such term is defined in 11 USC §

8    101(5); (iv) finding that Safeco is a good faith purchaser entitled to the protection of 11

9    USC § 363(m); (v) finding that Safeco is entitled to the benefit of an injunction, as part of

10   Debtor's contemplated plan of reorganization; (vi) approving the adequacy of the notice

11   of this Motion and the Settlement Agreement and finding that the notice is sufficient to

12   bind, with respect to the relief requested, all known and unknown creditors and

13   claimants, including the Future Claimants Representative and all Persons whose

14   Interests he represents, and all other Persons who receive notice pursuant to Section

15   3.2.3 of the Settlement Agreement; and (vii) finding that the Settlement Agreement and

16   the sale of the Policies comply with the Bankruptcy Code and other applicable law, and

17   including other customary terms for orders approving policy sales under § 363 of the

18   Bankruptcy Code, as set forth in the proposed order form.  A form of proposed order

19   acceptable to the Debtor and Safeco is attached as Exhibit 1 to the Settlement

20   Agreement.

**Page 2 of 3** - MOTION TO APPROVE SETTLEMENT AGREEMENT RELEASE AND
POLICY BUYBACK WITH SAFECO INSURANCE COMPANY OF AMERICA,
INCLUDING THE SALE OF INSURANCE POLICY FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1  This Motion is a core proceeding over which this Court has jurisdiction to enter a

2  final order pursuant to 28 USC §§ 157 and 1334.  Venue is proper in this district

3  pursuant to 28 USC §§ 1408 and 1409.

4  This Motion is supported by a memorandum of law to be separately filed, and the

5

6  records and files in this case.

7  Dated this _____ day of March, 2011.

8  SUSSMAN SHANK LLP

9

10  _____

   Thomas W. Stilley, OSB No. 883167
11  Howard M. Levine, OSB No. 800730
   Attorneys for Debtor and Debtor-in-Possession
12

13  F:\CLIENTS\19620\004\PLAN & DISCLOSURE STATEMENT\SAFECO MOTION TO APPROVE BUYBACK (FINAL).DOC

14

15

16

17

18

19

20

21

22

23

24

25

26  **Page 3 of 3** - MOTION TO APPROVE SETTLEMENT AGREEMENT RELEASE AND
   POLICY BUYBACK WITH SAFECO INSURANCE COMPANY OF AMERICA,
   INCLUDING THE SALE OF INSURANCE POLICY FREE AND CLEAR OF LIENS,
   CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS

Exhibit B

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

## SETTLEMENT AGREEMENT, RELEASE, AND POLICY BUYBACK

This Settlement Agreement, Release, and Policy Buyback ("Agreement") is hereby made between and among the Society of Jesus, Oregon Province (the "SJOP" as defined herein) and the Other Releasing Parties (as defined herein), on the one hand; and American States Insurance Company, General Insurance Company of America, and Safeco Insurance Company of America ("Safeco" as defined herein) and the Safeco Released Parties (as defined herein), on the other hand.

### RECITALS

WHEREAS, numerous individuals have asserted claims against the SJOP and certain Other Releasing Parties for injuries allegedly suffered due to sexual abuse by priests and other individuals allegedly negligently hired, supervised, or maintained by the SJOP (the "Tort Claims" as defined herein); and

WHEREAS, Safeco issued or allegedly issued certain insurance policies to or for the benefit of the SJOP and/or the Other Releasing Parties (the "Policies" as defined herein); and

WHEREAS, certain disputes between the SJOP and Safeco have arisen and would be likely to arise in the future concerning Safeco's position regarding the nature and scope of its responsibilities, if any, to provide coverage to the SJOP and/or any of the Other Releasing Parties under the Policies for the Tort Claims, including, without limitation, the sufficiency of the evidence of the existence and terms of the Policies; whether policy terms or exclusions provide or preclude coverage for the Tort Claims; whether the SJOP has complied with certain conditions precedent to coverage contained in the Policies; whether settlements made by the SJOP or to be made by the SJOP are reasonable; and whether and to what extent the costs incurred in connection with the Tort Claims are allocable to the Policies (the "Coverage Disputes" as defined herein); and

WHEREAS, the SJOP filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code (as herein defined) on February 17, 2009 (the "Petition Date" as defined herein), in the United States Bankruptcy Court for the District of Oregon (the "Reorganization Case" as defined herein); and

WHEREAS, Safeco filed an adversary proceeding against the SJOP on October 23, 2009, in the United States Bankruptcy Court for the District of Oregon (the "Adversary Coverage Proceeding" as defined herein); and

WHEREAS, on February 23, 2010, the Official Committee of Unsecured Creditors filed a Motion for Authority to Commence, Prosecute and Settle Litigation on Behalf of Bankruptcy Estate Against Safeco in the Reorganization Case [Doc 660], which Motion Safeco and SJOP opposed by filing written opposition papers; and

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK

Exhibit B

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit A

WHEREAS, the SJOP, Safeco, the Other Releasing Parties, and the Safeco Released Parties, without any admission of liability or concession of the validity of the positions or arguments advanced by each other, now wish fully and finally to compromise and resolve any and all Coverage Disputes and any and all other disputes between them; and

WHEREAS, through this Agreement, the SJOP and the Other Releasing Parties intend to provide Safeco with the broadest possible buyback and release with respect to the Policies and to provide that Safeco shall have no further obligations now or in the future with respect to the Policies; and

WHEREAS, as part of the compromise and resolution of such disputes, the Parties, the Other Releasing Parties, and the Safeco Released Parties wish to effect a sale of the Policies pursuant to Section 363 of the Bankruptcy Code; and

WHEREAS, each Party has received the advice of counsel in the preparation, drafting, and execution of this Agreement, which was negotiated at arm's length;

NOW, THEREFORE, in consideration of the foregoing recitals and of the mutual covenants contained in this Agreement, the sufficiency of which is hereby acknowledged, and intending to be legally bound, subject to the approval of the Bankruptcy Court, the Parties, the Other Releasing Parties, and the Safeco Released Parties hereby agree as follows:

## 1.    DEFINITIONS AND CONSTRUCTION

1.1    As used in this Agreement, the following terms shall have the meanings set forth below. Terms not defined below shall have any meanings given to them in the Bankruptcy Code.

1.1.1    "Adversary Coverage Proceeding" means the lawsuit Safeco filed against the SJOP on October 23, 2009, in the United States Bankruptcy Court for the District of Oregon, Adv. Proc. No. 09-3351-elp.

1.1.2    "Approval Motion" means the motion seeking entry of the Approval Order.

1.1.3    "Approval Order" means a Final Order in substantially the form attached hereto as Exhibit 1, with only such modifications as are acceptable both to Safeco and the SJOP in each party's respective sole discretion, entered by the Bankruptcy Court under Bankruptcy Code Sections 363 and 105 and Bankruptcy Rule 9019 and/or under such other provisions as the Bankruptcy Court may order, approving this Agreement and authorizing the Parties to undertake the settlement and the transactions contemplated by this Agreement.

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 2 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

1.1.4 "Bankruptcy Code" means Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

1.1.5 "Bankruptcy Court" means the United States Bankruptcy Court for the District of Oregon and any other court in which the Reorganization Case may be pending or which has jurisdiction over the Reorganization Case.

1.1.6 "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

1.1.7 "Claim" means any past, present or future claim, demand, action, requests, cause of action, suit or liability of any kind or nature whatsoever, whether at law or equity, known or unknown, asserted or unasserted, anticipated or unanticipated, accrued or unaccrued, fixed or contingent, which has been or may be asserted by or on behalf of any Person, whether seeking damages (including compensatory, punitive or exemplary damages) or equitable, mandatory, injunctive, or any other type of relief, including cross-claims, counterclaims, third-party claims, suits, lawsuits, administrative proceedings, notices of liability or potential liability, arbitrations, actions, rights, causes of action or orders, and any claim within the definition of Section 101(5) of the Bankruptcy Code.

1.1.8 "Conditional Payment" means any payment made pursuant to Section 1395y(b)(2)(B) of the MSPA (Medicare Secondary Payer Act, as defined in § 1.1.16 of this Agreement).

1.1.9 "Coverage Disputes" means those disputes between the SJOP and Safeco that have arisen or may arise in the future concerning Safeco's position regarding the nature and scope of Safeco's responsibilities, if any, to provide coverage to the SJOP and/or any of the Other Releasing Parties under the Policies for Claims.

1.1.10 "Effective Date" means the date on which this Agreement becomes effective, which shall be the day upon which the Approval Order entered by the Bankruptcy Court has become a Final Order, which shall be after each of the Parties has executed this Agreement and delivered evidence of that execution, through delivery of an executed signature page, to the other Party.

1.1.11 "Extra-Contractual Claim" means any Claim against Safeco, seeking any type of relief, including compensatory, exemplary, or punitive damages, or attorneys' fees, interest, costs, or any other type of relief, on account of alleged bad faith; failure to act in good faith; violation of any duty of good faith and fair dealing; violation of any unfair claims practices act or similar statute, regulation, or code; any type of alleged misconduct; or any other act or

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 3 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

omission of the insurer of any type for which the claimant seeks relief other than coverage or benefits under a Policy. Extra-Contractual Claims include without limitation: (i) any Claim arising out of or relating to Safeco's handling of any request for insurance coverage relating to the Policies for any Claim, including, without limitation, any Tort Claim; and (ii) the conduct of the Parties with respect to the negotiation of this Agreement. However, this limitation shall not include fraud in the inducement of this Agreement.

1.1.12 "Final Order" means an order, judgment, or other decree (including any modification or amendment thereof) that remains in effect and has not been reversed, withdrawn, vacated, or stayed, and as to which the time to appeal or seek review, rehearing, or writ of certiorari has expired or, if such an appeal or review has been taken, (i) it has been resolved and no longer remains pending, or (ii) an appeal or review has been taken timely but such order has not been stayed and the SJOP and Safeco have mutually agreed in writing that the order from which such appeal or review is taken should be deemed to be a Final Order within the meaning of this Agreement.

1.1.13 "Insurance Coverage Claim" means any Claim for insurance coverage under the Policies.

1.1.14 "Interests" means all liens, Claims, encumbrances, interests, and other rights of any nature, whether at law or in equity, including any rights of contribution, indemnity, defense, subrogation, or similar relief relating to the Policies.

1.1.15 "Medicare Beneficiary" means a Tort Claimant who is eligible to, is receiving, or has received Medicare benefits.

1.1.16 "MSPA" means Medicare Secondary Payer Act, codified at 42 U.S.C. § 1395y, and the regulations promulgated thereunder, found at 42 C.F.R. § 411.1 *et seq.*

1.1.17 "Other Releasing Parties" mean: (i) Montana Catholic Missions, S.J.; Mount St. Michael; Pioneer Educational Society (also sometimes referred to in the Policies as Pioneer Education Society or Pioneer Educational Society dba Bea House); Society of Jesus, Alaska; and Fr. Patrick J. Lee, S.J. on behalf of the Office of the Very Reverend Father Provincial of the SJOP; and (ii) any and all predecessors, successors, and assigns of the SJOP and any and all past and present employees, officers, directors, shareholders, principals, agents, attorneys, representatives, in their capacity as such, of the SJOP. In addition, it is the mutual understanding of SJOP and Safeco that the reference to "Society of Jesus" in the American States policies was and is intended to refer to the Society of Jesus, Oregon Province.

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 4 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

1.1.18  "Parties" means the SJOP and Safeco, and "Party" means anyone of them.

1.1.19  "Person" means an individual, any corporation, including, without limitation, a corporation sole, a partnership, an association, a limited liability company, a proprietorship, joint venture, a trust, executor, legal representative, or any other entity or organization, as well as any federal, international, foreign, state, or local governmental or quasi-governmental entity, body, or political subdivision or any agency or instrumentality thereof.

1.1.20  "Petition Date" means February 17, 2009, the date upon which the SJOP filed its voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

1.1.21  "Plan Confirmation Order" means a Final Order that: (i) approves a plan of reorganization as to SJOP pursuant to Section 1129 and any other applicable provision of the Bankruptcy Code; (ii) contains an injunction pursuant to Section 105(a) of the Bankruptcy Code channeling all Tort Claims to the Trust; (iii) provides that this Agreement is binding on the Trust (i.e., contains a Supplemental Injunction in favor of Safeco); and (iv) provides all protections to Safeco and the Safeco Release Parties against Tort Claims that are afforded to settling insurers under the plan of reorganization.

1.1.22  "Policies" means all insurance policies, issued or allegedly issued, by Safeco and providing insurance coverage to the SJOP, and/or any Other Releasing Party, as identified on Exhibit 2 to this Agreement, and any and all unknown insurance policies issued  or allegedly issued by Safeco to SJOP and/or any Other Releasing Party.

1.1.23  "Procedures Motion" means the motion seeking approval of the procedures for notice, service, and publication of the Approval Motion (as defined herein).

1.1.24  "Reorganization Case" means the Chapter 11 reorganization case filed February 17, 2009, by the SJOP in the United States Bankruptcy Court for the District of Oregon, *In re The Society of Jesus, Oregon Province,* Case No. 09-30938-elp11.

1.1.25  "Safeco" means American States Insurance Company, General Insurance Company of America, and Safeco Insurance Company of America, and each of their past and present subsidiaries, parents, and affiliates. "Safeco" also includes all future subsidiaries, parents, and affiliates of American States Insurance Company, General Insurance Company of America, and Safeco

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 5 of 26

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit A

Insurance Company of America, to the extent that their liability is derivative of Safeco's liabilities under the Policies.

1.1.26 "Safeco Released Parties" means Safeco, as defined above, and all employees, officers, directors, shareholders, principals, parents, agents, attorneys, and representatives, as well as the predecessors, successors, assignors, and assigns of each of the foregoing, in their capacity as such.

1.1.27 "Settlement Amount" means the payment to be made by Safeco pursuant to Section 2.1 of this Agreement.

1.1.28 "SJOP" means the Society of Jesus, Oregon Province, an Oregon non-profit religious corporation, and the Estate (pursuant to Section 541 of the Bankruptcy Code).

1.1.29 "Supplemental Injunction" means an injunction pursuant to Sections 105(a) and 363 of the Bankruptcy Code, barring and permanently enjoining any and all Persons and entities who now hold or who may in the future hold any Claims or Interests of any kind or nature (including, without limitation, all debt holders, all equity holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, Tort Claim holders, other insurers, and all others holding Claims or Interests of any kind or nature whatsoever) against SJOP, Other Releasing Parties, Safeco, Safeco Released Parties, or the Safeco Policies, relating to or in connection with the Safeco Policies or Tort Claims, from or against asserting any such Claim or Interests against Safeco, Safeco Released Parties, and/or the Policies.

1.1.30 "Tort Claim" means any Claim against the SJOP and/or Other Releasing Parties resulting, in whole or in part, from alleged sexual molestation or abuse or conduct of a sexual nature or corporal abuse and seeking monetary damages or other relief, and any Claims against Safeco for contribution, indemnity, defense, subrogation, or similar relief, including any Claim of any Person whose Interests are, have been, or may be represented by the Future Claimants Representative appointed pursuant to Order entered August 10, 2009 [Doc 412], arising directly or indirectly from such Claims against SJOP and/or Other Releasing Parties.

1.1.31 "Tort Claimant" means any Person, including any Person whose Interests are, have been, or may be represented by the Future Claimants Representative appointed pursuant to Order entered August 10, 2009 [Doc 412], asserting a Tort Claim.

1.1.32 "Trust" means the Trust, established pursuant to a plan of reorganization as to SJOP and confirmed by the Plan Confirmation Order, to

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 6 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

which all Tort Claims are channeled as the sole and exclusive source of payment of any claims against SJOP or Safeco.

1.2     The following rules of construction shall apply to this Agreement:

   1.2.1   Unless the context of this Agreement otherwise requires: (i) words of any gender include each other gender; (ii) words using the singular or plural number also include the plural or singular number, respectively; (iii) the terms "hereof," "herein," "hereby," and derivative or similar words refer to this entire Agreement; and (iv) the words "include," "includes," or "including" shall be deemed to be followed by the words "without limitation."

   1.2.2   References to statutes shall include all regulations promulgated thereunder and references to statutes or regulations shall be construed as including all statutory and regulatory provisions regardless of whether specifically referenced in this Agreement.

   1.2.3   The wording of this Agreement was reviewed by legal counsel for each of the Parties, or other signatories to this Agreement, and each of them had sufficient opportunities to propose and negotiate changes prior to its execution. None of the Parties, the Other Releasing Parties, or the Safeco Released Parties or other signatories to this Agreement will be entitled to have any wording of this Agreement construed against the other based on any contention as to which of the Parties drafted the language in question or which party is an insurer.

   1.2.4   The use of the terms "intend," "intended," or "intent," when describing the intention of the Parties, the Other Releasing Parties, and/or the Safeco Released Parties, as the case may be, shall not be construed to create a breach of this Agreement when the stated intent is not achieved. Notwithstanding the foregoing sentence, however, and for the avoidance of doubt, nothing in this Agreement, including in conjunction with or reliance on this Section 1.2.4, shall be construed as allowing SJOP or any Other Releasing Party to make any Claim against Safeco or any Safeco Released Party under the Policies should the intent of any Party to this Agreement fail or otherwise not be achieved. In exchange for payment of the Settlement Amount, the Parties, Other Releasing Parties, and Safeco Released Parties agree that all Claims against Safeco and the Safeco Released Parties are forever released and bought back as set forth in this Agreement.

2.     **PAYMENT OF SETTLEMENT AMOUNT**

2.1     Subject to all of the terms of this Agreement, in full and final settlement of all responsibilities under and arising out of the Policies, and in consideration of the sale of the Policies to Safeco free and clear of all Interests of any Person, and

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 7 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

expressly subject to fulfillment of all conditions to payment identified in Section 3 below, Safeco shall pay to the Trust the sum of One Hundred Eighteen Million Dollars ($118,000,000) (the "Settlement Amount") within fourteen (14) days after the Conditions Precedent to Safeco's Payment set forth in Section 3 of this Agreement have been fulfilled, provided that Safeco receives prior written notice of at least twenty one (21) days from the Trustee of the Trust that such conditions have been satisfied and direction as to transmission of the payment.

2.2     The Parties, the Other Releasing Parties, and the Safeco Released Parties expressly agree that it is intended: (i) that the Settlement Amount is the total amount Safeco and the Safeco Released Parties are obligated to pay on account of any and all Claims made under or relating to the Policies (including the Tort Claims and any reimbursement obligations for Conditional Payments under the MSPA) or with respect to Extra-Contractual Claims relating to the Policies; (ii) that under no circumstance will Safeco or the Safeco Released Parties ever be obligated to make any additional payments to anyone in connection with the Policies, including any amounts allegedly owed under the MSPA and for Extra-Contractual Claims; and (iii) that all limits of liability of the Policies, including all per person, per occurrence, and aggregate limits, shall be deemed fully and properly exhausted. The Parties, the Other Releasing Parties, and the Safeco Released Parties further agree that the Settlement Amount is the full purchase price of the Policies.

2.3     The Parties agree that the plan of reorganization as to the SJOP that is confirmed in the Plan Confirmation Order will provide that this Agreement is binding on the Trust and that before the Trustee of the Trust disburses any of the Settlement Amount to any Tort Claimant the Trustee shall determine whether any Conditional Payment has been made to or on behalf of any Tort Claimant.  If any Conditional Payment has been made to or on behalf of any Tort Claimant, the Trustee shall, within the respective time period called for by the MSPA, (i) reimburse the appropriate Medicare Trust Fund for the appropriate amount, and (ii) submit the required information for any Tort Claimant to the appropriate agency of the United States government.  To assist the Trustee, the Parties agree that the plan of reorganization as to SJOP shall provide as follows:

2.3.1     Before the Trustee will pay any portion of any Tort Claim to any Tort Claimant, that claimant must provide a third-party vendor, which vendor has been approved by the Official Committee of Unsecured Creditors or the Trustee ("Approved Vendor") or, if no Approved Vendor has been retained by or on behalf of an Tort Claimant, the Trustee, with his or her name, date of birth, Social Security Number or Health Insurance Claim Number (together, the "Personal Information"), a signed Social Security Release Form or a Medicare Release form, or both, when requested by the Approved Vendor or the Trustee,

as the case may be, and any other information or documents reasonably required to comply with Sections 2.3.2, 2.3.3, and 2.3.4.

2.3.2    Each Tort Claimant who claims that he or she is not a Medicare Beneficiary expressly authorizes the Approved Vendor or the Trustee, as the case may be, to use the Personal Information to submit a query to the Social Security Administration to verify whether he or she is a Medicare Beneficiary. Before the Trustee will pay any portion of any Tort Claim to a Tort Claimant who claims that he or she is not a Medicare Beneficiary, the Tort Claimant will provide a letter from an Approved Vendor supported by documentation from the Social Security Administration, received within sixty (60) days prior to the Trustee making such payment, or, if no Approved Vendor has been retained by or on behalf of a Tort Claimant, documentation from the Social Security Administration received within sixty (60) days prior to the Trustee making such payment, confirming that the Abuse Tort is not a Medicare Beneficiary. In the absence of such a confirming letter or documentation, each Tort Claimant will be presumed to be a Medicare Beneficiary.

2.3.3    Each Medicare Beneficiary expressly authorizes the Approved Vendor or the Trustee, as the case may be, to use the Personal Information to submit a query to the Centers for Medicare and Medicaid Services ("CMS"), the CMS Coordination of Benefits Contractor ("COBC"), and/or the Medicare Secondary Payer Recovery Contractor ("MSPRC") to determine the amount of each and every Conditional Payment, if any, subject to reimbursement by a "primary plan." Before the Trustee will pay any portion of any Tort Claim to a Medicare Beneficiary, such Medicare Beneficiary, must provide the Trustee with a letter from the MSPRC ("MSPRC Letter") received within sixty (60) days prior to the Trustee making such payment: (a) setting forth the Conditional Payment estimate made to or on behalf of the Medicare Beneficiary that is subject to reimbursement by a "primary plan," as the phrase is defined in Section 1395y(b)(2) of the MSPA; or (b) stating that no such Conditional Payment has been made to or on behalf of the Medicare Beneficiary. In the event that the MSPRC Letter sets forth a Conditional Payment estimate, no payment shall be made to such Medicare Beneficiary before the Trustee sets aside a reserve for the full amount of the Conditional Payment estimate, or pays a negotiated amount agreed to by the MSPRC and the Medicare Beneficiary. If the Trustee sets aside a reserve for the full amount of the Conditional Payment estimate, that reserved amount shall be withheld from the payment to the Medicare Beneficiary until the Conditional Payment estimate has been paid in full or a negotiated amount that has been agreed to by the MSPRC and the Medicare Beneficiary has been paid.

2.3.4   The failure by one or more Medicare Beneficiaries or other Tort Claimants to comply with these provisions shall not delay or impair the payment by the Trustee to any other Medicare Beneficiary or other Tort Claimant complying with these provisions.

2.3.5   If the Tort Claimant is the estate of a Tort Claimant, then the letters or documentation required pursuant to Sections 2.3.2 and 2.3.3 need not be received by the Trustee within sixty (60) days of the date of payment by the Trustee to such claimant, provided that the date of death of the Tort Claimant is at least sixty (60) days prior to the date of such letters or documentation.

2.3.6   Notwithstanding any of the above, a Tort Claimant can elect to provide the Trustee with the documentation from the Social Security Administration required pursuant to section 2.3.2, or a Medicare Beneficiary can elect to provide the Trustee with the letter from MSPRC required pursuant to section 2.3.3, without retaining an Approved Vendor and without providing an Approved Vendor or the Trustee with his or her Personal Information, except to the extent that such information is disclosed in such documentation or letter.

3.   **CONDITIONS PRECEDENT TO SAFECO'S PAYMENT**

3.1   <u>Timing of Payment</u>.  Safeco's obligation to pay the Settlement Amount in Section 2.1 above is expressly conditioned on the SJOP having obtained both the Approval Order and the Plan Confirmation Order. Court deferral of entry of the Approval Order, in whole or in part, until entry of the Plan Confirmation Order is not a failure of this condition.

3.2   <u>Approval Order</u>.  Within fourteen (14) days after the SJOP and Safeco have executed this Agreement, the SJOP shall file the Procedures Motion.

3.2.1   Within five (5) days after the Court enters an order approving the Procedures Motion, SJOP shall file the Approval Motion. The Approval Motion shall seek entry of the Approval Order.

3.2.2   If any objections to the Approval Motion are filed with the Bankruptcy Court, the SJOP shall file a written response, in a form acceptable to Safeco, and shall take all reasonable steps to defend against any appeal, petition, motion, or other challenge to the Bankruptcy Court's entry of the Approval Order.  Safeco will cooperate with the SJOP, including making all appropriate submissions.

3.2.3   Written notice of the Approval Motion shall be provided to all known claimants (including all Tort Claimants and other claimants who have filed proofs of claim, all Tort Claimants scheduled by the SJOP, counsel for the Official

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 10 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Committee of Unsecured Creditors, the Future Claimants Representative appointed pursuant to Order entered August 10, 2009 [Doc 412]), all Persons who have filed notices of appearance in the Reorganization Case, all entities known to have provided general liability insurance to the SJOP, and the Other Releasing Parties. All claimants, including Tort Claimants, shall be served at the address shown on their proofs of claim or to their counsel of record (with a single notice to any counsel of record who represents multiple Tort Claimants constituting notice to all that counsel's clients who are Tort Claimants) or, if no proof of claim was filed, then at the address on SJOP's schedules. Counsel for each Tort Claimant shall also be served. Known Tort Claimants, to the extent of record, shall be served even if not scheduled or the subject of a proof of claim, to the extent known to SJOP. The General Curia of the Society of Jesus shall be given notice by international mail c/o Fr. Adolfo Nicholás at his official address in Rome, Italy, with a copy to its Portland-based counsel in the Reorganization Case. Any and all co-defendants and their counsel (to the extent of record) in any pre-petition litigation brought by Tort Claimants shall also be given notice at the last address shown on any filed appearance or, if such co-defendant is proceeding *pro se*, then to the last address of record for such *pro se* co-defendant. The notice of intent to seek entry of the Approval Order also shall be published, at Safeco's expense, twice in the *USA Today, Oregonian, Anchorage Daily News, Fairbanks Daily News-Miner, Seattle Times, Spokesman-Review, Missoulian,* and *Idaho Statesman,* in a form and at a time agreed to by the Parties or as ordered by the Bankruptcy Court.

3.3   Plan Confirmation Order. In conjunction with the Reorganization Case, the SJOP shall seek and obtain entry of a Plan Confirmation Order, which order must be in all respects consistent with this Agreement and contain no provisions that diminish or impair the benefit of this Agreement to Safeco. In so doing, SJOP's efforts shall include: (i) proposing a plan of reorganization and seeking a confirmation hearing on an appropriately timely basis; (ii) urging the Bankruptcy Court to overrule any objections and confirm a proposed plan; and (iii) taking all reasonable steps to defend against any appeal, petition, motion, or other challenge to the Bankruptcy Court's entry of a Plan Confirmation Order. Prior to entry of a Plan Confirmation Order, the SJOP shall oppose any motion to lift any stay as to any Tort Claim. In the event the Bankruptcy Court lifts the stay as to any Tort Claim prior to the Plan Confirmation Order, the SJOP shall defend that Tort Claim to the extent that such Tort Claim would have been covered by a Policy, which indemnity and defense expenses shall be paid by Safeco and deducted from the Settlement Amount. The form and manner of notice of the hearing to confirm the plan of reorganization as to SJOP and the form and manner of notice of the hearing as to the adequacy of the disclosure statement pertaining thereto are subject to advance approval by Safeco, which approval cannot be unreasonably withheld. In the event the SJOP fails to defend that Tort

Settlement Agreement,
Release, and Policy Buyback
Exhibit B

Page 11 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Claim, then Safeco shall have the right, but not the duty, to defend and/or indemnify that Tort Claim pursuant to the terms and conditions of the applicable Policies and any such costs for defense or indemnity shall be deducted from the Settlement Amount. In such event, SJOP will cooperate with Safeco in the defense and/or indemnification of such Tort Claim, and Safeco agrees not to settle any such Tort Claim without the express consent of the Committee of Unsecured Creditors.

3.4   <u>The Plan of Reorganization</u>. The plan of reorganization as to the SJOP must be in all respects consistent with this Agreement and contain no provisions that diminish or impair its benefit to Safeco. Such plan of reorganization shall provide for damages, injunctive relief, attorneys' fees, costs, and expenses in favor of Safeco against the Trust in the event of a violation or breach of the undertaking in Section 2.3 of this Agreement.

4.   **CONDITIONS TO AGREEMENT**

4.1   This Agreement shall be subject to the following conditions: in the event (i) the Bankruptcy Court dismisses the Reorganization Case or converts it to a case under Chapter 7 of the Bankruptcy Code prior to the entry of a Plan Confirmation Order; or (ii) one or more of the conditions ("<u>Dismissal Conditions</u>") identified in Section 4.2 below occurs, then either the SJOP (subject to Court approval unless the Reorganization Case is dismissed) or Safeco may terminate this Agreement by prompt written notice to the other Party. Upon termination of this Agreement, the releases provided in Section 5 of this Agreement shall become null and void, and the SJOP or Safeco shall retain all of their rights and obligations with respect to the Policies, which shall be reinstated as if this Agreement had never been drafted or executed.

4.2   Dismissal Conditions for purposes of Section 4.1 of this Agreement are: (i) the failure of the SJOP, after a good faith effort, to obtain, by December 31, 2011, a Confirmation Order, provided, however, that this date shall be extended by up to one year at the request of either the SJOP or Safeco and may be extended further by the consent of both Parties and the Official Committee of Unsecured Creditors, which consent shall not be unreasonably withheld; or (ii) the agreement of Safeco and the SJOP that the SJOP should seek dismissal of the Reorganization Case.

5.   **RELEASES AND SALE FREE AND CLEAR**

5.1   From and after the Effective Date, neither the SJOP nor any Other Releasing Party shall commence against Safeco or the Safeco Released Parties any action, suit, or proceeding of any nature whatsoever with respect to any matter, conduct, transaction, occurrence, fact, or other circumstance alleged in, arising

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 12 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

out of, connected with, or in any way relating to any Policy or Tort Claim, or Safeco's handling thereof, unless this Agreement is properly terminated pursuant to Section 4 above.

5.2    Subject to entry of the Approval Order and the Plan Confirmation Order as Final Orders, and the payment of the sum set forth in Section 2.1, and without any further action by the Parties, the SJOP and the Other Releasing Parties, on the one hand, and Safeco and the Safeco Released Parties, on the other hand, each hereby fully, finally, and completely remises, releases, acquits, and forever discharges, as of the Effective Date, the other, and each of them, from any and all past, present, or future Claims in connection with, relating to or arising out of, in any manner or fashion, the Policies, including Claims that are actual or alleged, known or unknown, accrued or unaccrued, suspected or unsuspected (including Tort Claims, Extra-Contractual Claims, reimbursement obligations for Conditional Payments under the MSPA, and all Claims relating to, or arising out of the Reorganization Case), whether such Claims seek compensatory damages, punitive damages, exemplary damages, statutorily multiplied damages, attorneys' fees, interest, costs, or any other type of monetary or nonmonetary relief.

5.3    The SJOP, the Other Releasing Parties, Safeco, and the Safeco Released Parties agree that, as set forth in the Approval Order, Safeco hereby buys back the Safeco Policies free and clear of all liens, encumbrances, and other Interests (as set forth in the Approval Order) of any Person, including all rights and Interests of the SJOP; all Other Releasing Parties; and any other Person claiming by, through, or on behalf of the SJOP; any other insurer; any Tort Claimant; and the General Curia of the Society of Jesus. This sale is pursuant to Sections 363(b) and 363(f) of the Bankruptcy Code. The Parties, Other Releasing Parties, and Safeco Released Parties acknowledge and agree that (i) Safeco is a good faith purchaser of the Safeco Policies within the meaning of Section 363(m) of the Bankruptcy Code and (ii) the consideration exchanged constitutes a fair and reasonable settlement of the Parties' disputes and of their respective rights and obligations relating to the Safeco Policies and constitutes reasonably equivalent value. The Parties, Other Releasing Parties, and Safeco Released Parties agree (as set forth in the Approval Order) that the releases in this Agreement and the policy buyback comply with the Bankruptcy Code and applicable non-bankruptcy laws. The Parties, Other Releasing Parties, and Safeco Released Parties agree (as set forth in the Approval Order) that, upon the payment of the Settlement Amount by Safeco, the Policies shall be terminated and of no further force and effect. The Parties, Other Releasing Parties, and Safeco Released Parties further agree that Safeco's payment of the Settlement Amount constitutes Safeco's full and complete performance of any and all obligations under the Policies owed to any of the Other Releasing Parties and exhausts all limits of liability of the Policies.

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 13 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

The Parties, Other Releasing Parties, and Safeco Released Parties agree that all rights, title, or interest the SJOP or Other Releasing Parties may have had, may presently have, or in the future may have in the Policies are released pursuant to the terms of this Agreement. The Parties, Other Releasing Parties, and Safeco Released Parties further agree that the SJOP accepts the Settlement Amount in full and complete satisfaction of all Safeco's past, present, and future obligations to the SJOP and the Other Releasing Parties, or any of them, under the Policies or arising therefrom, as to any and all Claims for insurance coverage or policy benefits of any nature whatsoever, whether legal or equitable, known or unknown, suspected or unsuspected, fixed or contingent, and regardless of whether or not such claims are in any way related to, connected with, based on, or arise out of the Tort Claims, the Reorganization Case, or otherwise under the Policies.

5.4    If, contrary to the specific intent of the Parties, Other Releasing Parties, and Safeco Released Parties, any Claims released pursuant to Section 5.2, including any Insurance Coverage Claim, are deemed to survive this Agreement, even though they are encompassed by the terms of the release set forth in this Section 5 of this Agreement, the Parties, Other Releasing Parties, and Safeco Released Parties hereby forever, expressly, and irrevocably waive entitlement to and agree not to assert any and all such Claims. If, contrary to the specific intent of the Parties, Other Releasing Parties, and Safeco Released Parties, CMS makes a claim against Safeco, such claim or its resolution shall not be deemed a breach of this Agreement.

5.5    The releases set forth in this Section 5, as well as all other provisions in this Agreement, are not intended to apply to or have any effect on Safeco's right to reinsurance recoveries under and reinsurance treaties, certificates, or contracts that cover losses arising under or in connection with the Policies.

5.6    Nothing in this Section 5 is intended to, nor shall be construed to, release, waive, relinquish, or otherwise affect the Parties' rights and obligations under this Agreement.

6.    **REPRESENTATIONS AND WARRANTIES OF THE PARTIES**

6.1    Each of the Parties, the Other Releasing Parties, and the Safeco Released Parties separately represents and warrants as follows:

6.1.1    To the extent it is a corporation, including a non-profit corporation, or other legal entity, it has the requisite power and authority to enter into this Agreement and to perform the obligations contemplated by this Agreement, subject only to approval of the Bankruptcy Court;

6.1.2   Subject to entry of the Approval Order and Plan Confirmation Order as Final Orders, the execution and delivery of, and the performance of the obligations contemplated by, this Agreement have been approved by duly authorized representatives of the Parties, the Other Releasing Parties, and the Safeco Released Parties and by all other necessary actions of the Parties, Other Releasing Parties, and Safeco Released Parties; and

6.1.3   This Agreement has been thoroughly negotiated and analyzed by counsel to the Parties and has been executed and delivered in good faith, pursuant to arm's length negotiations and for value and valuable consideration.

6.2   Each of the Parties, Other Releasing Parties, and Safeco Released Parties has conducted and completed a thorough and good faith search for any policy of insurance that might exist, or other evidence of any such policy of insurance, under which Safeco was or might be an insurer of SJOP or of any Other Releasing Party for any Tort Claim.  Other than the Policies, no other policies of insurance have been located.

6.3   The person(s) executing this Agreement on behalf of each Other Releasing Party or Safeco Released Party represents and warrants that he/she has received authority from such Other Releasing Party or Safeco Released Party, as the case may be, to execute this Agreement on its behalf and to provide the releases identified in Section 5 above on behalf of such Other Releasing Party or Safeco Released Party.

6.4   Subject to the provisions of Sections 2.3.1 through 2.3.6, the SJOP agrees that the Trust and any plan of reorganization as to SJOP shall provide that the Settlement Amount shall be used solely for payment of indemnity and expenses relating to reimbursing the United States government for reimbursement obligations for Conditional Payments made pursuant to the MSPA applicable to any given Medicare Beneficiary and, after satisfaction thereof, to such Medicare Beneficiaries, Tort Claimants and the attorneys for Tort Claimants.

## 7.   ACTIONS INVOLVING THIRD PARTIES

7.1   For purposes of supporting the release granted in Section 5 and the extinguishment of any and all rights under the Policies resulting from the purchase and sale thereof contemplated by this Agreement, the SJOP and each Other Releasing Party hereby agrees as follows:

7.1.1   In the event that any other insurer of the SJOP or Other Releasing Parties obtains a judicial determination or binding arbitration award that it is entitled to obtain a sum certain from Safeco as a result of a claim for contribution, subrogation, indemnification, or other similar claim against Safeco

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 15 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

for Safeco's alleged share or equitable share, or to enforce subrogation rights, if any, of the defense and/or indemnity obligation of Safeco for any Claims or reimbursement obligations for Conditional Payments released or resolved pursuant to this Agreement, the SJOP or Other Releasing Party(ies), as applicable, shall voluntarily reduce its judgment or Claim against, or settlement with, such other insurer(s) to the extent necessary to effectuate such contribution, subrogation, indemnification, or other claims against Safeco. To ensure that such a reduction is accomplished, Safeco shall be entitled to assert this Section as a defense to any action against Safeco brought by any other insurer for any such portion of the judgment or Claim and shall be entitled to request the court or appropriate tribunal issue such orders as are necessary to effectuate the reduction to protect Safeco and the Safeco Released Parties from any liability for the judgment or Claim. Moreover, if a non-settling insurer asserts that it has a Claim for contribution, indemnity, subrogation, or similar relief against Safeco, such Claim may be asserted as a defense against the Trust (under a plan of reorganization as to SJOP contemplated by the Agreement) in any coverage litigation (and the Trust may assert the legal and equitable rights of Safeco in response thereto); and to the extent such a Claim is determined to be valid by the court presiding over such action, the liability of such non-settling insurer to the Trust (or SJOP) shall be reduced dollar for dollar by the amount so determined.

7.2    Safeco shall not seek reimbursement for any payments it is obligated to make under this Agreement under theories of contribution, subrogation, indemnification, or similar relief from any other insurer of the SJOP unless that other insurer first seeks contribution, subrogation, indemnification, or similar relief from Safeco. The SJOP shall use its reasonable best efforts to obtain from all insurers with which it settles agreements similar to those contained in this Section 7; provided, however, that the failure of the SJOP, despite its reasonable best efforts, to obtain such an agreement from any insurer with which it settles will not be a basis to terminate this Agreement or excuse Safeco from performing its obligations hereunder, including, without limitation, payment of the Settlement Amount.

8.    **MISCELLANEOUS**

8.1    In the event that any proceedings are commenced to invalidate all or any part of this Agreement, the Parties, Other Releasing Parties, and Safeco Released Parties agree to cooperate fully to oppose such proceedings. In the event that any action or proceeding of any type whatsoever is commenced or prosecuted by any Person not a Party to this Agreement to invalidate, interpret, or prevent the validation, enforcement, or carrying out of all or any of the provisions of this Agreement, the Parties, Other Releasing Parties, and Safeco Released Parties

Settlement Agreement,
Release, and Policy Buyback
Exhibit B

Page 16 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

mutually agree, represent, warrant, and covenant to cooperate fully in opposing such action or proceeding.

8.2 Within fourteen (14) days after payment by Safeco, Safeco shall file a motion to dismiss the Adversary Coverage Proceeding with prejudice and with each Party to bear its own costs, expenses, and attorney's fees. The SJOP shall cooperate with Safeco in seeking such dismissal.

8.3 Each Party, Other Releasing Party, and Safeco Released Party agrees to take such steps and to execute any documents as may be reasonably necessary or proper to effectuate the purpose and intent of this Agreement and to preserve its validity and enforceability.

8.4 The Parties, Other Releasing Parties, and Safeco Released Parties shall cooperate with each other in connection with the Procedures Motion, the Approval Motion, the Approval Order, the Plan Confirmation Order, and the Reorganization Case. Such cooperation shall include consulting with each other upon request concerning the status of proceedings and providing each other with copies of requested pleadings, notices, proposed orders, and other documents relating to such proceedings as soon as reasonably practicable prior to any submission thereof to the Bankruptcy Court; provided, however, that nothing contained in this Section shall obligate any Party to provide to the other Party any information that is otherwise subject to the attorney-client privilege or work-product doctrine. It is understood and agreed that in addition to the protections set forth in Section 8.7 below, all negotiations leading up to this Agreement, and all prior drafts of this Agreement, are subject to the mediation order entered by the Bankruptcy Court in the Reorganization Case and the confidentiality order imposed by the mediator.

8.5 This Agreement constitutes a single integrated written contract that expresses the entire agreement and understanding between the Parties, the Other Releasing Parties, and the Safeco Released Parties. Except as otherwise expressly provided herein, this Agreement supersedes all prior communications, settlements, and understandings between the Parties, the Other Releasing Parties, and the Safeco Released Parties, and their representatives, regarding the matters addressed by this Agreement. Except as explicitly set forth in this Agreement, there are no representations, warranties, promises, or inducements, whether oral, written, expressed, or implied, that in any way affect or condition the validity of this Agreement or alter or supplement its terms. Any statements, promises, or inducements, whether made by any party or any agents of any party, that are not contained in this Agreement shall not be valid or binding. Any changes to this Agreement must be made in writing and with the consent of the Parties, Other Releasing Parties, and Safeco Released Parties.

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 17 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

8.6    By entering into this Agreement, none of Parties has waived or shall be deemed to have waived any rights, obligations, or positions it or they have asserted or may in the future assert in connection with any matter or Person outside the scope of this Agreement. SJOP's and the Other Releasing Parties' respective rights under policies of insurance issued by insurers other than Safeco shall not be affected by this Agreement (except to the extent expressly stated in Section 7.1 of this Agreement). No part of this Agreement, its negotiation, or its performance may be used in any manner in any action, suit, or proceeding by any Person as evidence of the rights, duties, or obligations of any of the Parties with respect to matters or Persons outside the scope of this Agreement.  All actions taken and statements made by the Parties, Other Releasing Parties, and/or Safeco Released Parties, or by their representatives, relating to this Agreement or participation in this Agreement, including its development and implementation, shall be without prejudice or value as precedent and shall not be used as a standard by which other matters may be judged.

8.7    This Agreement represents a compromise of disputed Claims and shall not be deemed an admission or concession by any Party of liability, culpability, wrongdoing, or insurance coverage. Settlement negotiations leading up to this Agreement and all related discussions and negotiations shall be deemed to fall within the protection afforded to compromises and to offers to compromise by Rule 408 of the Federal Rules of Evidence and any parallel state law provisions. Any evidence of the negotiations or discussions associated with this Agreement shall be inadmissible in any action or proceeding for purposes of establishing any rights, duties, or obligations of the Parties, except in (i) an action or proceeding between or among the Parties to enforce the terms of this Agreement or (ii) any possible action or proceeding between Safeco and any of its reinsurers. This Agreement shall not be used as evidence or in any other manner, in any court or dispute resolution proceeding, to create, prove, or interpret Safeco's obligations under the Policies to the SJOP or to any other Person or any Claims of any Party against Safeco.

8.8    Neither this Agreement nor the rights and obligations set forth in this Agreement shall be assigned without the prior written consent of the other Parties, except an assignment that occurs as a matter of law by virtue of a merger of a Party with another corporation or entity. The SJOP covenants that it has not and will not assign any right, interest, or action on the Policies to any Person.

8.9    Section titles and/or headings contained in this Agreement are included only for ease of reference and shall have no substantive effect.

8.10    All notices, demands, or other communication to be provided pursuant to this Agreement shall be in writing and sent by FedEx or other overnight delivery

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 18 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

service, costs prepaid, to the Parties at the addresses set forth below, or to such other person or address as any of them may designate in writing from time to time:

If to Safeco:

Terri Yahia
Senior Corporate Counsel – CERC
c/o LIBERTY MUTUAL INSURANCE COMPANY
Complex and Emerging Risks Claims Department
175 Berkeley Street
Boston, MA 02116
Fax: (617) 574-5974

With a copy to:

Robert B. Millner
SNR DENTON US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Fax: (312) 876-7934

and

Susan A. Stone
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Fax: (312) 853-7036

If to the SJOP:

Fr. Patrick J. Lee, S.J.
c/o SOCIETY OF JESUS, OREGON PROVINCE
3215 SE 45th Avenue
Portland, OR 97206
Fax: (503) 228-6741

and

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 19 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

William L. Lockyear
c/o SOCIETY OF JESUS, OREGON PROVINCE
3215 SE 45th Avenue
Portland, OR 97206
Fax: (503) 228-6741

With a copy to:

Howard M. Levine
Thomas W. Stilley
SUSSMAN SHANK LLP
1000 SW Broadway
Suite 1400
Portland, Oregon  97205-3089
Fax: (503) 248-0130

and

James R. Murray
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC  20006-5403
Fax: (202) 420-2201

If to Official Committee for the Unsecured  Creditors:

James I. Stang
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067-4100
Fax: (310) 772-2354

with a copy to:

Paul A. Richler
Morgan Lewis & Bockius LLP
300 South Grand Ave, 22nd Fl.
Los Angeles, CA 90071-3132
Fax: (213) 612-2501

and to counsel for the Trust after it comes into existence, if different from the
address of counsel for the Official Committee of Unsecured Creditors.

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 20 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

8.11    This Agreement may be executed in multiple counterparts, all of which together shall constitute one and the same instrument. This Agreement may be executed and delivered by facsimile, which facsimile counterparts shall be deemed to be originals.

8.12    The Parties agree that nothing contained in this Agreement shall be deemed or construed to constitute (1) an admission by Safeco that the SJOP, the Other Releasing Parties, or any other Person was or is entitled to any insurance coverage under the Policies or as to the validity of any of the positions that have been or could have been asserted by the SJOP, (2) an admission by the SJOP as to the validity of any of the positions or defenses to coverage that have been or could have been asserted by Safeco or any Claims that have been or could have been asserted by the SJOP against Safeco, or (3) an admission by the SJOP or Safeco of any liability whatsoever with respect to any of the Tort Claims.

8.13    All of the entities included in the definition of Safeco and Safeco Released Parties are intended beneficiaries of this Agreement. The Parties agree that, except as set forth in the preceding sentence or otherwise set forth in this Agreement, there are no third-party beneficiaries of this Agreement.

8.14    Except as otherwise provided in this Agreement, each Party shall be responsible for their own fees and costs incurred in conjunction with the Reorganization Case or this Agreement.

8.15    The Bankruptcy Court in the Reorganization Case shall retain exclusive jurisdiction to interpret and enforce the provisions of this Agreement, which shall be construed in accordance with Oregon law.

[Remainder of page left blank intentionally]

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK
Exhibit B

Page 21 of 26

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the last date indicated below.

**On behalf of the SJOP (as defined herein)**

By: _____
Fr. Patrick J. Lee, S.J.

Date: _22 March 2011_____

Witness: _____

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK

Page 22 of 26

**In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11**

Exhibit B                    Exhibit A

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the last date indicated below.

**On behalf of the OTHER RELEASING PARTIES (as defined herein)**

By: _Patrick Lee_

Fr. Patrick J. Lee, S.J.

Date: _22 March 2011_

Witness: _Michael Tyrell_

SETTLEMENT AGREEMENT,          Page 23 of 26          In re Society of Jesus, Oregon Province
RELEASE, AND POLICY BUYBACK                              D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit B                              Exhibit A

EXECUTION COPY

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the last date indicated below.

**On behalf of SAFECO (as defined herein)**

By: *Cynthia R. Koehler*
Cynthia R. Koehler

Title: *Vice President, Ass't Gen Counsel*

Date: *March 22, 2011*

Witness: _____

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK

Page 24 of 26

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit B                              Exhibit A

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the last date indicated below.

**On behalf of SAFECO RELEASED PARTIES (as defined herein)**

By: _Cynthia R. Koehler_
Cynthia R. Koehler

Title: _Vice President, Ass't Gen Cansel_

Date: _March 22, 2011_

Witness: _____

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK

Page 25 of 26

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit B                    Exhibit A

The Official Committee of Unsecured Creditors [Doc 66] hereby (a) agrees that it has not and will not file or pursue any Avoidance Actions (as that phrase is defined in the Order dated February 15, 2011 [Doc 1016]), against Safeco or Safeco Released Parties; and (b) consents and agrees to the releases by the SJOP set forth in Section 5 of this Agreement to the extent they release or purport to release any Avoidance Actions against Safeco or Safeco Released Parties.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the last date indicated below.

**On behalf of OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By: _James R. Stang_
[Insert Name]

Title: _Counsel for Official Com. of Unsecured Creditors._

Date: _March 23, 2011_

Witness: _CM Dourance_

SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK

Page 26 of 26

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit B                    Exhibit A

**Exhibit 1**
**to Settlement Agreement, Release, and Policy Buyback**

Joseph A. Field, OSB 94071
FIELD JERGER LLP
621 S.W. Morrison, Suite 1225
Portland, Oregon 97205
Tel. (503) 228-9115
joe@fieldjerger.com

Susan A. Stone (*pro hac vice*)
Daniel J. Neppl (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel. (312) 853-7000
sstone@sidley.com
dneppl@sidley.com

Robert B. Millner (*pro hac vice*)
Patrick C. Maxcy (*pro hac vice*)
SNR DENTON US LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606
Tel. (312) 876-8000
robert.millner@snrdenton.com
patrick.maxcy@snrdenton.com

Attorneys for Plaintiffs General Insurance Company of America,
American States Insurance Company, and Safeco Insurance Company of America

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| In re: | Case No. 09-30938-elp11 |
| SOCIETY OF JESUS, OREGON PROVINCE, | [PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT WITH SAFECO INCLUDING THE SALE OF INSURANCE POLICIES |
| Debtor. | |
| | (Docket ___, filed _____) |

EXHIBIT 2 TO SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK

Exhibit B

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit A

A hearing having been held (the "Hearing"), to consider the motion, dated
_____, 2011 (the "Motion"), of the Society of Jesus, Oregon Province, an Oregon
non-profit religious corporation and the debtor and debtor in possession (the "SJOP" or the
"Debtor") in the above-captioned Chapter 11 reorganization case (the "Reorganization Case"),
for an order pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 2002, 6004, and 9019:
(i) authorizing the SJOP to enter into a compromise and settlement with Safeco[1] and Safeco
Released Parties pursuant to which the SJOP and the Other Releasing Parties will release any
and all Claims arising out of, relating to, or in any way connected with the Policies, including,
without limitation, Tort Claims, Extra-Contractual Claims, and all Claims relating to or arising out
of the Reorganization Case that they may have now or in the future against Safeco and/or the
Safeco Released Parties ; (ii) authorizing the sale of the Policies, free and clear of all Interests of
any Person, pursuant to the terms and conditions of that Settlement Agreement, Release, and
Buyback dated as of March ___, 2011, between the SJOP and Other Releasing Parties, on the one
hand, and Safeco and the Safeco Released Parties, on the other, a copy of which is annexed to
the Motion as Exhibit 1 and incorporated by reference (the "Agreement"); (iii) approving the
Agreement and each of its terms; and (iv) requesting the findings and admissions set forth
herein. The Court having jurisdiction to consider the Motion and the relief requested therein in
accordance with 28 U.S.C. §§ 157(b)(2) and 1334, and consideration of the Motion, the relief
requested therein, and the responses thereto, if any, being a core proceeding in accordance
with 28 U.S.C. § 157(b); and the appearances of all interested parties and all responses and
objections to the Motion, if any, having been duly noted in the record of the Hearing; and upon
the record of the Hearing, the Motion, said responses and objections, if any; and after due
deliberation and sufficient cause appearing therefor, the Court hereby makes the following:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### JURISDICTION, FINAL ORDER, AND STATUTORY PREDICATES

1.      The findings and conclusions set forth herein constitute the Court's
findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to
this proceeding pursuant to Fed. R. Bankr. P. 9014.

2.      To the extent any of the following findings of fact constitute conclusions
of law, they are adopted as such. To the extent any of the following conclusions of law
constitute findings of fact, they are adopted as such.

3.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157
and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and

---

[1] Capitalized terms used herein that are not otherwise defined herein will have the same meaning as in the
Agreement.

EXHIBIT 2 TO SETTLEMENT AGREEMENT,          Page 2 of 10          In re Society of Jesus, Oregon Province
RELEASE, AND POLICY BUYBACK                                        D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit B                                                 Exhibit A

(O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.     This Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § 158(a).

5.     The statutory predicates for the relief sought in the Motion are 11 U.S.C.§§ 105(a) and 363 and Fed. R. Bankr. P. 2002, 6004, and 9019.

### RETENTION OF JURISDICTION

6.     It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Agreement, and to adjudicate, if necessary, any and all disputes arising under or relating in any way to, or affecting, any of the transactions contemplated under the Agreement. Such jurisdiction shall be retained even if the case is closed and the case may be reopened for such purpose.

### NOTICE OF THE MOTION

7.     The SJOP has provided due and adequate notice of the Motion, Agreement, and the subject matter thereof, including the injunctions to protect Safeco and the Safeco Released Parties to be included in the Plan Confirmation Order, to all known claimants (including all Tort Claimants and other claimants who have filed proofs of claim, all Tort Claimants scheduled by the SJOP, counsel for the Official Committee of Unsecured Creditors, the Future Claimants Representative appointed pursuant to Order entered August 10, 2009 [Doc 412]), all Persons who have filed notices of appearance in the Reorganization Case, all entities known to have provided general liability insurance to the SJOP, and the Other Releasing Parties. The notice was served on all Claimants, including Tort Claimants, at the address shown on their proofs of claim or to their counsel of record (with a single notice to any counsel of record who represents multiple Tort Claimants constituting notice to all that counsel's clients who are Tort Claimants) or, if no proof of claim was filed, then at the address on SJOP's schedules.  Counsel for each Tort Claimant has also been served.  Known Tort Claimants, to the extent of record, were served even if not scheduled or the subject of a proof of claim, to the extent known to SJOP.  The General Curia of the Society of Jesus was  given notice by international mail c/o Fr. Adolfo Nicholás at his official address in Rome, Italy, with a copy to its Portland-based counsel in the Reorganization Case.  Any and all co-defendants and their counsel (to the extent of record) in any pre-petition litigation brought by Tort Claimants have also been given notice at the last address shown on any filed appearance or, if such co-defendant is proceeding pro se, then to the last address of record for such pro se co-defendant. The SJOP also provided adequate notice to all other parties-in-interest by publication twice in the USA Today, Oregonian, Anchorage Daily News, Fairbanks Daily News-Miner, Seattle Times, Spokesman-Review, Missoulian, and Idaho Statesman.

EXHIBIT 2 TO SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK

Exhibit B

Page 3 of 10

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

8.      No other or further notice is necessary. Notice of the Agreement and Motion is sufficient to bind, with respect to the relief ordered herein, all known and unknown creditors and claimants, including the Future Claimants Representative and all Persons whose Interests he represents, and all Persons who receive non-publication notice pursuant to paragraph 7 of this Order.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all known claimants and all parties-in-interest.  As to unknown creditors, the publication notice was "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  The notice provided to the General Curia of the Society of Jesus is sufficient for purposes of this settlement; notice to an attorney of a Tort Claimant or co-defendant of SJOP sued by a Tort Claimant constitutes notice to the claimant represented by the attorney.

### Sound Business Judgment and Reasonableness

9.      The relief requested in the Motion is in the best interests of the SJOP, its creditors, the holders of all Claims, including the holders of Tort Claims, and other parties-in-interest. The SJOP has demonstrated good, sufficient, and sound business purposes, cause, and justifications for the relief requested in the Motion and the approval of the transaction contemplated thereby. The settlement and compromise with Safeco and Safeco Released Parties embodied in the Agreement, including, without limitation, the sale of the Policies and the release of claims as set forth therein are within the reasonable range of litigation outcomes if the SJOP and Other Releasing Parties were to litigate the matters resolved pursuant to this Order and represent fair and reasonable consideration for the sale of the Policies and release of claims as set forth therein. The transactions contemplated by the Motion and Agreement are in compliance with, and satisfy the requirements for, approval of a settlement or compromise pursuant to Bankruptcy Rule 9019 and all applicable provisions of the Bankruptcy Code, including without limitation Sections 105(a) and 363, and applicable non-bankruptcy laws.

### Good Faith of Insurance Policy Purchaser

10.      The Agreement was negotiated and proposed, and has been entered into by the Parties, in good faith, from arm's length bargaining positions, and without fraud or collusion. The Parties were represented by counsel. The sale consideration and other consideration to be realized by the SJOP pursuant to the Agreement is fair and reasonable. Safeco is a good faith purchaser for value within the meaning of 11 U.S.C. § 363(m) and is entitled to the protection thereof, and neither the Agreement nor the transaction contemplated thereby are subject to avoidance under 11 U.S.C. § 363(n). None of the SJOP, Other Releasing Parties, Safeco, or Safeco Released Parties has engaged in any conduct that would cause or permit the Agreement, or the sale of the Policies, to be avoided under 11 U.S.C. § 363(n) or that would prevent the application of 11 U.S.C. § 363(m) or cause the application of

Exhibit 2 to Settlement Agreement,          Page 4 of 10          In re Society of Jesus, Oregon Province
Release, and Policy Buyback                                              D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit B                                    Exhibit A

11 U.S.C. § 363(n). Furthermore, in the absence of a stay pending appeal, if any, Safeco will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in consummating the contemplated transactions at any time after entry of this Order.

### Satisfaction of Section 363 and Other Bankruptcy Code Requirements

11.     The transactions contemplated by the Motion and the Agreement are in compliance with and satisfy all applicable provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. § 363.

12.     The SJOP may sell the Policies free and clear of Interests under 11 U.S.C. § 363(f) because, in each case, one or more of the criteria set forth in sections 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of Interests against any of the Policies and/or Claims thereunder who did not object, or who withdrew their objections, to the Motion or the relief requested therein are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). Each holder of an Interest in the Policies, including any claim thereunder, can be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest as contemplated by 11 U.S.C. § 363(f)(5).  The Claims and Interests held by persons whose Interests are represented by the Future Claimants Representative are "claims" within the meaning of Section 101(5) of the Bankruptcy Code.

13.     The sale of the Policies provides claimants, including holders of Tort Claims, with adequate protection. In particular, the Tort Claimants will be able to pursue their Claims against the Trust under a plan of reorganization as to SJOP contemplated by this Agreement. Accordingly, the sale of the Policies free and clear of Interests satisfies the statutory prerequisites of 11 U.S.C. § 363(f).  Moreover, if a non-settling insurer asserts that it has a Claim for contribution, indemnity, subrogation, or similar relief against Safeco, such Claim may be asserted as a defense against the Trust (under a plan of reorganization as to SJOP contemplated by the Agreement) in any coverage litigation (and the Trust may assert the legal and equitable rights of Safeco in response thereto); and to the extent such a Claim is determined to be valid by the court presiding over such action, the liability of such non-settling insurer to the Trust (or SJOP) shall be reduced dollar for dollar by the amount so determined.

### Releases

14.     In light of the terms of the Agreement, it is reasonable and appropriate for the SJOP and Other Releasing Parties to provide the releases set forth in the Agreement. These releases comply with the Bankruptcy Code and other applicable laws. The consideration given by Safeco hereunder constitutes valid and valuable consideration for the releases by SJOP and the Other Releasing Parties.

Exhibit 2 to Settlement Agreement, Release, and Policy Buyback

Exhibit B

Page 5 of 10

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

### No Successor Liability

15.    The transfer pursuant to the Agreement of the Policies does not and will not subject or expose Safeco or any Safeco Released Party to any liability, claim, cause of action, or remedy by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based on, in whole or in part, directly or indirectly, including, without limitation, any theory of tort, creditors' rights, equity, antitrust, environmental, successor or transferee liability, labor law, *de facto* merger, or substantial continuity.

16.    No common identity of officers or directors exists between Safeco or the Safeco Released Parties, on the one hand, and the SJOP or the Other Releasing Parties, on the other hand.

17.    Safeco is purchasing the Policies pursuant to the Agreement and this Order. Safeco is not purchasing any other assets of the SJOP or the Other Releasing Parties. Safeco shall not have any responsibility or liability with respect to any of the other assets of the SJOP or the Other Releasing Parties.

18.    A sale of the Policies other than one free and clear of Interests would impact adversely on the SJOP and creditors and would be of substantially less benefit to the estate of the SJOP.

### Supplemental Injunction

19.    Issuing a Supplemental Injunction under 11 U.S.C. §§ 105(a) and 363 is essential to the reorganization of the SJOP. The SJOP and Safeco have agreed that a supplemental injunction is a necessary prerequisite for their implementing the terms and conditions of the Agreement, and Safeco will not consummate the sale of the Policies in the absence of a Supplemental Injunction from this Court.  Due and adequate notice of the Supplemental Injunction has been provided by the notice of the motion.

20.    Safeco and the Safeco Released Parties shall be entitled to the benefit of an injunction (the "Supplemental Injunction" as defined in the Agreement) in the Plan Confirmation Order, providing that, pursuant to 11 U.S.C. §§ 105(a) and 363, any and all Persons and entities who now hold or who may in the future hold Claims or Interests of any kind or nature against the SJOP, the Other Releasing Parties, Safeco, Safeco Released Parties, or the Policies relating to or in connection with the Policies or Tort Claims are barred and permanently enjoined from asserting such Claims or Interests against Safeco, any Safeco Released Party, and/or the Policies. Nothing in this paragraph shall bind the Court as to approval of such an injunction in a plan of reorganization as to SJOP.

*      *      *

Exhibit 2 to Settlement Agreement,          Page 6 of 10          In re Society of Jesus, Oregon Province
Release, and Policy Buyback                                                    D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit B                                    Exhibit A

For all of the foregoing and after due deliberation, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

A.    The Motion is GRANTED and APPROVED in all respects.

B.    The Agreement and each of its terms and conditions are hereby approved, including without limitation the agreement of the Official Committee of Unsecured Creditors as set forth on its signature page of the Agreement.

C.    For the reasons set forth herein and on the record at the Hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections are overruled on the merits.

D.    The SJOP is authorized, empowered, and directed to enter into the Agreement, pursuant to 11 U.S.C. § 363(b) and other applicable provisions of the Bankruptcy Code, to sell, transfer, and convey its Interest in the Policies to Safeco in accordance with the terms and subject only to the conditions specified herein and in the Agreement. The transfer by the SJOP or Other Releasing Parties of their respective Interests in the Policies shall vest Safeco with all right, title, and Interest in and to the Policies, free and clear of all rights, Claims, and Interests, including all Tort Claims, reimbursement obligations for Conditional Payments under the MSPA, and Claims by other insurers for contribution, indemnity, subrogation, or similar relief whether arising before or after commencement of this Reorganization Case and whether arising by agreement, understanding, law, equity, or otherwise.

E.    The terms of the Agreement are approved in their entirety, and this Order shall be binding upon the SJOP, all creditors of and claimants against the SJOP, Other Releasing Parties, all Tort Claimants, all insurers who received notice of the motion, the Future Claimants Representatives and all Persons whose Claims and Interests he represents, the General Curia of the Society of Jesus, all co-defendants in pre-petition actions by Tort Claimants against the SJOP, and all other Persons and entities as set forth in paragraph 8 *supra*, and each of their successors and assigns. The sale of the Policies to Safeco shall constitute a legal, valid, and effective transfer of the Policies and shall vest Safeco with all right, title, and Interest in and to the Policies free and clear of all rights, claims, and Interests, effective as of the Effective Date. The sale of the Policies to Safeco is subject to the Conditions to Agreement set forth in Section 4 of the Agreement.

F.    The $118,000,000 cash purchase price under the Agreement shall be paid by Safeco as provided in the Agreement.

G.    The releases in the Agreement comply with the Bankruptcy Code and all applicable state laws. The Agreement terminates the Policies pursuant to its terms, and the Policies are of no further force and effect.

EXHIBIT 2 TO SETTLEMENT AGREEMENT, RELEASE, AND POLICY BUYBACK

Exhibit B

Page 7 of 10

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

H.    The sale of the Policies to Safeco under the Agreement will constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the State of Oregon.

I.    The SJOP and the Other Releasing Parties and Safeco are each hereby authorized to take all actions and execute all documents and instruments that the SJOP, the Other Releasing Parties, and Safeco deem necessary or appropriate to implement and effectuate the transactions contemplated by the Agreement.

J.    Pursuant to 11 U.S.C. §§ 105(a) and 363(f), as provided by the Agreement, the Policies shall be and hereby are transferred to Safeco, free and clear of all liens, encumbrances and other Interests of any Person, including all rights and Interests of SJOP; all Other Releasing Parties; any other Person claiming by, through, or on behalf of the SJOP; any other insurer; any Tort Claimant; and the General Curia of the Society of Jesus, whether arising prior to or subsequent to the commencement of the Reorganization Case, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, Interests in the Policies that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the Interest of the bankruptcy estate or Safeco, as the case may be, in the Policies).

K.    Safeco is a good faith purchaser of the Policies and is entitled to (and is hereby granted) all of the protections provided to good faith purchasers under 11 U.S.C. § 363(m). The transactions contemplated by the Agreement shall not be subject to avoidance under 11 U.S.C. § 363(n). All Persons are hereby enjoined from commencing or continuing an action seeking relief under 11 U.S.C. § 363(n) with respect to the Agreement and the transactions contemplated thereby.

L.    Safeco and the Safeco Released Parties are not, and shall not be deemed to be, a successor to the SJOP or the Other Releasing Parties by reason of any theory of law or equity or as a result of the consummation of the transactions contemplated in the Agreement. Safeco and the Safeco Released Parties shall not assume any liabilities of the SJOP or the Other Releasing Parties.

M.    Pursuant to Fed. R. Bankr. P. 9019, the releases and provisions set forth in Sections 5.1 - 5.6 of the Agreement are expressly approved. All of the Claims released therein are hereby dismissed and forever released effective as set forth under the Agreement.

N.    In the event that the Court approves a plan of reorganization for SJOP that is consistent with the Agreement, such plan shall provide that the Trust is bound by the Agreement, will include the Supplemental Injunction, will provide for the relief specified in Section 3.4 of the Agreement, and will provide for the use of the Settlement Amount as specified in Section 6.4 of the Agreement. In addition, any injunction in such plan that channels

EXHIBIT 2 TO SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK

Exhibit B

Page 8 of 10

Exhibit A

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Tort Claims to the Trust will include Safeco as a thirty party entitled to its benefits and protections.

O.    This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 6004(h) or any other applicable provision.

P.    Nothing in this Order or the Plan Confirmation Order shall bar or limit Claims by a Tort Claimant against (a) the Society of Jesus (Rome), the Society of Jesus General Curia, The Father General of the Society of Jesus (Rome) and his predecessors, and any predecessors or successors to SJOP but only to the extent the liability of such predecessor or successor is entirely independent of the liability of SJOP, any named insured in any contract of insurance issued by Safeco to SJOP, or any Other Releasing Party; or (b) any insurance policy to the extent covering Claims not barred or limited by the preceding subsection (a).

Q.    This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Agreement and this Order in all respects and further to hear and determine any and all disputes between the SJOP and/or the Other Releasing Parties and/or Safeco and/or the Safeco Released Parties, as the case may be, and any other Person; provided, however that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Agreement or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter. In the event this case has been closed, there shall be a right to have this case reopened upon ex parte motion or application for such purposes.

R.    The provisions of this Order are nonseverable and mutually dependent.

S.    This Order shall inure to the benefit of Safeco, the Safeco Released Parties, the SJOP, the Other Releasing Parties and their respective successors and assigns and shall be binding upon the SJOP and the Other Releasing Parties.

T.    Each and every federal, state, and local governmental agency or department is hereby directed to accept for filing, recording or otherwise any and all documents and instruments necessary and appropriate to consummate and/or evidence the transactions contemplated by the Agreement and this Order.

**EXHIBIT 2 TO SETTLEMENT AGREEMENT,**
**RELEASE, AND POLICY BUYBACK**

Page 9 of 10

**In re Society of Jesus, Oregon Province**
**D. Or. Bankr. Docket No. 09-30938-elp11**

Exhibit B                              Exhibit A

**EXECUTION COPY**

Dated: _____ ____, 2011


_____

United States Bankruptcy Judge

**EXHIBIT 2 TO SETTLEMENT AGREEMENT,**
**RELEASE, AND POLICY BUYBACK**

Page 10 of 10

**In re Society of Jesus, Oregon Province**
**D. Or. Bankr. Docket No. 09-30938-elp11**

Exhibit B

Exhibit A

**EXHIBIT 2**
**to Settlement Agreement, Release, and Policy Buyback**

The following insurance policies and alleged insurance policies[2] are included within the definition of Policies and were issued or allegedly issued by the following insurers:

| Insurer | Policy No. |
|---|---|
| General Insurance Company of America a/s/i to Western Pacific Insurance Company | CLP 17803 |
| General Insurance Company of America a/s/i to Western Pacific Insurance Company | CLP 24924 |
| General Insurance Company of America | CP 200028 |
| General Insurance Company of America | CP 202775 |
| Safeco Insurance Company of America | CP 2203138 |
| Safeco Insurance Company of America | CP 342813 |
| General Insurance Company of America | CP 791745 |
| General Insurance Company of America | UL 751789 |
| General Insurance Company of America | UL 801172 |
| General Insurance Company of America | UL 791745 |
| General Insurance Company of America | CP 1188257A |
| General Insurance Company of America | CP 791745A |
| General Insurance Company of America | CP 791745B |
| General Insurance Company of America | CP 791745C |

---

[2] Safeco does not by this Exhibit or in this Agreement concede the existence, terms, conditions, or limits of any Policy.

EXHIBIT 2 TO SETTLEMENT AGREEMENT, RELEASE, AND POLICY BUYBACK

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit B                                    Exhibit A

| Insurer | Policy No. |
|---|---|
| General Insurance Company of America | UL 791745A |
| Safeco Insurance Company of America | UL 791745B |
| Safeco Insurance Company of America | UL 791745C |
| General Insurance Company of America | CP 791745D |
| Safeco Insurance Company of America | UL 791745D |
| American States Insurance Company | 02 CC 140 308-1 |
| American States Insurance Company | 01 SU 096116 |
| American States Insurance Company | 02 CC 140 308-2 |
| American States Insurance Company | 01 SU 096116-20 |

EXHIBIT 2 TO SETTLEMENT AGREEMENT,
RELEASE, AND POLICY BUYBACK

Page 2 of 2

In re Society of Jesus, Oregon Province
D. Or. Bankr. Docket No. 09-30938-elp11

Exhibit B

Exhibit A

<u>CERTIFICATE OF SERVICE</u>

1

2        I, Janine E. Hume declare as follows:

3        I am employed in the county of Multnomah, state of Oregon; I am over the age of

4  eighteen years and am not a party to this action; my business address is 1000 SW

5  Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state.

6        I certify that on March 28, 2011, I served, by first class mail, a full and correct

7  copy of the foregoing **DEBTOR'S MOTION FOR APPROVAL OF FORM AND**

8  **MANNER OF NOTICE (INCLUDING PUBLICATION NOTICE) REGARDING**

9  **INSURANCE SETTLEMENT WITH SAFECO INSURANCE COMPANY OF AMERICA**,

10 on the parties of record, addressed as follows:

11       **See attached service list.**

12       I also certify that on **March 28, 2011**, I served the above-referenced document(s)

13 on all ECF participants as indicated on the Court's Cm/ECF system.

14       I swear under penalty of perjury that the foregoing is true and correct to the best

15 of my knowledge, information, and belief.

16       Dated:  March 28, 2011

17

18                              */s/ Janine E. Hume*
                              _____
19                              Janine E. Hume, Legal Assistant

20  F:\CLIENTS\19620\004\CERTIFICATE OF SERVICE AND RELATED INFORMATION\CERTMASTER (JANINE).DOC

21

22

23

24

25

26

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Florence Kenney, Co-Chair
c/o Christopher R. Cook
Cooke Roosa LLC
3700 Jewel Lake Road
Anchorage, AK  99502

Anthony Lionel Atkinson, Co-Chair
c/o Michael T. Pfau Esq.
Pfau, Cochran, Vertetis & Kosnoff PLLC
701 Fifth Avenue, Ste. 4750
Seattle, WA 98104

Frederick J. Odsen
James M. Gorski
Hughes Pfiffner Gorski Seedorf & Odsen, LLC
3900 C Street, Suite 1001
Anchorage, AK  99503

David Henderson, Esq.
PO Box 2441
135 Ridgecrest
Bethel, AK  99559

William A. Gilbert, Esq.
100 E. Broadway
PO Box 2149
Moses Lake, WA  98837

Jim Valcarce
Valcarce Law Office, LLC
900 3rd Avenue
PO Box 409
Bethel, AK 99559

Michelle Menely, Esq.
Gordon Thomas Honeywell
600 University Street, Suite 2100
Seattle, WA  98101-4185

Andrew Chasan
PO Box 1069
Boise, ID  83701

Raymond F. Clary
Etter McMahon Lamberson Clary
Bank of Whitman Bldg #210
618 West Riverside
Spokane, WA 99201

Gary A. Zipkin
510 L St #700
Anchorage, AK 99501

Sean E. Brown
Power and Brown, LLC
PO Box 1809
Bethel, AK  99559

Daniel Gatti
Gatti Gatti Maier et al
1781 Liberty St SE
Salem OR  97302

Daniel T Quinn
360 K St #200
Anchorage, AK 99501

Jospeh A. Blumel
4407 N Division St #900
Spokane, WA 99207

Cynthia L. Ducey
1007 W 3rd Ave #400
Anchorage, AK 99501

Seattle University
c/o Steven F. Kerr
    Jack Lovejoy
1000 2nd Ave #3500
Seattle, WA 98104-1048

Jack Lovejoy
1000 2nd Ave #3500
Seattle, WA 98104

Timothy M. Lynch
425 G St #320
Anchorage, AK 99501

David W. Oesting
701 W 8th Ave #800
Anchorage, AK 99501

Jonathan Lee Riches
Federal Medical Center
#40948018
POB 14500
Lexington, KY 40512

Roger  Hotrum
Doc #923581
POB 2049
Airway Heights, WA 99001

Gregory G. Silvey
510 L St #700
Anchorage, AK 99501

Mackenzie E. Whatcott
800 Park Blvd #790
Washington Group Plaza #4
Boise, ID 83712

William C. Tharp
950 W Bannock St #900
Boise, ID 83702

Thomas G. Walker
POB 9518
Boise, ID 83707-9518

Stanley W. Welsh
800 Park Blvd #790
Washington Group Plaza #4
Boise, ID 83712

Julio K. Morales
Morales Law Office
212 W. Spruce Street
Missoula, MT  59802

Breck Barton
PO Box 100
Rexburg, ID  83440

Karen O'Kasey
Hoffman Hart & Wagner LLP
1000 SW Broadway Ste 2000
Portland OR  97205

Jerome Darrell Akles
213 SE 192nd Avenue, Suite 104
Portland, OR  97233

H. Douglas Spruance III
421 West Riverside Ave.
Suite 1400
Spokane, WA 99201

JMW Settlements, Inc.
c/o The Corporation Trust Co.,
Its Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

James P. Klapps
General Counsel and Principal
JMW Settlements, Inc.
1130 Connecticut Avenue NW,  Suite 540
Washington, DC  20036

**And:  ECF Participants**