UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re   )
  )    Case No.    __09-30938-elp__
**Society of Jesus, Oregon Province, an**   )
**Oregon domestic nonprofit religious**   )
**corporation**   )    APPLICATION FOR
  )    ☐ INTERIM ☒ FINAL (***Mark ONE***)
  )    PROFESSIONAL COMPENSATION
Debtor(s)   )

    The applicant, __Pachulski Stang Ziehl & Jones LLP_____, has performed professional services as a(n) __Committee Counsel_____ for the period from __3/4/09__ to __8/14/11__. Pursuant to 11 USC §§330 or 331, and LBR 2016-1, the applicant, by and through the undersigned, applies for compensation as marked above, and certifies the following is true and correct:

    1. The applicant has received the following pre-filing compensation (indicate date, amount, payor, payor's relation to case, and description of all monies and any other consideration received):
**None.**

    2. Applicant requests allowance of compensation for: Professional Services of $___2,274,746.25___; Expenses of $___226,212.93___; for a Total of $___2,500,959.18___.

    3. [If applicable] Applicant was appointed by court order entered on ___4/30/09___, per an Application for Employment filed on ___3/23/09___. The employment order did not specify a rate of compensation except as follows:

    4. Applicant's prior requests for compensation in this case are as follows:

| Date of Application | Amount Requested | | Amount Allowed | | Amount Received | | Payment Source |
|---|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses | |

**See attached Exhibit 1.**

TOTALS: $__2,241,697.25__ $__221,567.14__ $__1,793,357.80__ $__221,567.14__ $__990,933.13__ $__221,567.14__

345 (10/15/08) **Page 1 of 2**

5. The applicant has not shared or agreed to share any compensation received or to be received for services rendered in connection with this case, except with a regular member, partner, or associate of Applicant's firm.

6. The rate of compensation, number of hours and requested fee for each person included in this application are summarized as follows:

| Timekeeper (name & initials) | Title | Hourly Rate | Number Of Hours | Requested Fee |
|---|---|---|---|---|

**See attached Exhibit 2.**

7. [Schedules A, B & C apply only if compensation is sought under 11 USC §§330 or 331] Attached and incorporated herein by reference are the following schedules (check those that apply):

☒ Schedule A - A narrative summary of services provided including total hours and resulting benefits to the estate of each activity category. [Preferred, but only mandatory if application exceeds $3,000.]

☐ Schedule B - [If this is the First Application for Compensation] A brief narrative and itemization detailing all case-related PRE-PETITION fees. [Itemization mandatory; narrative mandatory if compensation requested exceeds $3,000.]

☒ Schedule C - An itemized billing setting forth a description of each event, including the date, amount of time spent, and name of the person performing each event. **[Mandatory]** See Attached.

8. Applicant requests the following expense reimbursement: a. A total of $_____221,567.14_____ for expenses that fall within the limits set forth in LBR 2016-1 (no itemization required); AND b. Other (describe each in detail):

9. ADDITIONAL REQUIREMENTS for INTERIM compensation application: (a) a current Interim Report, on LBF #753 for Chapter 7 cases or LBF #1153 for Chapter 11 cases, must be filed with the court before this Application is filed; AND (b) a completed and served Notice of Intent to Compensate Professional(s) using LBF #753.40 must be filed, and linked to each pertinent Application if filed electronically, before the Application will be considered by the court.

DATED: ~~9/14/11~~ 9/13/11

/s/ Pamela M. Egan
Signature
**Pamela M. Egan, Counsel to Committee, Tel: 415-263-7000**
Signer's Name, Relation to Applicant, and Phone #
**Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor**
Address
**San Francisco, CA 94111**

345 (10/15/08) **Page 2 of 2**

# **<u>EXHIBIT 1</u>**

## PSZJ FINAL FEE APPLICATION

## SUMMARY OF PRIOR REQUESTS

## FOR PAYMENT

DOCS_SF:78170.1 46352-003

| Date of Application (Dkt No.) | Amount Requested | | | Amount Allowed (Interim Basis) | | Amount Paid -- All Amounts paid by Debtor (2) | | Amount Unpaid (Running Balance) | |
|---|---|---|---|---|---|---|---|---|---|
| | Fees | Expenses | Total | Fees | Expenses | Amount | Date of Payment | Interim Allowed Amount Outstanding | Final Amount Outstanding |
| 5/15/09 (221) | $ 194,817.00 | $ 10,725.08 | $ 205,542.08 | $ 155,853.60 | $ 10,725.08 | | | $ 166,578.68 | $ 205,542.08 |
| 6/15/09 (294) | $ 89,541.00 | $ 10,331.37 | $ 99,872.37 | $ 71,632.80 | $ 10,331.37 | $ 150,000.00 | 6/15/2009 | $ 98,542.85 | $ 155,414.45 |
| 7/15/09 (369) | $ 95,082.00 | $ 3,716.93 | $ 98,798.93 | $ 76,065.60 | $ 3,716.93 | | | $ 178,325.38 | $ 254,213.38 |
| 8/14/09 (431) | $ 66,904.00 | $ 10,051.48 | $ 76,955.48 | $ 53,523.20 | $ 10,051.48 | | | $ 241,900.06 | $ 331,168.86 |
| 9/15/09 (476) | $ 81,503.00 | $ 3,284.59 | $ 84,787.59 | $ 65,202.40 | $ 3,284.59 | | | $ 310,387.05 | $ 415,956.45 |
| | | | $ - | | | $ 190,266.30 | 10/6/2009 | $ 120,120.75 | $ 225,690.15 |
| 10/15/09 (505) | $ 82,279.75 | $ 4,111.05 | $ 86,390.80 | $ 65,823.80 | $ 4,111.05 | | | $ 190,055.60 | $ 312,080.95 |
| | | | $ - | | | $ 68,486.90 | 11/3/2009 | $ 121,568.70 | $ 243,594.05 |
| 11/13/09 (549) | $ 77,499.00 | $ 6,072.54 | $ 83,571.54 | $ 61,999.20 | $ 6,072.54 | | | $ 189,640.44 | $ 327,165.59 |
| | | | $ - | | | $ 69,934.85 | 12/7/2009 | $ 119,705.59 | $ 257,230.74 |
| 12/15/09 (569) | $ 28,966.50 | $ 1,366.07 | $ 30,332.57 | $ 23,173.20 | $ 1,366.07 | | | $ 144,244.86 | $ 287,563.31 |
| | | | $ - | | | $ 42,992.85 | 1/12/2010 | $ 101,252.01 | $ 244,570.46 |
| 1/15/10 (618) | $ 67,675.00 | $ 1,837.82 | $ 69,512.82 | $ 54,140.00 | $ 1,837.82 | | | $ 157,229.83 | $ 314,083.28 |
| 2/12/10 (644) | $ 175,173.50 | $ 14,217.11 | $ 189,390.61 | $ 140,138.80 | $ 14,217.11 | | | $ 311,585.74 | $ 503,473.89 |
| | | | $ - | | | $ 32,131.00 | 2/26/2010 | $ 279,454.74 | $ 471,342.89 |
| 3/15/10 (693) | $ 166,105.50 | $ 11,745.07 | $ 177,850.57 | $ 132,884.40 | $ 11,745.07 | | | $ 424,084.21 | $ 649,193.46 |
| | | | $ - | | | $ 43,109.34 | 3/22/2010 | $ 380,974.87 | $ 606,084.12 |
| 4/15/10 (731) | $ 145,527.00 | $ 16,926.60 | $ 162,453.60 | $ 116,421.60 | $ 16,926.60 | | | $ 514,323.07 | $ 768,537.72 |
| | | | $ - | | | $55,195.11 | 4/16/2010 | $ 459,127.96 | $ 713,342.61 |
| | | | $ - | | | $ 99,788.00 | 5/3/2010 | $ 359,339.96 | $ 613,554.61 |
| 5/14/10 (765) | $ 81,538.00 | $ 11,690.85 | $ 93,228.85 | $ 65,230.40 | $ 11,690.85 | | | $ 436,261.21 | $ 706,783.46 |
| | | | $ - | | | $ 37,600.06 | 5/28/2010 | $ 398,661.15 | $ 669,183.40 |
| 6/15/10 (808) | $ 71,113.00 | $ 16,071.20 | $ 87,184.20 | $ 56,890.40 | $ 16,071.20 | | | $ 471,622.75 | $ 756,367.60 |
| | | | $ - | | | $ 31,521.28 | 6/21/2010 | $ 440,101.47 | $ 724,846.32 |
| 7/15/10 (837) | $ 52,564.50 | $ 8,568.70 | $ 61,133.20 | $ 42,051.60 | $ 8,568.70 | | | $ 490,721.77 | $ 785,979.52 |
| | | | $ - | | | $ 40,850.38 | 7/19/2010 | $ 449,871.39 | $ 745,129.14 |
| 8/16/10 (893) | $ 52,471.50 | $ 6,951.27 | $ 59,422.77 | $ 41,977.20 | $ 6,951.27 | | | $ 498,799.86 | $ 804,551.91 |
| 9/14/10 (919) | $ 127,463.00 | $ 2,601.58 | $ 130,064.58 | $ 101,970.40 | $ 2,601.58 | | | $ 603,371.84 | $ 934,616.49 |
| | | | $ - | | | $ 24,844.06 | 9/20/2010 | $ 578,527.78 | $ 909,772.43 |
| 10/14/10 (948) | $ 119,005.00 | $ 25,307.15 | $ 144,312.15 | $ 95,204.00 | $ 25,307.15 | | | $ 699,038.93 | $ 1,054,084.58 |

| Date of Application (Dkt No.) | Amount Requested | | | Amount Allowed (Interim Basis) | | Amount Paid -- All Amounts paid by Debtor (2) | | Amount Unpaid (Running Balance) | |
| | Fees | Expenses | Total | Fees | Expenses | Amount | Date of Payment | Interim Allowed Amount Outstanding | Final Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|
| | | | $ - | | | $ 46,575.40 | 10/18/2010 | $ 652,463.53 | $ 1,007,509.18 |
| 11/15/10 (975) | $ 34,217.50 | $ 7,048.56 | $ 41,266.06 | $ 27,374.00 | $ 7,048.56 | $ 53,796.15 | 11/15/2010 | $ 633,089.94 | $ 994,979.09 |
| 12/13/10 (985) | $ 32,138.50 | $ 2,158.05 | $ 34,296.55 | $ 25,710.80 | $ 2,158.05 | | | $ 660,958.79 | $ 1,029,275.64 |
| | | | $ - | | | $ 36,178.76 | 12/16/2010 | $ 624,780.03 | $ 993,096.88 |
| 1/14/11 (1003) | $ 23,166.50 | $ 5,070.73 | $ 28,237.23 | $ 18,533.20 | $ 5,070.73 | | | $ 648,383.96 | $ 1,021,334.11 |
| | | | $ - | | | $ 20,798.93 | 1/19/2011 | $ 627,585.03 | $ 1,000,535.18 |
| 2/8/11 (1014) | $ 33,964.50 | $ 7,888.89 | $ 41,853.39 | $ 27,171.60 | $ 7,888.89 | | | $ 662,645.52 | $ 1,042,388.57 |
| | | | $ - | | | $ 28,419.55 | 2/28/2011 | $ 634,225.97 | $ 1,013,969.02 |
| 3/10/11 (1072) | $ 84,444.00 | $ 3,963.37 | $ 88,407.37 | $ 67,555.20 | $ 3,963.37 | | | $ 705,744.54 | $ 1,102,376.39 |
| | | | $ - | | | $ 33,196.19 | 3/22/2011 | $ 672,548.35 | $ 1,069,180.20 |
| 4/15/11 (1116) | $ 99,386.00 | $ 18,310.80 | $ 117,696.80 | $ 79,508.80 | $ 18,310.80 | | | $ 770,367.95 | $ 1,186,877.00 |
| | | | $ - | | | $ 48,207.92 | 4/18/2011 | $ 722,160.03 | $ 1,138,669.08 |
| 5/11/11 (1158) | $ 28,084.00 | $ 1,829.86 | $ 29,913.86 | $ 22,467.20 | $ 1,829.86 | | | $ 746,457.09 | $ 1,168,582.94 |
| | | | $ - | | | $ 38,462.82 | 5/16/2011 | $ 707,994.27 | $ 1,130,120.12 |
| 6/10/11 (1216) | $ 29,121.50 | $ 5,234.68 | $ 34,356.18 | $ 23,297.20 | $ 5,234.68 | | | $ 736,526.15 | $ 1,164,476.30 |
| | | | $ - | | | $ 13,812.72 | 6/13/2011 | $ 722,713.43 | $ 1,150,663.58 |
| 7/13/11 (1306) | $ 36,262.00 | $ 4,035.72 | $ 40,297.72 | $ 29,009.60 | $ 4,035.72 | | | $ 755,758.75 | $ 1,190,961.30 |
| 8/11/11 (1341/1342) | $ 65,684.50 | $ 450.02 | $ 66,134.52 | $ 52,547.60 | $ 450.02 | | | $ 808,756.37 | $ 1,257,095.82 |
| | | | | | | $ 3,053.63 | 8/30/2011 | $ 805,702.74 | $ 1,254,042.19 |
| | | | | | | $ 3,278.07 | 9/8/2011 | $ 802,424.67 | $ 1,250,764.12 |
| TOTALS (per fee statements): | $ 2,241,697.25 | $ 221,567.14 | $ 2,463,264.39 | $ 1,793,357.80 | $ 221,567.14 | $ 1,212,500.27 | | $ 802,424.67 | $ 1,250,764.12 |
| 8/1 - 8/15/11 | $33,049 | $ 4,645.79 | $ 37,694.79 | | costs paid | $ (221,567.14) | | | $ 37,694.79 |
| TOTAL | $ 2,274,746.25 | $ 226,212.93 | $ 2,500,959.18 | | fees pad | $ 990,933.13 | | | $ 1,288,458.91 |

Notes:

    (1) Pursuant to an Order entered by the Court on 8/11/2011, Docket No. 1347, professionals need only submit a summary of prior fee statements.

    (2) When the Debtor made payments, no allocation was made between fees and expenses. For purposes of this fee application, receipts are applied to expenses first, then fees.

# **EXHIBIT 2**

## PSZJ FINAL FEE APPLICATION

## SUMMARY BY TIMEKEEPER

DOCS_SF:78171.1 46352-003

# Exhibit 2 to PSZJ Final Fee Application

| Timekeeper | Title | Billing Rate | Hours | $ Amount |
|---|---|---|---|---|
| Barton, David J. (DJB) | Partner | 640 | 0.90 | 576.00 |
| Bass, John F. (JFB) | Paralegal | 150 | 459 | 68,850.00 |
| Bass, John F. (JFB) | Paralegal | 160 | 260.2 | 41,632.00 |
| Brandt, Gina F. (GFB) | Of Counsel | 525 | 51.5 | 27,037.50 |
| Brandt, Gina F. | Of Counsel | 550 | 125.4 | 68,970.00 |
| Brandt, Gina F. | Of Counsel | 575 | 0.1 | 57.50 |
| Brandt, Gina F. | Of Counsel | 595 | 17.3 | 10,293.50 |
| Brown, Gillian N. (GNB) | Partner | 0 | 0.2 | 0.00 |
| Brown, Gillian N. | Partner | 475 | 11.4 | 5,415.00 |
| Brown, Gillian N. | Partner | 495 | 55.2 | 27,324.00 |
| Brown, Gillian N. | Partner | 515 | 49.7 | 25,595.50 |
| Brown, Gillian N. | Partner | 550 | 96 | 52,800.00 |
| Brown, Kenneth H. (KHB) | Partner | 640 | 104.7 | 67,008.00 |
| Caine, Andrew W. (AWC) | Of Counsel | 640 | 0.2 | 128.00 |
| Dassa, Beth D. (BDD) | Paralegal | 225 | 30.5 | 6,862.50 |
| Dassa, Beth D. | Paralegal | 255 | 8.7 | 2,218.50 |
| De Leon, Anna L. (ALD) | Legal Assistant | 150 | 99.6 | 14,940.00 |
| Disse, Werner (WD) | Of Counsel | 495 | 1.5 | 742.50 |
| Downing, Virginia L. (VLD) | Legal Assistant | 150 | 3.5 | 525.00 |
| Egan, Pamela M. (PES/PME) (1) | Of Counsel | 0 | 0.1 | 0.00 |
| Egan, Pamela M. | Of Counsel | 495 | 0.5 | 0.00 |
| Egan, Pamela M. | Of Counsel | 495 | 105.7 | 52,321.50 |
| Egan, Pamela M. | Of Counsel | 515 | 609.8 | 314,047.00 |
| Egan, Pamela M. | Of Counsel | 525 | 10.5 | 5,512.50 |
| Egan, Pamela M. | Of Counsel | 550 | 83.7 | 46,035.00 |
| Forrester, Leslie A. (LAF) | Director of Research | 250 | 17.9 | 4,475.00 |
| Forrester, Leslie A. | Director of Research | 260 | 13.8 | 3,588.00 |
| Forrester, Leslie A. | Director of Research | 275 | 3.6 | 990.00 |
| Goldich, Stanley E. (SEG) | Partner | 640 | 27.6 | 17,664.00 |
| Grassgreen, Debra I. (DIG) | Partner | 640 | 0.4 | 256.00 |
| Haney, Julia F. (JFH) | Legal Assistant | 150 | 274 | 41,100.00 |
| Harrison, Felice S. (FSH) | Paralegal | 225 | 36.1 | 8,122.50 |
| Harrison, Felice S. | Paralegal | 235 | 22.2 | 5,217.00 |
| Harrison, Felice S. | Paralegal | 255 | 1.1 | 280.50 |
| Hinojosa, Diane H. (DHH) | Legal Assistant | 150 | 78.4 | 11,760.00 |
| Hochman, Harry D. (HDH) | Of Counsel | 575 | 29.3 | 16,847.50 |
| Hochman, Harry D. | Of Counsel | 595 | 7.8 | 4,641.00 |
| Hochman, Harry D. | Of Counsel | 625 | 1.5 | 937.50 |
| Hong, Nina L. (NLH) | Partner | 550 | 46 | 25,300.00 |
| Hunter, James K. T. (JH) | Of Counsel | 640 | 34.1 | 21,824.00 |
| Kahn, Steven J. (SJK) | Of Counsel | 640 | 6.6 | 4,224.00 |

Pachulski Stang Ziehl Jones LLP
150 California Street, 15th Fl.
San Francisco, CA 94111

# Exhibit 2 to PSZJ Final Fee Application

| Timekeeper | Title | Billing Rate | Hours | $ Amount |
|---|---|---|---|---|
| Kapur, Teddy M. (TMK) | Associate | 425 | 0.5 | 212.50 |
| Kapur, Teddy M. | Associate | 450 | 57.5 | 25,875.00 |
| Kharasch, Ira D. (IDK) | Partner | 640 | 2.3 | 1,472.00 |
| Kornfeld, Alan J. (AJK) | Partner | 640 | 0.5 | 320.00 |
| Lane, Mary D. (MDL) | Of Counsel | 550 | 131.2 | 66,165.00 |
| Lucas, John W. (JWL) | Associate | 450 | 0.3 | 135.00 |
| Matteo, Michael A. (MAM) | Paralegal | 195 | 149.1 | 29,074.50 |
| Matteo, Michael A. | Paralegal | 205 | 6.6 | 1,353.00 |
| Nasatir, Iain A. W. (IAWN) | Partner | 640 | 3.7 | 2,368.00 |
| Orgel, Robert B. (RBO) | Partner | 640 | 1.3 | 832.00 |
| Parker, Daryl G. (DGP) | Of Counsel | 640 | 0.2 | 128.00 |
| Pomerantz, Jason S. (JSP) | Of Counsel | 595 | 14.5 | 8,627.50 |
| Quinlivan, Shawn A. (SAQ) | Paralegal | 225 | 95.2 | 21,420.00 |
| Quinlivan, Shawn A. | Paralegal | 235 | 20 | 4,700.00 |
| Rafatjoo, Hamid R. (HRR) | Partner | 0 | 2 | 0.00 |
| Rafatjoo, Hamid R. | Partner | 297.5 | 1.3 | 386.75 |
| Rafatjoo, Hamid R. | Partner | 525 | 115.4 | 60,585.00 |
| Rafatjoo, Hamid R. | Partner | 595 | 139.2 | 82,824.00 |
| Rafatjoo, Hamid R. | Partner | 650 | 3.9 | 2,535.00 |
| Richards, Jeremy V. (JVR) | Partner | 640 | 0.7 | 448.00 |
| Rojas, Jorge E. (JER) | Paralegal | 195 | 118.1 | 22,620.00 |
| Rojas, Jorge E. | Paralegal | 205 | 96.8 | 19,844.00 |
| Stang, James I. (JIS) | Partner | 0 | 1.5 | 0.00 |
| Stang, James I. | Partner | 640 | 1.2 | 0.00 |
| Stang, James I. | Partner | 640 | 1374.6 | 879,744.00 |
| Stang, Nelle R. (NRS) | Legal Assistant | 150 | 2.2 | 330.00 |
| Suk, Kati L. (KLS) | Paralegal | 175 | 12.7 | 2,222.50 |
| Suk, Kati L. | Paralegal | 185 | 24.4 | 4,514.00 |
| Suk, Kati L. | Paralegal | 200 | 45.6 | 9,120.00 |
| Wagner, Elissa A. (EAW) | Of Counsel | 495 | 36.1 | 17,869.50 |
| Wilson, Megan J. (MJW) | Legal Assistant | 150 | 22.9 | 3,435.00 |
| Wilson, Paige C. (PCW) | Legal Assistant | 150 | 43.7 | 6,555.00 |
| **TOTAL:** | | | **5,311.50** | **2,281,833.75** |

The Firm made a downward adjustment of $7,087.50 early in the case.

-7,087.50

**2,274,746.25**

## Notes:
(1) Pamela M. Egan's name has changed from Pamela E. Singer.
Therefore, her initials have changed from to PME from PES.

Pachulski Stang Ziehl Jones LLP
150 California Street, 15th Fl.
San Francisco, CA 94111

Case 09-30938-elp11    Doc 1385    Filed 09/13/11

# **SCHEDULE A**

## PSZJ FINAL FEE APPLICATION

## NARRATIVE SUMMARY OF

## SERVICES PROVIDED

## SCHEDULE A
## NARRATIVE SUMMARY OF SERVICES PROVIDED

## I.

## PRELIMINARY INFORMATION FOR FINAL FEE PERIOD OF MARCH 4, 2009 THROUGH AUGUST 14, 2011

By way of this Application, Pachulski Stang Ziehl & Jones LLP (the "Firm" or "PSZJ")

seeks final approval of compensation and reimbursement of expenses for the period March 4, 2009

through August 14, 2011 as follows:

| Summary | | |
|---|---|---|
| Total Fees and Expenses Sought | | $ 2,500,959.18[1] |
| Fees Sought | $ 2,274,746.25 | |
| Expenses Sought | $ 226,212.93 | |
| Fee Retainer | $ 0 | |
| Pre-Petition Amounts | $ 0 | |
| Amount Approved on an Interim Basis Per Monthly Fee Statements filed for fees and costs through 7/31/11. | $ 2,014,924.94 | |
| Interim Fees Approved | $ 1,793,357.80 | |
| Interim Costs Approved | $ 221,567.14 | |
| Amount Paid Per Monthly Fee Statements | | $ 1,212,500.27 |
| Unpaid Balance | | $ 1,288,458.91 |

---

[1] The Firm also seeks approval of the fees incurred in the preparation of this Application and any hearing thereon in the estimated amount of $20,000.

Page 1 - SCHEDULE A TO PSZJ FINAL FEE APPLICATION

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

| Blended Hourly Rate for the Final Fee Period[2] | |
|---|---|
| Including paraprofessionals: | $428.00 |
| Excluding paraprofessionals | $578.00 |

## II.

## INTRODUCTION

When the Society of Jesus, Oregon Province (the "Debtor" or the "Province") filed this case on February 17, 2009, 153 claims of sexual, physical and mental abuse were pending against the Debtor, with significant additional claims forthcoming. After accounting for duplication and amendments, 536 abuse claims were ultimately filed in this case. In addition, the Catholic Bishop of North America ("CBNA"), Seattle University, and the trust formed in the Archdiocese of Portland bankruptcy case were asserting significant claims of contribution and indemnity against the Debtor arising from abuse claims.

In its Schedules of Assets and Liabilities, the Debtor reported that less than $5 million in assets was available to cover these claims. The Debtor and its primary insurers (collectively, "Safeco") were also claiming that no remaining coverage was available for Alaska-based claimed. Other insurers were raising numerous aggressive defenses to claims, including that policies were lost, the abuse did not constitute an "occurrence" within the meaning of the policies, the abuse was "expected or intended" and therefore not covered, notice of the claims was provided late, the abuse occurred outside of the coverage period, and certain employment-related exclusions precluded coverage. Under the guise of financial availability to fund interim fee and costs awards in full, the Debtor requested and obtained a monthly cap of $150,000 on all payments of professional fees.

---

[2] The blended hourly rate is the amount of fees divided by the number of hours billed.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

Exhibit 1 to this Application's cover sheet reflects the financial burden on the Firm by virtue of the monthly short-pays.

Despite these obstacles and the burden of non-payment, the Firm committed itself to this case. It demanded and obtained more than a hundred thousand pages of documents, that were produced by the Debtor and other entities in varying states of disarray. After organizing, reviewing, and analyzing these documents, the Firm researched and developed multiple avenues of recovery for the benefit of creditors. The Firm moved for authority to bring a fraudulent transfer action against Safeco to unwind the deal between the Debtor and Safeco pursuant to which both parties had tried to wipe out insurance coverage for all Alaska-based claims based on a settlement relating to only some Alaska-based claims. The Firm also commenced adversary proceedings against (i) the Debtor and other entities for declaratory relief that millions of dollars worth of additional assets were in fact available to survivors and other creditors and (ii) Pioneer Educational Society for substantive consolidation.

The Firm provided significant input with respect to the notice of the claim bar date, the form of the proof of claim for abuse survivors and the manner of publication of that notice. Notice of the claims bar date was particularly important in this case, because many abuse claimants live in remote rural areas and also travel during certain parts of the year to pursue subsistence hunting and gathering. The Committee obtained Court approval to gain access to the Debtor's annual directories which identified the location of each member of the Oregon Province. This information enabled State Court Counsel to track identified abusers and ensure notice to individuals in the areas where such abusers were assigned.

The Firm took an active and leading role in the selection of The Honorable Gregg W. Zive as global mediator and in the multiple in-person mediation sessions with Judge Zive that followed in Portland, Oregon and in Reno, Nevada. The Firm played a leading role in the negotiations that occurred before, during, and after these sessions.

Page 3 - **SCHEDULE A TO PSZJ FINAL FEE APPLICATION**

The Committee played a leading role in the development and drafting of the plan, the disclosure statement, the trust agreement relating to the plan, and plan solicitation materials. In short, the Firm was actively involved in all aspects of this case.

As a result of these efforts, the Debtor paid $48.1 million to a plan trust. Of this $48.1 million payment, $5 million has been set aside to pay professional fees. In addition, several of the Debtor's insurers have contributed approximately $120 million, for a total plan contribution of approximately $168 million. Deducting the $5 million set-aside for professionals, approximately $163 is available to the trust which makes the payment to abuse claimants.[3] The contribution claims of CBNA, the trust created in the Archdiocese of Portland and Seattle University have also been extinguished pursuant to the plan – although, importantly, abuse claimants remain free, subject to a confirmed reorganization plan, to pursue these entities for additional recoveries.

In addition to these significant monetary recoveries, the Committee negotiated and obtained non-monetary covenants that are more advanced than anything that had been imposed previously.[4] For many, these non-monetary covenants are as important or even more important than the $168 million that the Debtor, related entities, and its insurers were forced to contribute.

The non-monetary covenants in this case include, but are not limited to: prominent publication of perpetrators who are members of the Province; letters of apology, signed personally by the Provincial to the more than 500 survivors who filed claims in this case; private conferences between the Provincial and those survivors who wish to have such a meeting; a policy requiring members of the Province to (i) stop referring to sexual abuse claimants as "alleged" claimants, "alleged" victims or "alleged" survivors, and (ii) report any knowledge of sexual abuse to state and

_____

[3] Out of this $163 million, $7.233 million has been set aside for the benefit of future abuse claimants, as set forth more specifically in the plan.

[4] While the non-monetary covenants in the bankruptcy case of the Catholic Diocese of Wilmington are different, the order confirming the plan that contains these covenants is on appeal in connection with other issues.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

local authorities (other than knowledge obtained through confession); and public letters of gratitude from the Provincial to survivors for their courage in coming forward and speaking about the abuse that they endured.

In light of the results, the complexity of the case, and the obstacles facing PSZJ during this case, the PSZJ respectfully submits that its fees and expenses in the total amount of $2,375,937.60 representing $2,154,370.75 in fees and $221,566.85 in expenses are reasonable and should be allowed in full on a final basis. Further, the net unpaid balance of $1,349,929.95 in fees and expenses should be paid in full.

## III.

## BRIEF OVERVIEW OF THE BANKRUPTCY CASE

On February 17, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Oregon.

On or about March 3, 2009, the United States Trustee (the "UST") appointed the Official Committee of Unsecured Creditors. The UST filed the notice of appointment of the Committee on March 12, 2009. Pursuant to an Order dated April 14, 2009, the Court granted the Committee's application to employ PSZJ effective as of March 4, 2009 [Docket No. 183].

By Order entered on October 13, 2009 [Docket No. 494], The Honorable Gregg W. Zive, U.S. Bankruptcy Judge for the District of Nevada, was appointed as global mediator in this case. In person mediation sessions were held in Portland, Oregon on March 23-24, 2009 and August 2-3, 2009 and in Reno, Nevada on February 11-12, 2010, April 22-23, 2010, and September 7, 2010. A meeting of the Debtor, insurers and the Committee was also held in Chicago, Illinois on January 18, 2011.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

Case 09-30938-elp11   Doc 1385   Filed 09/13/11

On July 7, 2011, this Court approved the plan of reorganization (the "Plan") that had been jointly drafted and submitted by the Debtor, the Committee and the Future Claims Representative. [Docket No. 1336] The Effective Date under the Plan occurred on August 15, 2011.

## IV.

## SERVICES RENDERED AND TIME EXPENDED

In connection with this Application, the Firm has classified all services performed into categories. PSZJ attempted to place the services performed in the category that best relates to the service provided. However, because certain services in the Debtor's chapter 11 case implicate multiple categories, services pertaining to one category may occasionally be found in another. PSZJ used the following billing categories:

- Asset Analysis/Recovery
- Avoidance Actions
- Asset Disposition
- Appeals
- Bankruptcy Litigation
- Case Administration
- Claims Administration/Objections
- Compensation of Professionals
- Compensation of Professionals/Other
- Executory Contracts
- Fee/Employment Applications
- Financial Filings
- General Creditors' Committee
- Hearings
- Insurance Coverage
- Meeting of Creditors
- Non-Bankruptcy
- Operations
- Plan & Disclosure Statement
- Retention of Professionals
- Retention of Professionals/Other
- Stay Litigation

Page 6 - SCHEDULE A TO PSZJ FINAL FEE APPLICATION

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

- Stay Relief (FC02)
- Travel

## 1.    Asset Analysis/Recovery[5]

Total Hours:   2064.90
Total Fees:    $556,503.00

Time billed to this category primarily relates to identifying assets of the Debtor and of others that could be made available to the abuse survivors. A significant portion of the time billed to this category involved obtaining documents that would reveal available assets and insurance policies. Obtaining documents involves indentifying the party that would have the documents, identifying the documents that would be in the party's possession and drafting and framing the document requests so as to maximize the relevancy of documents eventually produced.

The Firm drafted and filed Rule 2004 applications to obtain documents from the Debtor, Gonzaga University and Seattle University. Each of these entities objected to the Rule 2004 applications.

After briefings and hearings, the Court granted the Rule 2004 applications and the parties began producing documents. However, the Firm was still required to file motions to compel to obtain all the requested documents. Ultimately, the Firm indexed, organized, and reviewed approximately 110,000 pages of documents that were produced in varying degrees of organization and disarray.

The Firm's analysis of these documents enabled the Committee to bring (i) a declaratory relief against Pioneer Education Society for substantive consolidation and (ii) a declaratory relief action against the Debtor and related entities that $84 million in assets were not held in trust or restricted, and were thus available to the abuse survivors. This information was also instrumental in obtaining (i) the settlements with the Debtor's insurers and other insurers pursuant to which these

---

[5] In this section, all capitalized terms have the meaning ascribed to them in the Plan, unless otherwise defined in this section.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

insurers contributed approximately $120 million to the trust established pursuant to the Plan (the "Trust") for the benefit of creditors and (ii) the settlement with the Debtor and other entities, including Pioneer Education Society, pursuant to which these parties contributed $48.1 million to the Trust.

Document production and review also allowed the Committee to pursue the avoidance actions that the Committee commenced and that the Trust is now prosecuting.

### 2.    Avoidance Actions

Total Hours:   265.90
Total Fees:    $136,404.50

Time billed to this category relates to the adversary proceedings that the Committee filed against various parties in order to avoid and recover for the benefit of the estate certain transfers made to the Debtor. On February 23, 2010, the Firm filed its *Motion for Authority to Commence, Prosecute and Settle Litigation on Behalf of the Bankruptcy Estate Against Safeco* (the "Avoidance Motion") [Doc. 660] to obtain authorization to avoid as a fraudulent transfer a release that the Debtor had given to Safeco and pursuant to which the Debtor agreed not to make any further claims against its insurance policies with Safeco with respect to Alaska-based claims. In exchange for this release, Safeco had contributed $43 million. The Firm believed that these claims were worth substantially more than $43 million and therefore, the release was avoidable pursuant to section 548 of the Bankruptcy Code.

The Debtor objected to the Avoidance Motion, and the Avoidance Motion was continued by stipulated order entered April 7, 2010 [Docket No. 715]. The Avoidance Motion was resolved by the Plan and a buy back motion, pursuant to which Safeco contributed an additional $118 million to the Trust for the benefit of creditors.

On February 15, 2011, the Court entered a stipulated order, between the Committee and the Debtor, authorizing the Committee to pursue avoidance actions that the Committee deemed

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15ᵗʰ Floor
San Francisco, CA 94111
415-263-7000

necessary or advisable to pursue. Because the deadline to file avoidance actions expired merely two days after entry of that stipulated order, the Firm deemed it necessary, in order to preserve the rights of the estate, to file avoidance actions against all parties against whom it potentially wanted to pursue such an action.

The Firm did not serve the avoidance action complaints in 14 cases and those cases were dismissed after the Firm determined that preservation of avoidance actions against the applicable defendants was not necessary. The Firm served the complaints in the remaining 25 avoidance actions. Of those remaining avoidance actions, 19 are still pending, five were dismissed by operation of the Plan because the defendants are Participating Parties (as defined in the Plan) who received a release, and one was dismissed because the defendant established a complete defense. Three of these pending cases have settled in principle.

### 3. Asset Disposition

Total Hours: 0.20
Total Fees: $128.00

The time billed to this category is de minimis.

### 4. Appeals

Total Hours: 0.20
Total Fees: $119.00

The time is de minimis. It relates to an appeal by an individual who resided in a federal facility for the mentally ill.

### 5. Bankruptcy Litigation

Total Hours: 982.80
Total Fees: $485,512.50

Time billed to this category primarily relates to (a) litigation (the "Pioneer Litigation") that the Committee commenced against the Pioneer Educational Society ("Pioneer") and related parties,

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

for substantive consolidation, which was settled pursuant to plan negotiations, (b) litigation (the "Arca Litigation") that the Committee commenced against the Debtor and related entities regarding ownership of financial assets and real estate alleged to be held by the Debtor in certain funds or "arcas," which was settled pursuant to plan negotiations, (c) litigation ("Society of Jesus/Rome Litigation") that state court counsel commenced against the Society of Jesus in Rome, and related parties, which was not settled pursuant to plan negotiations and which may continue outside of this case, (d) discovery relevant to pending bankruptcy litigation, and (e) review and analysis of litigation strategies to overcome the numerous defenses and tactics raised by the Debtor, related entities and the Debtor's insurers.

The Pioneer Litigation and the Arca Litigation played an important role in causing the Debtor and Participating Third Parties (as defined in the Plan) to contribute $48.1 million to the Trust for the benefit of creditors. After extensive research and analysis of the law and relevant documents, the Firm had concluded that money held in the arcas and by Pioneer should be made available to survivors.

With respect to the Society of Jesus/Rome Litigation, the plaintiffs' rights are preserved against the defendants and the plaintiffs will continue to press the defendants in the Society of Jesus/Rome Litigation outside of this bankruptcy case. The Society of Jesus in Rome had asserted that it was entitled to sovereign immunity, which would have limited survivors' ability to recover. The Society of Jesus abandoned this position after significant research by the Firm, pursuant to which the Firm had concluded that the Society of Jesus in Rome was not entitled to sovereign immunity. The Firm also provided significant input on how to obtain discovery from the Society of Jesus in Rome, including how to obtain insurance policies that may ultimately provide additional compensation to survivors.

The Committee also analyzed and researched various theories of recovery against the Debtor and other potentially liable entities, including theories of alter ego, substantive consolidation, and

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

Committee standing to bring declaratory relief against insurers. These issues also involved analysis of the jurisdiction of the bankruptcy court over potentially liable third parties.

The Firm believes that its litigation advocacy was instrumental in causing the Debtor, the Participating Third Parties (as defined in the Plan), and the insurers to contribute approximately $168 million to the Trust. This result represents a 37-fold increase over the $4.5 million that the Debtor and its insurers had initially reported as available to creditors.

### 6. Case Administration

Total Hours: 119.80
Total Fees: $34,021.50

Time billed to this category primarily relates to administrative matters, including, without limitation: preparing *pro hac vice* applications; reviewing the docket; maintaining a critical dates calendar for the case; updating the master mailing matrix; communicating with the Court, the UST, the Debtor, other professionals and other case constituents and interested parties regarding issues relating to the administration of the case; and performing other miscellaneous services related thereto.

### 7. Claims Administration/Objections

Total Hours: 247.10
Total Fees: $105,563.50

Time billed to this category primarily relates to (i) the bar date and notice, publication thereof, including information from the Debtor that would assist in locating survivors who would likely have a claim, (ii) preserving the confidentiality of survivors who filed claims, (iii) the form of the proof of claim, (iv) tracking and summarizing filed abuse claims, which summary was used in the mediation sessions, and (v) the appointment of a future claims representative and the treatment of future claims.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

Case 09-30938-elp11   Doc 1385   Filed 09/13/11

The Firm provided significant input with respect the manner of publication of the bar date and monitored the Debtor's compliance with publication requirements in order to maximize notice of the claims bar date. The Firm also billed time to obtaining directories and other catalogues that would identify where known pedophiles and other abusers had worked or lived. The Firm had concluded that survivors would be found in areas where perpetrators had worked or lived and ensured that notice of the bar date was published in those areas listed in the directories and catalogs.

The Firm also had substantial input on the form of the proof of claim to be used by abuse survivors. It also maintained a chart of all abuse claims and created redacted versions thereof to preserve confidentiality. The Firm's claim summary was useful in the mediation sessions. In January 2010, the Debtor filed a motion seeking to expand the group of individuals who could received confidential information contained in proofs of claims. The Debtor did not serve approximately 60 claimants whose information was proposed to be disclosed to a greater group. The Debtor also sought to disclose information to CBNA and the future claims representative in that case. The Court agreed with the Firm that affected claimants had to be served and that CBNA should not be entitled to the confidential information because CBNA had already proposed a reorganization plan that excluded CBNA from the claims liquidation process.

Issues relating to a future claimants representative (also referred to herein as "FCR") were also important in this case because a survivor may not realize until after the bar date the damages suffered by virtue of his or her abuse. However, defining who should be entitled to file a claim after the bar date raises complex issues regarding the application of statutes of limitations and legislatures' efforts to resurrect statutes of limitations after they had expired. The Firm played a direct role in the appointment of the future claims representative and in the definition of a future claim. It objected to the Debtor's selection of a future claims representative, identified an alternative, more suitable, future claims representative, discussed the issue with the UST and successfully presented the Committee's position to the Court on these issues. The Firm worked

Page 12 - SCHEDULE A TO PSZJ FINAL FEE APPLICATION

closely with the FCR on issues of common interest. The FCR did not retain counsel in this case and the Firm believes that the cooperative relationship was a factor in that decision and the resulting savings to the estate.

### 8.    Compensation of Professionals

Total Hours:   89.80
Total Fees:    $35,981.50

Time billed to this category primarily relates to the establishment of interim fee procedures, the preparation of monthly fee statements pursuant to those procedures, and handling of the UST's objections to certain of those fees statements.

Pursuant to the *Order Establishing Procedures for Payment of Interim Professional Fees and Expenses on a Monthly Basis* [Docket No. 193], professionals were permitted to file monthly fee statements and to be compensated, on an interim basis, for 80% of their fees and 100% of the expenses advanced in this case. Pursuant to these procedures, PSZJ filed 28 monthly fee statements in this case, covering the period from March 4, 2009 through July 31, 2011.[6]

Early in the case, the UST objected to certain of the Committee's fee statements on numerous grounds. The Firm worked with the UST to resolve most of these objections. The Court resolved the remaining objections in the Firm's favor. [Docket No. 518, transcript of hearing]

The Firm's professionals also billed time relating to Local Bankruptcy Rule 2016-1. However, because the bulk of the Firm's time relating to this issue was billed to Retention of Professionals, that issue is discussed in that section of this Schedule A.

The Firm also requests approval of fees incurred preparing this Application and any hearing thereon in the estimated amount of $20,000.

---

[6] The Firm has not submitted a fee statement for fees incurred from August 1, 2011 through August 15, 2011, which is the Effective Date of the Plan. Those fees are requested in this Application.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

### 9. Compensation of Professionals/Other

Total Hours: 102.30
Total Fees: $49,342.00

Time billed to this category relates to assisting Morgan, Lewis & Bockius, LLP ("MLB"), special insurance counsel to the Committee, and LECG, LLC ("LECG"), the Committee's financial analysts, with their interim fee statements and final fee applications. With respect to MLB's fees, the Firm also negotiated a budget and filed two motions to increase that budget as the case progressed. With respect to LECG, the Firm filed motions to increase the cap on LECG's fees.

### 10. Executory Contracts

Total Hours: 3.40
Total Fees: $2,171.50

Time billed to this category relates to the Committee's opposition to the Debtor's *Motion for Order Declaring Leases/Agreements Regarding Community Residence Property Are Not Nonresidential Real Property Leases or in the Alternative for an Extension of Time to Assume or Reject Such Leases or Agreements* [Docket No. 284].

### 11. Fee/Employment Applications

Total Hours: 2.0
Total Fees: $1,030.00

This time relates to the monthly fee statements filed by various professionals, and should properly be included in the Compensation of Professionals or Compensation of Professionals/Other categories, discussed above.

### 12. Financial Filings

Total Hours: 2.4
Total Fees: $1,394.00

This time relates primarily to the review of the Debtor's statements of financial affairs, and review of the budgets attached to the operating order.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

Case 09-30938-elp11    Doc 1385    Filed 09/13/11

### 13. General Creditors' Committee

Total Hours: 147.10
Total Fees: $90,371.50

This time relates primarily to discussions with State Court Counsel and Committee members regarding case status and other general matters over the course of the entire case. The Firm usually had weekly conference calls with State Court Counsel and the Committee. The matters discussed at the meetings included the setting of the claims bar date, the appointment of the future claims representative, identifying assets and insurance policies, the progress of obtaining discovery from the Debtor and third parties, the Arca Litigation, the Pioneer Litigation, the multiple mediation sessions, disputes and negotiations with the Debtor's insurers, plan formulation, the various allocation methods for payment of plans through the Trust, and avoidance actions.

### 14. Hearings

Total Hours: 0.50
Total Fees: $257.50

This time relates to attendance at the hearing on a motion to intervene and is properly included in the Bankruptcy Litigation category, discussed above.

### 15. Insurance Coverage

Total Hours: 44.00
Total Fees: $27,696.00

This time relates primarily to disputes and negotiations with the Debtor's insurers. The bulk of insurance coverage representation of the Committee was handled by MLB. The majority of the fees in this category reflect the consultations with MLB regarding the interplay of the bankruptcy and insurance issues. As set forth in the narrative relating to Avoidance Actions, Safeco and the Debtor argued that no remaining coverage existed under the policy with respect to Alaska-based claims. Safeco and other insurers also raised numerous other defenses including the argument that the abuse was not an "occurrence," within the meaning of the policies, the abuse was "expected and

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

intended" and therefore not covered, that policies were lost, and that employment-related exclusions precluded coverage.

The Firm played a direct and active role in the negotiations with the insurers that resulted in a $120 million contribution to the Trust for the benefit of abuse survivors. The Firm also negotiated a mechanism in the Plan whereby abuse claimants can seek judgments against the Reorganized Debtor for the purpose of collecting that judgment against non-settling insurers.

### 16. Meeting of Creditors

Total Hours: 43.50
Total Fees: $25,000.50

This time relates to preparation for and attendance at the Rule 341 Meeting of Creditors held in April, 2009. One entry, for 1.5 hours in the amount of $960.00 by Kenneth H. Brown properly belongs in the category of Avoidance Actions , as it relates to an analysis regarding the preference and avoidance actions that the Committee brought later in the month.

### 17. Non-Bankruptcy

Total Hours: 0.30
Total Fees: $165.00

This time is de minimis and relates to questions by Rebecca Rhoades, one of the state court counsel, regarding documents produced by the Debtor.

### 18. Operations

Total Hours: 3.50
Total Fees: $2,070.50

This time relates primarily to issues regarding the Debtor's operating order and extensions thereof. The operating order required that the Debtor provide the Committee with access to documents. At certain points in the case, when the Firm believed that the Debtor was unnecessarily

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

delaying in its document production, the Firm discussed with the Debtor the need to comply with the terms of the operating order before the Committee would consent to an extension.

### 19. Plan and Disclosure Statement

Total Hours:  837.10
Total Fees:  $524,447.25

Time billed to this category relates to PSZJ's joint negotiation and drafting of the Plan and Disclosure Statement with the Debtor. The Court is aware of the key terms of the Plan and they have been described in detail in this narrative. Therefore, the Committee will not repeat those terms here.

The Firm played an active and direct role in the negotiations that led to the Plan. The Firm participated closely in the selection of the Honorable Gregg W. Zive as a global mediator in the case, a process that involved research, interviews, and the development of consensus with the Debtor, insurers, Committee members and their various State Court Counsel. The Firm also played an instrumental role in negotiating the terms of the mediation order on issues that are extremely important to the Committee's constituency. For example, the Debtor had originally included a provision in the mediation order that entitled the mediator to order abuse claimants to attend the mediation. Firm counsel understood from past experience (both its own and of other Committee counsel in other cases) that ordering an abuse survivor to attend a mediation can be traumatic, disruptive, and counter-productive. The Firm successfully obtained a mediation order that did not contain this potentially harmful term.

The Firm also played an active role in the drafting the disclosure statement, the Plan, and the Trust agreement that is part of the Plan. It played a significant role in the development of the allocation procedures for liquidation and payment of abuse claims. It also played a significant role in formulating the plan solicitation documents and procedures including the proper voting procedures.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

### 20. Retention of Professionals

Total Hours: 118.10
Total Fees: $63,667.50

Time billed to this category relates to obtaining approval for PSZJ's retention as counsel to the Committee. On April 1, 2009, the Court entered an order approving the Firms' retention as general bankruptcy counsel to the Committee. [Docket No. 126] After entry of that Order, the Debtor filed an objection to the Firm's retention on the ground of a conflict of interest arising from the Firm's concurrent representation of the Official Committee of Unsecured Creditors in the case of CBNA. After extensive briefing, including a reply and sur-reply, the Court authorized the retention of the Firm as general bankruptcy counsel to the Committee.

In June 2009, the Firm also filed a motion with respect to the applicability of Local Bankruptcy Rule 2016-1, at the Debtor's instance. Pursuant to that motion, the Firm sought a determination from the Court that its fees would not be limited to the prevailing rate of local counsel because "competent local counsel" was not "available," within the meaning of the Rule. The Debtor objected to this motion and the Committee filed a reply.

A determination of the reasonableness of the Firm's fees has been continued to the end of the case in order to allow the Firm to establish the reasonableness of its fees in light of the complexity of the case, risks, results, and the other established lodestar factors.

### 21. Retention of Professionals/Other

Total Hours: 69.80
Total Fees: $33,650.50

Time billed to this category primarily relates to the Committee's retention of (i) MLB as special insurance counsel, (ii) LECG as a financial advisor in this case, (iii) Business Management, Inc. ("BMI"), as a computer consultant, and (iv) Kate Pflaumer and The Honorable William L. Bertinelli, Rtd. as Abuse Claims Reviewers (as defined in the Plan).

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

The Firm spent time selecting appropriate insurance counsel and vetting this decision with the Committee members and state court counsel. The Firm understood the importance of insurance counsel given the deal that had been made with Safeco and the obduracy of the Debtor's other insurers. The Debtor objected to the Committee's motion to retain MLB on the ground that assets were limited and that the Committee could rely on Debtor's insurance counsel. The Court disagreed and authorized the Committee's retention of MLB. MLB made a substantial contribution in the mediation, threatened insurance litigation and substantially contributed to the preparation of the Plan and Disclosure Statement. Insurers ultimately agreed to contribute approximately $120 million to the Trust for the benefit of creditors.

The Firm also spent time selecting a financial advisor for the Committee. The Firm understood the importance of a financial advisor given the Debtor's contentions that a significant portion of its assets were held in trust and otherwise restricted and thus not available to creditors. Based on experience, the Firm appreciated that a financial advisor's analysis of cash flows and other metrics can clarify whether assets are in fact being treated as in trust or as otherwise restricted. The Firm understood that the financial advisor is also instrumental in identifying assets that may be available to the creditors, under a variety of theories, such as alter ego and substantive consolidation.

The Debtor objected to the retention of LECG on multiple grounds including that the estate could not afford its services, its services would duplicate the services provided by the Firm, and that a detailed budget, which could potentially disclose attorney-work product, should be provided. After the Firm replied to this objection and a hearing was held, the Court requested a supplemental statement which the Firm provided and to which the Debtor responded. The Court then approved LECG's retention, subject to a cap on fees. After the Committee pursued litigation, with the assistance of LECG, based on substantive consolidation and other theories, the Debtor and third party entities ultimately agreed to contribute $48.1 million to the Trust for the benefit of creditors. LECG also assisted in the commencement of avoidance actions in February, 2011.

Page 19 - SCHEDULE A TO PSZJ FINAL FEE APPLICATION

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

The Firm also prepared the retention application for BMI, which provided computer consulting services to the Committee. The Debtor had produced information that was contained in a database. BMI owned a license that was necessary to using the database and was also familiar with how to access the database. Therefore, retaining BMI avoided the cost of acquiring the license and training necessary to read that information.

The Committee also prepared the employment application for Abuse Claim Reviewers (as defined in the Plan). The Plan provides that the holder of an abuse claim can elect to have the claim treated as a convenience claim, liquidated through litigation or liquidated through an alternative dispute resolution process that is administered by an Abuse Claim Reviewer. CRS, Bettinelli and Pflaumer.

Finally, the Committee considered retention issues that arose when the financial analysts working on this case moved from LECG to Berkeley Research Group, LLC ("BRG"). After review and consideration, the Firm determined that it would be appropriate for the Trust created by the Plan to retain BRG and that a retention motion was not necessary in this case.

### 22. Stay Litigation

Total Hours: 12.80
Total Fees: $7,218.50

Time billed to this category relates primarily to the Committee's analysis of whether to request relief from the automatic stay in order to interview certain witnesses who were elderly or infirm and who, the Committee feared, would pass away before they were able to give testimony if the automatic stay was not lifted.

**Page 20 - SCHEDULE A TO PSZJ FINAL FEE APPLICATION**

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

23.     **Stay Relief (FC02)**

Total Hours:   0.10
Total Fees:    $51.50

This time relates to a motion for relief from stay, and should properly be included in the Stay Litigation category, discussed above.

24.     **Travel**

Total Hours:   153.90
Total Fees:    $96,066.50

Time billed to this category relates to the necessary time for Mr. Stang and Mr. Rafatjoo to attend the 341 meeting, hearings in Portland, Oregon, and mediation sessions in Portland, Oregon, Reno, Nevada, Portland, Oregon, and Chicago, Illinois. Pursuant to LBR 2016-1, the time was billed at half the professional's applicable rate if the professional was not working on this case while traveling. Time spent working on this case, while traveling, was billed at the professional's full rate.

## V.

## THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW

The fees and expenses requested by this Application are an appropriate award for the Firm's services in acting as bankruptcy counsel to the Committee.

A.     **Factors in Evaluating Requests for Compensation.**

Pursuant to Section 330 of the Bankruptcy Code, the Court may award to a professional person, reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. As set forth above, the fees for which the Firm requests compensation and the costs incurred for which the Firm requests reimbursement are for actual and necessary services rendered and costs incurred. The professional services rendered by the Firm have required an expenditure of significant time and effort. During the Final Fee Period, the Firm's

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

employees have recorded 5,086 hours. The Firm's blended hourly rate for the Final Fee Period including paraprofessionals is $485.00.

Moreover, time and labor devoted is only one of many pertinent factors in determining an award of fees and costs. Based on the skill brought to bear in these cases by the Firm and the results obtained and in light of the accepted lodestar approach, the Firm submits that the compensation requested herein is reasonable and appropriate.

**B.      The Lodestar Award Should be Calculated by Multiplying a Reasonable Hourly Rate by the Hours Expended.**

In determining the amount of allowable fees under section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske (In re Manoa Finance Co., Inc.), 853 F.2d 687, 691 (9th Cir. 1988); see also Matter of Schaeffer*, 71 B.R. 559, 563 (Bankr. S.D.Ohio 1987).

Twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) (overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. and *Kerr v. Screen Extras Guild, Inc.*, 526 F. 2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life*

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

*Ins. Co. v. Baddock (In re First Colonial Corp. of Am.*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson* criteria applicable in bankruptcy cases).

While the *Johnson* and *Kerr* courts only offered guidelines as to relevant factors, in 1984, the Supreme Court, in enunciating guidelines to determine reasonable fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, held:

> the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate . . . . Adjustments to that fee then may be made as necessary in the particular case.

*Blum v. Stenson*, 465 U.S. 886 (1984). This is the so-called "lodestar" calculation.

In 1986, the Supreme Court more explicitly indicated that the factors relevant to determining fees should be applied using the lodestar approach, rather than an ad hoc approach. While holding that the attorney's fee provision of the Clean Air Act, 42 U.S.C. § 7401 et seq., should be interpreted like that of the Civil Rights Act, the Court expressly rejected the ad hoc application of the factors set forth in the *Johnson* and thus *Kerr*, stating that, "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee . . . ." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986).

While the lodestar approach is the primary basis for determining fee awards under the federal fee-shifting statutes and under the Bankruptcy Code, the other factors, previously applied in an ad hoc fashion, still apply in calculating the appropriate hourly rate to use under the lodestar approach. For example, when, in *Boddy v. U.S. Bankr. Ct., W.D. Ky (In re Boddy)*, 950 F.2d 334, 337 (6th Cir. 1991), the Sixth Circuit rejected an approach to fees (in chapter 13 cases) which dictated that only a "normal and customary" fee should be awarded absent exceptional results, the Sixth Circuit Court of Appeals nonetheless acknowledged that:

> The court can legitimately take into account the typical compensation that is adequate for attorney's fees in Chapter 13 cases, as long as it

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

Case 09-30938-elp11    Doc 1385    Filed 09/13/11

> expressly discusses these factors in light of the reasonable hours
> worked and a reasonable hourly rate. <u>The bankruptcy court also may
> exercise its discretion to consider other factors such as the novelty and
> difficulty of the issues, the special skills of counsel, the results
> obtained, and whether the fee awarded is commensurate with fees for
> similar professional services in non-bankruptcy cases in the local area.</u>

950 F.2d at 338 (emphasis added). Thus, the twelve oft cited *Johnson* and *Kerr* factors remain

relevant. In that regard, it is clear that the Committee representation in these cases by the Firm

required substantial time and labor, posed complex, unsettled issues of law, and required a high level

of skill, which the Firm believes it has demonstrated. Further, the Firm believes that its experience

and Court's familiarity with its attorneys is evidence of the Firm's experience, reputation, and

ability.

The Fee Statements previously filed in this case and Schedule C to this application contain a

copy of the Firm's time reports and records kept in the regular course of business reflecting the

services rendered and the expenses incurred by the Firm. The Firm's time reports are initially

handwritten by the attorney or paralegal performing the described services or are typed directly into

a billing program. The time reports are organized on a daily basis. The Firm is particularly sensitive

to issues of "lumping," and unless time was spent in one time frame on a variety of different matters

for a particular client, separate time entries are set forth in the time reports. The Firm's charges for

its professional services are based upon the time, nature, extent and value of such services and the

cost of comparable services.

## VI.

## <u>CONCLUSION</u>

The compensation presently sought by PSZJ is final. Neither PSZJ, nor any partners, of

counsels, or associates of the Firm, have any agreement or any understanding of any kind or nature

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

Case 09-30938-elp11   Doc 1385   Filed 09/13/11

to divide, pay over, or share any portion of the fees to be awarded PSZJ with any other person or attorney, except among partners, of counsels, and associates of the Firm.

PSZJ believes that the services rendered for which compensation is sought in this Application have been beneficial to the estates, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

DOCS_SF:78178.1 46352-003

# **SCHEDULE B**

# [INTENTIONALLY OMITTED]

# SCHEDULE C

# PSZJ FINAL FEE APPLICATION

# ITEMIZED BILLING

Pursuant to the *Order Granting Debtor's Motion Excusing Chapter 11 Professionals From Requirement That Final Fee Applications Include Copies of Previously Filed Fee Applications,* entered on August 11, 2011 [Docket No. 1347], this Application does not contain itemized billings that have previously been filed with the Court. Instead, this Schedule C to the Application contains the Firm's invoice for the period August 1, 2011 through August 14, 2011, which has not previously been sumitted to the Court.

# PACHULSKI STANG ZIEHL & JONES LLP

10100 Santa Monica Boulevard
11th Floor
Los Angeles, CA 90067

August 14, 2011

Invoice Number **95582**        46352 00002        **JIS**


JIS

| | |
|---|---:|
| Balance forward as of last invoice, dated: July 31, 2011 | $1,263,105.95 |
| Net balance forward | $1,263,105.95 |

Re:  Committee Representation

**Statement of Professional Services Rendered Through**        **08/14/2011**

|  |  |  | **Hours** | **Rate** | **Amount** |
|---|---|---|---|---|---|
| | | **Avoidance Actions** | | | |
| 08/01/11 | GNB | Emails with Pamela M. Egan and Kati L. Suk regarding status of responsive pleadings and dismissals in various adversaries. | 0.10 | 550.00 | $55.00 |
| 08/01/11 | PME | Telephone call with Doug Pahl re extension of answer deadline for Faber Community. | 0.10 | 550.00 | $55.00 |
| 08/01/11 | PME | Skim Canisius College answer. | 0.10 | 550.00 | $55.00 |
| 08/04/11 | GNB | Email Candyce Senner regarding draft notice of trial setting and pre-trial conference. | 0.10 | 550.00 | $55.00 |
| 08/04/11 | GNB | Telephone conference with John Christian regarding extension to respond (.1); Email John Christian regarding same (.1). | 0.20 | 550.00 | $110.00 |
| 08/04/11 | GNB | Email Diane Hinojosa regarding preparation for August 9th pre-trial conferences. | 0.10 | 550.00 | $55.00 |
| 08/04/11 | GNB | Email Ford Elsaesser regarding St. Andrew Nativity. | 0.10 | 550.00 | $55.00 |
| 08/05/11 | GNB | Email with Pamela M. Egan and Kati L. Suk regarding deadlines (.1); Email with Diane Hinojosa regarding August 9 Court calendar (.1); Email with Sara Gutierrez Dunn regarding defendant Society of Jesus New England and research background of 3 adversaries involving defendant (.5); Email with Pamela M. Egan and with Kati L. Suk regarding same (.1); Review Cindy Elliott email regarding St. Andrew Nativity (.2); Email Committee regarding same (.1); Review settlement offer from defendant in 11-3101 (.1). | 1.20 | 550.00 | $660.00 |
| 08/05/11 | PME | Review research in preparation for drafting response to motion to dismiss re adequacy of pleadings. | 0.50 | 550.00 | $275.00 |
| 08/06/11 | PME | Draft opposition to motion to dismiss. | 4.50 | 550.00 | $2,475.00 |
| 08/07/11 | PME | Draft opposition to motion to dismiss. | 7.50 | 550.00 | $4,125.00 |
| 08/08/11 | GNB | Email with Pamela M. Egan regarding oppositions to motions to dismiss (.1); Email with Michael Berardino | 0.70 | 550.00 | $385.00 |

|          |     |                                                                                                                                                                                                                                                                                                                                                                          |      |        |           |
|----------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|--------|-----------|
|          |     | regarding settlement (.1); Review and edit response to motions to dismiss in adv. no. 11-03077 (.5).                                                                                                                                                                                                                                                                      |      |        |           |
| 08/08/11 | PME | Draft opposition to motion to dismiss [adversary proceeding 11-3077].                                                                                                                                                                                                                                                                                                     | 3.50 | 550.00 | $1,925.00 |
| 08/08/11 | PME | Review G. Brown comments to opposition to motion to dismiss based on adequacy of pleadings.                                                                                                                                                                                                                                                                               | 0.10 | 550.00 | $55.00    |
| 08/08/11 | KLS | Review/revise opposition to St. Louis University motion to dismiss.                                                                                                                                                                                                                                                                                                       | 1.10 | 200.00 | $220.00   |
| 08/09/11 | GNB | Review email from Karen Rasmussen regarding Providence request to dismiss adversary (.1); Review email from Lynne Xerras regarding proper defendant (.1); Tc/ JIS regarding authority to settle adversary proceedings (.1); Email with Pamela M. Egan regarding filing of oppositions to motions to dismiss in 11-3066 and 11-3077 (.1); Review answer and affirmative defenses (adv. no. 11-3083) (.1); Draft opposition to motion to dismiss in 11-3064 (1.4). | 1.90 | 550.00 | $1,045.00 |
| 08/09/11 | JIS | Telephone conference with G. Brown regarding avoidance action estimate and settlements.                                                                                                                                                                                                                                                                                   | 0.10 | 640.00 | $64.00    |
| 08/09/11 | PME | Edit opposition to motion to dismiss adversary proceeding 11-3077.                                                                                                                                                                                                                                                                                                        | 0.60 | 550.00 | $330.00   |
| 08/09/11 | PME | Draft opposition to motion to dismiss adversary proceeding 11-3066.                                                                                                                                                                                                                                                                                                       | 0.70 | 550.00 | $385.00   |
| 08/09/11 | PME | Proofread opposition to motion to dismiss 11-3077.                                                                                                                                                                                                                                                                                                                        | 0.30 | 550.00 | $165.00   |
| 08/09/11 | PME | Draft opposition to Loyola motion to dismiss re adequacy of pleading.                                                                                                                                                                                                                                                                                                     | 0.50 | 550.00 | $275.00   |
| 08/09/11 | PME | Review issues re Loyola University motion to dismiss based on whether proper party was named.                                                                                                                                                                                                                                                                             | 0.80 | 550.00 | $440.00   |
| 08/09/11 | PME | Review Amended complaint versus Loyola.                                                                                                                                                                                                                                                                                                                                   | 0.20 | 550.00 | $110.00   |
| 08/09/11 | PME | Review Loyola amended complaint in preparation for drafting opposition to motion to dismiss.                                                                                                                                                                                                                                                                              | 0.20 | 550.00 | $110.00   |
| 08/09/11 | PME | Finalize and conform the three oppositions to the motions to dismiss based on adequacy of pleadings.                                                                                                                                                                                                                                                                      | 2.50 | 550.00 | $1,375.00 |
| 08/09/11 | PME | Review opposition to Loyola University Rule 12 motion (re proper party) before filing.                                                                                                                                                                                                                                                                                    | 0.10 | 550.00 | $55.00    |
| 08/09/11 | KLS | Review/revise oppositions to motions to dismiss and coordinate service and filing of same (11-3064, 11-3066 and 11-3077).                                                                                                                                                                                                                                                 | 2.30 | 200.00 | $460.00   |
| 08/10/11 | GNB | Email James I. Stang regarding requests for authority to settle.                                                                                                                                                                                                                                                                                                          | 0.10 | 550.00 | $55.00    |
| 08/10/11 | GNB | Briefly review John Munding letter regarding Gonzaga University (.1); Briefly review responsive pleadings in adv. no. 11-3082 (.1).                                                                                                                                                                                                                                        | 0.20 | 550.00 | $110.00   |
| 08/10/11 | PME | In preparation for hearing, review issues re motion to dismiss filed by Loyola and Missouri Province, and University of St. Louis: search for opinions by Judge Perris re adequacy of pleadings in avoidance action.                                                                                                                                                       | 0.50 | 550.00 | $275.00   |
| 08/10/11 | PME | Draft email to G. Brown re motion to dismiss and upcoming hearing thereon.                                                                                                                                                                                                                                                                                                | 0.20 | 550.00 | $110.00   |
| 08/10/11 | PME | Review motion to dismiss by BC.                                                                                                                                                                                                                                                                                                                                           | 0.20 | 550.00 | $110.00   |
| 08/10/11 | PME | Email discuss with G. Brown re BC motion to dismiss.                                                                                                                                                                                                                                                                                                                      | 0.10 | 550.00 | $55.00    |

| | | | | | |
|---|---|---|---|---|---|
| 08/10/11 | PME | Skim answers of Roman Catholic Clergyman,  Jesuit Conference, Faber Community and Jesuit Refugee. | 0.20 | 550.00 | $110.00 |
| 08/11/11 | GNB | Email Ford Elsaesser and Cindy Elliott regarding affidavit of Leo Hindery (St. Andrew Nativity). | 0.10 | 550.00 | $55.00 |
| 08/12/11 | GNB | Email James I. Stang regarding authorization to settle adversary proceeding. | 0.10 | 550.00 | $55.00 |
| 08/12/11 | GNB | Draft stipulated dismissal in adv. no. 11-3079. | 0.10 | 550.00 | $55.00 |
| 08/12/11 | GNB | Email Pamela M. Egan and Kate L. Suk regarding preparation, filing, and service of notices of trial setting. | 0.10 | 550.00 | $55.00 |
| 08/12/11 | GNB | Review issues in adv. no. 11-3101 and telephone conference with John Christian regarding same. | 0.20 | 550.00 | $110.00 |
| 08/12/11 | GNB | Review NEFs filed today. | 0.10 | 550.00 | $55.00 |
| 08/12/11 | GNB | Email with Pamela M. Egan regarding Arcas litigation. | 0.10 | 550.00 | $55.00 |
| | | **Task Code Total** | **32.40** | | **$16,639.00** |

**Case Administration [B110]**

| | | | | | |
|---|---|---|---|---|---|
| 08/05/11 | GNB | Review and revise critical dates calendar. | 0.10 | 550.00 | $55.00 |
| 08/09/11 | PME | Review docket and critical dates memo re Loyola University motion. | 0.20 | 550.00 | $110.00 |
| | | **Task Code Total** | **0.30** | | **$165.00** |

**Claims Admin/Objections[B310]**

| | | | | | |
|---|---|---|---|---|---|
| 08/03/11 | JIS | Letter and stipulation to claimant 281. | 0.70 | 640.00 | $448.00 |
| | | **Task Code Total** | **0.70** | | **$448.00** |

**Compensation Prof. [B160]**

| | | | | | |
|---|---|---|---|---|---|
| 08/02/11 | PME | Review template to use for final fee application. | 0.10 | 550.00 | $55.00 |
| 08/02/11 | JIS | Telephone conference with Pam Egan regarding final fee application. | 0.10 | 640.00 | $64.00 |
| 08/02/11 | PME | Review issues in preparation for drafting final fee application. | 0.20 | 550.00 | $110.00 |
| 08/03/11 | GNB | Email PSZJ internal team regarding July 2011 timesheets and fee applications. | 0.10 | 550.00 | $55.00 |
| 08/04/11 | GNB | Review email from Howard Levine regarding final fee applications. | 0.10 | 550.00 | $55.00 |
| 08/04/11 | PME | Email with G. Brown re LECG final fee application. | 0.10 | 550.00 | $55.00 |
| 08/08/11 | GNB | Revise and edit PSZJ July 2011 bill. | 0.30 | 550.00 | $165.00 |
| 08/11/11 | PME | Review fee application motion submitted by Howard Levine. | 0.10 | 550.00 | $55.00 |
| 08/11/11 | PME | Review SOJOP fee statement. | 0.20 | 550.00 | $110.00 |

| 08/11/11 | PME | Review issues and information in preparation for drafting final fee application. | 0.90 | 550.00 | $495.00 |
| 08/11/11 | KLS | Prepare PSZJ July fee statement and LECG fee statements for November 2010-May 2011; coordinate service and filing of same. | 2.80 | 200.00 | $560.00 |
| 08/12/11 | GNB | Telephone conference with Pamela M. Egan regarding final fee application. | 0.10 | 550.00 | $55.00 |

| | **Task Code Total** | | **5.10** | | **$1,834.00** |

**Comp. of Prof./Others**

| 08/01/11 | GNB | Email with Pamela M. Egan regarding final fee applications of Morgan Lewis and LECG/BRG. | 0.10 | 550.00 | $55.00 |
| 08/01/11 | PME | Email exchanges with G. Brown, Paul Richter and J. Stang re final fee application. | 0.10 | 550.00 | $55.00 |
| 08/04/11 | GNB | Telephone conference with Matthew K. Babcock regarding LECG fee applications. | 0.10 | 550.00 | $55.00 |
| 08/11/11 | GNB | Review email from Matthew K. Babcock regarding monthly fee applications. | 0.10 | 550.00 | $55.00 |
| 08/11/11 | PME | Review November 2010 fee statement of LECG. | 0.20 | 550.00 | $110.00 |
| 08/11/11 | PME | Review November and December LECG Notice of Monthly fee settlement. | 0.10 | 550.00 | $55.00 |
| 08/11/11 | PME | Review January and February LECG Notices of Monthly fee statements. | 0.10 | 550.00 | $55.00 |
| 08/11/11 | PME | Review April and May LECG fee statements. | 0.10 | 550.00 | $55.00 |
| 08/11/11 | PME | Final review of LECG fee statements for November 2010 thru May 2011. | 0.10 | 550.00 | $55.00 |

| | **Task Code Total** | | **1.00** | | **$550.00** |

**Non-Bankruptcy**

| 08/09/11 | GNB | Address Rebecca Rhoades inquiry regarding documents produced in SJOP. | 0.20 | 550.00 | $110.00 |
| 08/10/11 | GNB | Review James I. Stang email to debtor's counsel regarding Rebecca Rhoades inquiry regarding documents produced in SJOP; Review emails between Dick Hansen and Rebecca Rhoades regarding same. | 0.10 | 550.00 | $55.00 |

| | **Task Code Total** | | **0.30** | | **$165.00** |

**Plan & Disclosure Stmt. [B320]**

| 08/01/11 | JIS | Review/revise Medicare letter for unrepresented claimants in pools. | 1.00 | 640.00 | $640.00 |
| 08/01/11 | JIS | Email from P. Richler regarding Traveler's notice period | 0.10 | 640.00 | $64.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | and follow up with Pompeo regarding same. | | | |
| 08/01/11 | JIS | Review/revise letter regarding notice. | 1.50 | 640.00 | $960.00 |
| 08/01/11 | JIS | Review issues regarding returned claim mail. | 0.20 | 640.00 | $128.00 |
| 08/01/11 | JIS | Telephone conference with JP regarding connection with BB. | 0.10 | 640.00 | $64.00 |
| 08/01/11 | JIS | Review/revise pools and distribution calculations. | 2.10 | 640.00 | $1,344.00 |
| 08/02/11 | JIS | Review/revise letter regarding Medicare and forward with email to Eric Schwarz. | 0.30 | 640.00 | $192.00 |
| 08/02/11 | JIS | Telephone conference with from Private Bank regarding timing of distributions and email to Safeco regarding payment. | 0.20 | 640.00 | $128.00 |
| 08/02/11 | JIS | Continued review of charts/email elections; telephone calls to electing claimants and email to SCC regarding same. | 2.20 | 640.00 | $1,408.00 |
| 08/02/11 | JIS | Email to Committee regarding status of distributions. | 0.50 | 640.00 | $320.00 |
| 08/02/11 | JIS | Email regarding Medicare information. | 0.10 | 640.00 | $64.00 |
| 08/02/11 | JIS | Telephone conference with Richler regarding Medicare letter for unrepresented. | 0.10 | 640.00 | $64.00 |
| 08/03/11 | JIS | Review/revise pool charts and emails to Pflaumer/Bettinelli/SCC regarding same. | 0.70 | 640.00 | $448.00 |
| 08/03/11 | JIS | Review draft letter for Bettinelli awards. | 0.40 | 640.00 | $256.00 |
| 08/03/11 | JIS | Telephone conference with E. Schwarz regarding format of award letter. | 0.30 | 640.00 | $192.00 |
| 08/03/11 | JIS | Review issues related to Medicare letter. | 0.10 | 640.00 | $64.00 |
| 08/03/11 | JIS | Telephone conference with Ken Roosa regarding elections. | 0.20 | 640.00 | $128.00 |
| 08/03/11 | JIS | Email exchange with Bryan Smith regarding pro se claims. | 0.10 | 640.00 | $64.00 |
| 08/03/11 | JIS | Conference call with SCC regarding claims objection and interim payment. | 1.10 | 640.00 | $704.00 |
| 08/04/11 | JIS | Review Safeco demand letter. | 0.20 | 640.00 | $128.00 |
| 08/04/11 | JIS | Telephone conference with N.C. (survivor) regarding Plan status. | 0.10 | 640.00 | $64.00 |
| 08/04/11 | JIS | Review draft accounting from Omni. | 0.10 | 640.00 | $64.00 |
| 08/04/11 | JIS | Email to K. Pflaummer re award letter. | 0.10 | 640.00 | $64.00 |
| 08/04/11 | JIS | Review emails regarding Bettinelli award letter. | 0.50 | 640.00 | $320.00 |
| 08/05/11 | JIS | Telephone conference with P. Richler regarding Roosa draft of letter. | 0.10 | 640.00 | $64.00 |
| 08/05/11 | JIS | Draft conforming changes to Plan Trust & Distribution Procedures. | 1.10 | 640.00 | $704.00 |
| 08/05/11 | JIS | Telephone conference with Roosa regarding distribution letters. | 0.20 | 640.00 | $128.00 |
| 08/05/11 | JIS | Review Bettinelli pool charts. | 0.30 | 640.00 | $192.00 |
| 08/05/11 | JIS | Letter to claimant no. 92. | 0.30 | 640.00 | $192.00 |
| 08/05/11 | JIS | Review email and reply regarding form of NUQUEST letter. | 0.10 | 640.00 | $64.00 |
| 08/09/11 | JIS | Telephone conference with E. Schwarz regarding status of award spread sheets. | 0.10 | 640.00 | $64.00 |
| 08/10/11 | JIS | Conference call with State Court Counsel regarding distributions, etc. | 0.80 | 640.00 | $512.00 |
| 08/10/11 | JIS | Email to Schwarz regarding redistribution of excess. | 0.10 | 640.00 | $64.00 |

| 08/10/11 | JIS | Revise Bettinelli letter. | 0.10 | 640.00 | $64.00 |
| 08/10/11 | JIS | Return call to JP regarding claim. | 0.10 | 640.00 | $64.00 |
| 08/10/11 | JIS | Review top level revenue/deduct charts and forward to State Court Counsel (2 emails). | 0.40 | 640.00 | $256.00 |
| 08/10/11 | JIS | Revise award letter for KP Allocation Pool II. | 0.20 | 640.00 | $128.00 |
| 08/10/11 | JIS | Preparation of award materials for Valcarce pool. | 0.30 | 640.00 | $192.00 |
| 08/10/11 | JIS | Forward preference settlement proposals. | 0.10 | 640.00 | $64.00 |
| 08/10/11 | JIS | Review email from WB regarding status of awards and email to Roosa/Manly regarding same. | 0.20 | 640.00 | $128.00 |
| 08/10/11 | JIS | Review spreadsheets regarding awards and email to state court counsel. | 0.50 | 640.00 | $320.00 |
| 08/10/11 | JIS | Review Jesuits non-monetaries regarding document disclosure. | 0.40 | 640.00 | $256.00 |
| 08/11/11 | JIS | Telephone conference with J. Valcarce regarding allocations and email regarding same. | 0.10 | 640.00 | $64.00 |
| 08/11/11 | JIS | Send emails to State Court Counsel with pool awards. | 1.20 | 640.00 | $768.00 |
| 08/11/11 | JIS | Conference call with E. Schwarz and K. Pflaumer regarding allocations. | 0.60 | 640.00 | $384.00 |
| 08/11/11 | JIS | Telephone conference with E. Schwarz regarding spreadsheets. | 0.20 | 640.00 | $128.00 |
| 08/11/11 | JIS | Telephone conference with K. Pflaumer regarding claims evaluation issues. | 0.60 | 640.00 | $384.00 |
| 08/12/11 | JIS | Telephone conference with E. Schwarz regarding claims awards spreadsheet. | 0.30 | 640.00 | $192.00 |

|  | **Task Code Total** |  | **20.70** |  | **$13,248.00** |

|  | **Total professional services:** |  | 60.50 |  | **$33,049.00** |

### Costs Advanced:

| 06/01/2011 | CC | Conference Call [E105] AT&T Conference Call, JIS | $20.54 |
| 06/13/2011 | CC | Conference Call [E105] AT&T Conference Call, JLK | $8.70 |
| 06/14/2011 | CC | Conference Call [E105] AT&T Conference Call, JIS | $5.25 |
| 06/15/2011 | CC | Conference Call [E105] AT&T Conference Call, JIS | $24.80 |
| 06/15/2011 | CC | Conference Call [E105] AT&T Conference Call, JIS | $2.40 |
| 06/22/2011 | CC | Conference Call [E105] AT&T Conference Call, JIS | $13.83 |
| 06/22/2011 | CC | Conference Call [E105] AT&T Conference Call, JIS | $0.66 |
| 06/24/2011 | AF | Air Fare [E110] United Airlines, Tkt 01686606734676, LAX/Portland/Philadelphia (Split w/ Wilmington Diocese) JIS | $1,154.80 |
| 06/24/2011 | TE | Travel Expense [E110] Travel Agency Fee, JIS | $30.00 |
| 06/25/2011 | TE | Travel Expense [E110] Airflight Insurance, JIS | $14.99 |
| 06/29/2011 | CC | Conference Call [E105] AT&T Conference Call, JIS | $24.01 |
| 06/29/2011 | CC | Conference Call [E105] AT&T Conference Call, JIS | $8.86 |
| 07/01/2011 | PAC | 46352.00002 PACER Charges for 07-01-11 | $34.32 |
| 07/05/2011 | PAC | 46352.00002 PACER Charges for 07-05-11 | $2.40 |

| | | | |
|---|---|---|---|
| 07/05/2011 | TE | Travel Expense [E110] JIS Travel to Portland, various expenses for taxi, hotels and tips etc. (LA-pc) | $75.00 |
| 07/06/2011 | PAC | 46352.00002 PACER Charges for 07-06-11 | $9.44 |
| 07/06/2011 | PO | 46352.00002 :Postage Charges for 07-06-11 | $2.48 |
| 07/06/2011 | RE2 | SCAN/COPY ( 50 @0.10 PER PG) | $5.00 |
| 07/07/2011 | RE2 | SCAN/COPY ( 50 @0.10 PER PG) | $5.00 |
| 07/07/2011 | RE2 | SCAN/COPY ( 110 @0.10 PER PG) | $11.00 |
| 07/07/2011 | RE2 | SCAN/COPY ( 110 @0.10 PER PG) | $11.00 |
| 07/07/2011 | RE2 | SCAN/COPY ( 130 @0.10 PER PG) | $13.00 |
| 07/08/2011 | PAC | 46352.00002 PACER Charges for 07-08-11 | $0.80 |
| 07/11/2011 | PAC | 46352.00002 PACER Charges for 07-11-11 | $7.60 |
| 07/12/2011 | PAC | 46352.00002 PACER Charges for 07-12-11 | $1.36 |
| 07/12/2011 | RE2 | SCAN/COPY ( 10 @0.10 PER PG) | $1.00 |
| 07/12/2011 | RE2 | SCAN/COPY ( 10 @0.10 PER PG) | $1.00 |
| 07/12/2011 | RE2 | SCAN/COPY ( 10 @0.10 PER PG) | $1.00 |
| 07/12/2011 | RE2 | SCAN/COPY ( 14 @0.10 PER PG) | $1.40 |
| 07/12/2011 | RE2 | SCAN/COPY ( 40 @0.10 PER PG) | $4.00 |
| 07/12/2011 | RE2 | SCAN/COPY ( 62 @0.10 PER PG) | $6.20 |
| 07/12/2011 | RE2 | SCAN/COPY ( 105 @0.10 PER PG) | $10.50 |
| 07/12/2011 | SO | Secretarial Overtime, D. Hinojosa | $158.08 |
| 07/13/2011 | PAC | 46352.00002 PACER Charges for 07-13-11 | $0.96 |
| 07/13/2011 | PO | Postage [E108] | $14.08 |
| 07/13/2011 | PO | Postage [E108] | $1.08 |
| 07/13/2011 | RE | ( 96 @0.20 PER PG) | $19.20 |
| 07/13/2011 | RE2 | SCAN/COPY ( 3 @0.10 PER PG) | $0.30 |
| 07/13/2011 | RE2 | SCAN/COPY ( 8 @0.10 PER PG) | $0.80 |
| 07/13/2011 | RE2 | SCAN/COPY ( 23 @0.10 PER PG) | $2.30 |
| 07/13/2011 | RE2 | SCAN/COPY ( 49 @0.10 PER PG) | $4.90 |
| 07/13/2011 | RE2 | SCAN/COPY ( 437 @0.10 PER PG) | $43.70 |
| 07/14/2011 | PAC | 46352.00002 PACER Charges for 07-14-11 | $0.56 |
| 07/14/2011 | RE2 | SCAN/COPY ( 43 @0.10 PER PG) | $4.30 |
| 07/14/2011 | RE2 | SCAN/COPY ( 95 @0.10 PER PG) | $9.50 |
| 07/15/2011 | PAC | 46352.00002 PACER Charges for 07-15-11 | $8.00 |
| 07/15/2011 | PO | Postage [E108] | $14.08 |
| 07/15/2011 | RE2 | SCAN/COPY ( 23 @0.10 PER PG) | $2.30 |
| 07/15/2011 | RE2 | SCAN/COPY ( 368 @0.10 PER PG) | $36.80 |
| 07/15/2011 | TE | Travel Expense [E110] T. A., travel expense re Portland, OR 7/6 Committee Meeting, JIS | $463.31 |
| 07/18/2011 | PAC | 46352.00002 PACER Charges for 07-18-11 | $4.08 |
| 07/18/2011 | RE2 | SCAN/COPY ( 105 @0.10 PER PG) | $10.50 |
| 07/18/2011 | RE2 | SCAN/COPY ( 210 @0.10 PER PG) | $21.00 |
| 07/19/2011 | PAC | 46352.00002 PACER Charges for 07-19-11 | $22.08 |
| 07/19/2011 | RE2 | SCAN/COPY ( 38 @0.10 PER PG) | $3.80 |

| | | | |
|---|---|---|---:|
| 07/19/2011 | RE2 | SCAN/COPY ( 38 @0.10 PER PG) | $3.80 |
| 07/20/2011 | FE | 46352.00002 FedEx Charges for 07-20-11 | $14.67 |
| 07/20/2011 | FX | (DOC 3 @1.00 PER PG) | $3.00 |
| 07/20/2011 | IF | Incoming Faxes [E104] JIS | $0.20 |
| 07/20/2011 | PAC | 46352.00002 PACER Charges for 07-20-11 | $3.76 |
| 07/21/2011 | PAC | 46352.00002 PACER Charges for 07-21-11 | $0.64 |
| 07/21/2011 | PO | 46352.00002 :Postage Charges for 07-21-11 | $1.32 |
| 07/21/2011 | PO | 46352.00002 :Postage Charges for 07-21-11 | $0.64 |
| 07/21/2011 | PO | 46352.00002 :Postage Charges for 07-21-11 | $0.44 |
| 07/22/2011 | FE | 46352.00002 FedEx Charges for 07-22-11 | $13.87 |
| 07/22/2011 | PAC | 46352.00002 PACER Charges for 07-22-11 | $2.08 |
| 07/22/2011 | PO | 46352.00002 :Postage Charges for 07-22-11 | $0.44 |
| 07/22/2011 | PO | 46352.00002 :Postage Charges for 07-22-11 | $0.44 |
| 07/22/2011 | PO | 46352.00002 :Postage Charges for 07-22-11 | $5.20 |
| 07/22/2011 | PO | Postage [E108] SF MAIL LOG | $0.44 |
| 07/22/2011 | RE | ( 13 @0.20 PER PG) | $2.60 |
| 07/22/2011 | RE2 | SCAN/COPY ( 60 @0.10 PER PG) | $6.00 |
| 07/22/2011 | RE2 | SCAN/COPY ( 93 @0.10 PER PG) | $9.30 |
| 07/22/2011 | RE2 | SCAN/COPY ( 104 @0.10 PER PG) | $10.40 |
| 07/22/2011 | RE2 | SCAN/COPY ( 183 @0.10 PER PG) | $18.30 |
| 07/25/2011 | PAC | 46352.00002 PACER Charges for 07-25-11 | $2.40 |
| 07/25/2011 | RE | ( 1223 @0.20 PER PG) | $244.60 |
| 07/25/2011 | RE2 | SCAN/COPY ( 26 @0.10 PER PG) | $2.60 |
| 07/25/2011 | WL | 46352.00002 Westlaw Charges for 07-25-11 | $909.18 |
| 07/26/2011 | FX | (DOC 6 @1.00 PER PG) | $6.00 |
| 07/26/2011 | PAC | 46352.00002 PACER Charges for 07-26-11 | $17.52 |
| 07/26/2011 | PO | 46352.00002 :Postage Charges for 07-26-11 | $0.88 |
| 07/26/2011 | RE2 | SCAN/COPY ( 34 @0.10 PER PG) | $3.40 |
| 07/26/2011 | RE2 | SCAN/COPY ( 68 @0.10 PER PG) | $6.80 |
| 07/26/2011 | WL | 46352.00002 Westlaw Charges for 07-26-11 | $703.52 |
| 07/27/2011 | FE | 46352.00002 FedEx Charges for 07-27-11 | $11.51 |
| 07/27/2011 | PAC | 46352.00002 PACER Charges for 07-27-11 | $7.12 |
| 07/27/2011 | PO | Postage [E108] SF MAIL LOG | $1.48 |
| 07/28/2011 | PAC | 46352.00002 PACER Charges for 07-28-11 | $1.36 |
| 07/28/2011 | PO | Postage [E108] SF MAIL LOG | $0.44 |
| 07/29/2011 | PAC | 46352.00002 PACER Charges for 07-29-11 | $8.40 |
| 08/01/2011 | RE | ( 604 @0.20 PER PG) | $120.80 |
| 08/03/2011 | RE | ( 11 @0.20 PER PG) | $2.20 |
| 08/03/2011 | RE | ( 132 @0.20 PER PG) | $26.40 |
| 08/03/2011 | RE2 | SCAN/COPY ( 66 @0.10 PER PG) | $6.60 |
| 08/03/2011 | RE2 | SCAN/COPY ( 114 @0.10 PER PG) | $11.40 |
| 08/03/2011 | RE2 | SCAN/COPY ( 298 @0.10 PER PG) | $29.80 |
| 08/03/2011 | SO | Secretarial Overtime, D. Hinojosa | $63.23 |

08/09/2011        PO          Postage [E108] SF MAIL LOG                                      $2.56

Total Expenses:                                      **$4,645.79**

## Summary:

| | | |
|---|---|---|
| Total professional services | $33,049.00 | |
| Total expenses | $4,645.79 | |
| **Net current charges** | $37,694.79 | |
| | | |
| Net balance forward | $1,263,105.95 | |
| **Total balance now due** | $1,300,800.74 | |

| | | | | |
|---|---|---|---|---|
| GNB | Brown, Gillian N. | 6.80 | 550.00 | $3,740.00 |
| JIS | Stang, James I. | 21.60 | 640.00 | $13,824.00 |
| KLS | Suk, Kati L. | 6.20 | 200.00 | $1,240.00 |
| PME | Egan, Pamela M | 25.90 | 550.00 | $14,245.00 |
| | | 60.50 | | $33,049.00 |

## Task Code Summary

| | | Hours | Amount |
|---|---|---|---|
| AC | Avoidance Actions | 32.40 | $16,639.00 |
| CA | Case Administration [B110] | 0.30 | $165.00 |
| CO | Claims Admin/Objections[B310] | 0.70 | $448.00 |
| CP | Compensation Prof. [B160] | 5.10 | $1,834.00 |
| CPO | Comp. of Prof./Others | 1.00 | $550.00 |
| NB | Non-Bankruptcy | 0.30 | $165.00 |
| PD | Plan & Disclosure Stmt. [B320] | 20.70 | $13,248.00 |
| | | 60.50 | $33,049.00 |

## Expense Code Summary

| | |
|---|---|
| Air Fare [E110] | $1,154.80 |
| Conference Call [E105] | $109.05 |
| Federal Express [E108] | $40.05 |
| Fax Transmittal [E104] | $9.00 |
| Incoming Faxes [E104] | $0.20 |
| Pacer - Court Research | $134.88 |
| Postage [E108] | $46.00 |
| Reproduction Expense [E101] | $415.80 |
| Reproduction/ Scan Copy | $318.70 |
| Overtime | $221.31 |
| Travel Expense [E110] | $583.30 |
| Westlaw - Legal Research [E106 | $1,612.70 |
| | $4,645.79 |

| Date of Application (Dkt No.) | Amount Requested | | Amount Allowed | | Amount Received | | Payment Source |
|---|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses | |
| 6/15/09 (294) | $89,541.00 | $10,331.37 | $71,632.80 | $10,331.37 | $89,541.00 | $10,331.37 | Estate |
| 7/15/09 (369) | $95,082.00 | $3,716.93 | $76,065.60 | $3,716.93 | $95,082.00 | $3,716.93 | Estate |
| 8/14/09 (431) | $66,904.00 | $10,051.48 | $53,523.20 | $10,051.48 | $66,904.00 | $10,051.48 | Estate |
| 9/15/09 (476) | $81,503.00 | $3,284.50 | $65,202.40 | $3,284.50 | $81,503.00 | $3,284.50 | Estate |
| 10/15/09 (505) | $82,279.75 | $4,111.05 | $65,823.80 | $4,111.05 | $82,279.75 | $4,111.05 | Estate |
| 11/13/09 (549) | $77,499.00 | $6,072.54 | $61,999.20 | $6,072.54 | $77,499.00 | $6,072.54 | Estate |
| 12/15/09 (569) | $28,966.50 | $1,366.07 | $23,173.20 | $1,366.07 | $7,302.78 | $1,366.07 | Estate |
| 1/15/10 (618) | $67,675.00 | $1,837.82 | $54,140.00 | $1,837.82 | $30,293.18 | $1,837.82 | Estate |
| 2/12/10 (644) | $175,173.50 | $14,217.11 | $140,138.80 | $14,217.11 | $28,892.23 | $14,217.11 | Estate |
| 3/15/10 (693) | $166,105.50 | $11,745.07 | $132,884.40 | $11,745.07 | $43,450.04 | $11,745.07 | Estate |
| 4/15/10 (731) | $145,527.00 | $16,926.60 | $116,421.60 | $16,926.60 | $20,673.46 | $16,926.60 | Estate |
| 5/14/10 (765) | $81,538.00 | $11,690.85 | $65,230.40 | $11,690.85 | $0.00 | $0.00 | |
| 6/15/10 (808) | $71,113.00 | $16,071.20 | $56,890.40 | $16,071.20 | $0.00 | $0.00 | |
| 7/15/10 (837) | $52,564.50 | $8,568.70 | $42,051.60 | $8,568.70 | $0.00 | $0.00 | |
| 8/16/10 (893) | $52,471.50 | $6,951.27 | $41,977.20 | $6,951.27 | $18,713.17 | $6,130.89 | Estate |
| 9/14/10 (919) | $127,463.00 | $2,601.58 | $101,970.40 | $2,601.58 | $43,973.82 | $2,601.58 | Estate |
| 10/14/10 (948) | $119,005.00 | $25,307.15 | $95,204.00 | $25,307.15 | $28,489.00 | $25,307.15 | Estate |
| 11/15/10 (975) | $34,217.50 | $7,048.56 | $27,374.00 | $7,048.56 | $29,130.20 | $7,048.56 | Estate |
| 12/13/10 (985) | $32,138.50 | $2,158.05 | $25,710.80 | $2,158.05 | $18,640.88 | $2,158.05 | Estate |
| 1/14/11 (1003) | $23,166.50 | $5,070.53 | $18,533.20 | $5,070.53 | $0.00 | $0.00 | |
| 2/8/11 (1014) | $33,964.50 | $7,888.89 | $27,171.60 | $7,888.89 | $25,307.30 | $7,888.89 | Estate |
| 3/10/11 (1072) | $84,444.00 | $3,963.37 | $67,555.20 | $3,963.37 | $44,244.55 | $3,963.37 | Estate |
| 4/15/11 (1116) | $99,386.00 | $18,310.80 | $79,508.80 | $18,310.80 | $20,152.02 | $18,310.80 | Estate |
| 5/11/11 (1158) | $28,084.00 | $1,829.86 | $22,467.20 | $1,829.86 | $11,982.86 | $1,829.86 | Estate |
| 6/10/11 (1216) | $29,121.50 | $5,234.68 | $23,297.20 | $5,234.68 | $0.00 | $0.00 | |
| 7/13/11 (1306) | $36,262.00 | $4,035.72 | $29,009.60 | $4,035.72 | $0.00 | $3,053.63 | Estate |
| 8/11/11 (1341/1342) | $65,684.50 | $450.02 | $52,547.60 | $450.02 | $0.00 | $0.00 | |
| **TOTALS:** | **$2,046,880.25** | **$210,841.77** | **$1,637,504.20** | **$210,841.77** | **$864,054.24** | **$161,953.32** | |

PACHULSKI STANG ZIEHL JONES LLP
150 CALIFORNIA STREET, 15TH FLOOR
SAN FRANCISCO, CA 94111
415-263-7000

SF_78046v1

Case 09-30938-elp11    Doc 1385    Filed 09/13/11

# Schedule E
## Summary of Compensation Requested

| Timekeeper | Billing Rate | Hours | $ Amount |
|---|---|---|---|
| Barton, David J. | 640 | 0.90 | 576.00 |
| Bass, John F. | 150 | 459 | 68,850.00 |
| Bass, John F. | 160 | 260.2 | 41,632.00 |
| Brandt, Gina F. | 525 | 51.5 | 27,037.50 |
| Brandt, Gina F. | 550 | 125.4 | 68,970.00 |
| Brandt, Gina F. | 575 | 0.1 | 57.50 |
| Brandt, Gina F. | 595 | 17.3 | 10,293.50 |
| Brown, Gillian N. | 475 | 11.4 | 5,415.00 |
| Brown, Gillian N. | 495 | 55.2 | 27,324.00 |
| Brown, Gillian N. | 515 | 48.3 | 24,874.50 |
| Brown, Gillian N. | 550 | 96 | 52,800.00 |
| Brown, Kenneth H. | 640 | 73.7 | 47,168.00 |
| Caine, Andrew W. | 640 | 0.2 | 128.00 |
| Dassa, Beth D. | 225 | 30.5 | 6,862.50 |
| Dassa, Beth D. | 255 | 8.7 | 2,218.50 |
| De Leon, Anna L. | 150 | 99.6 | 14,940.00 |
| Disse, Werner | 495 | 1.5 | 742.50 |
| Downing, Virginia L. | 150 | 3.5 | 525.00 |
| Egan, Pamela M | 495 | 106.2 | 52,321.50 |
| Egan, Pamela M | 515 | 531.3 | 273,619.50 |
| Egan, Pamela M | 525 | 10.5 | 5,512.50 |
| Egan, Pamela M | 550 | 83.7 | 46,035.00 |
| Forrester, Leslie A. | 250 | 17.9 | 4,475.00 |
| Forrester, Leslie A. | 260 | 13.8 | 3,588.00 |
| Forrester, Leslie A. | 275 | 3.6 | 990.00 |
| Goldich, Stanley E. | 640 | 27.6 | 17,664.00 |
| Grassgreen, Debra I. | 640 | 0.4 | 256.00 |
| Haney, Julia F. | 150 | 274 | 41,100.00 |
| Harrison, Felice S. | 225 | 36.1 | 8,122.50 |
| Harrison, Felice S. | 235 | 22.2 | 5,217.00 |
| Harrison, Felice S. | 255 | 1.1 | 280.50 |
| Hinojosa, Diane H. | 150 | 78.4 | 11,760.00 |
| Hochman, Harry D. | 575 | 29.3 | 16,847.50 |
| Hochman, Harry D. | 595 | 7.8 | 4,641.00 |
| Hong, Nina L. | 550 | 46 | 25,300.00 |
| Hunter, James K. T. | 640 | 33.6 | 21,504.00 |
| Kahn, Steven J. | 640 | 6.6 | 4,224.00 |
| Kapur, Teddy M. | 425 | 0.5 | 212.50 |
| Kapur, Teddy M. | 450 | 49.7 | 22,365.00 |
| Kharasch, Ira D. | 640 | 2.3 | 1,472.00 |

**PAGE 1 - SCHEDULE E TO PSZJ FINAL FEE APP**

PACHULSKI STANG ZIEHL JONES LLP
150 CALIFORNIA STREET, 15TH FLOOR
SAN FRANCISCO, CA 94111
415-263-7000

SF_78046v1

Case 09-30938-elp11    Doc 1385    Filed 09/13/11

## CERTIFICATE OF SERVICE

I, Adriana Zaragoza, declare as follows:

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and am not a party to this action. My business address is 150 California Street, 15th Floor, San Francisco, California.

I certify that on September 13, 2011, I served, **via first class mail,** a full and correct copy of the foregoing ***Application for Final Compensation by Pachulski Stang Ziehl & Jones LLP*** on the parties of record, addressed as follows:

**See attached service list.**

I also certify that on September 13, 2011, I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on September 13, 2011, at San Francisco, California.

_____/s/_____
Adriana Zaragoza

Michel Yves Horton
Paul A. Richler
David Sean Cox
Morgan, Lewis & Bockius LLP
300 South Grand Ave, 22nd Fl.
Los Angeles, CA 90071-3132

Securities and Exchange Commission
SEC Headquarters
100 F Street, NE
Washington, DC 20549

Michelle Menely
Gordon Thomas Honeywell Malanca Peterson
600 University Street, Suite 2100
Seattle, WA 98101-4185

Various unsecured tort claimant creditors
ANDREW M CHASAN
Chasan & Walton
POB 1069
Boise, ID 83701

Cormac Brissett
Loyola Jesuit House
6234 North Kenmore Avenue
Chicago, IL 60660-2101

Society of Jesus, Rome
c/o Robert E. Ganja
The Northern Trust Co of Illinois
50 S. LaSalle Street
Chicago, IL 60675

Jesuit Conference, Inc.
Rev. Thomas P. Gaunt, S.J.
1016 – 16th St. NW, Suite 400
Washington, DC 20036

Frederick J Odsen
James M. Gorski
Hughes Pfiffner Gorski Seedorf & Odsen
3900 C Street, Suite 1001
Anchorage, AK 99503

David Henderson
P.O. Box 2441
135 Ridgecrest
Bethel, AK 99559

Florence Kenney, Eric Olson
Ken Roosa
Cooke Roosa LLC
3700 Jewel Lake Road
Anchorage, AK 99502

John C. Manly
Rebecca L. Rhoades
Manly & Stewart
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660

Delores Kilongak
Jim Valcarce
Valcarce Law Office, LLC
P.O. Box 409
900 3rd Avenue
Bethel, AK 99559

H. Douglas Spruance III
Feltman, Gebhardt Greer & Zeimantz
1400 Paulsen Center
421 West Riverside Avenue
Spokane, WA 99201

Sean E. Brown
Power and Brown, LLC
PO Box 1809
Bethel, AK 99559

Various Unsecured Tort Claimant Creditors,
including FV, GV and JV
Joseph A Blumel
4407 N Division St #900
Spokane, WA 99207

Kasey C. Nye
Quarles & Brady LLP
One S. Church Street, Suite 1700
Tucson, Arizona 85701

Julio K. Morales
Morales Law Office
212 W. Spruce Street
Missoula, MT 59802

Charlene Rae Sam
c/o John D. Allison
Eymann Allison Hunter Jones
2208 West Second Ave.
Spokane, WA 99201

Counsel for Certain State Court Plaintiffs,
Creditors of the Debtors
Breck Barton
Breck Barton & Associates P.A.
P.O. Box 100
Rexburg, ID 83440

SOJ – Wisconsin Province
Ray F. Clary
Etter McMahon Lamberson Clary
Bank of Whitman Bldg. #210
618 West Riverside
Spokane, WA 99201

Roger Hotrum
Doc #923581
POB 2049
Airway Heights, WA 99001

Jerome Darrell Akles
213 SE 192nd Ave. #104
Portland, OR 97233

Mr. Cormac Brissett
P.O. Box 98
St. Crois Falls, WI 54024

DOCS_SF:78183.1 46352-002